1  Lori E. Andrus (SBN 205816)
   Micha Star Liberty (SBN 215687)
2  Jennie Lee Anderson (SBN 203586)
   ANDRUS LIBERTY & ANDERSON LLP
3  1438 Market Street
   San Francisco, CA 94102
4  Telephone: (415) 896-1000
   Facsimile: (415) 896-2249
5  lori@libertylaw.com
   micha@libertylaw.com
6  jennie@libertylaw.com

7  *Attorneys for Plaintiff and the Proposed Class*

8  (Additional counsel appear on signature page)

9  ROLAND P. REYNOLDS, ESQ., (SBN 150864)
   rreynolds@pfeiferlaw.com
10 ANNABELLE DE LA MORA, ESQ. (SBN 117649)
   adelamora@pfeiferlaw.com
11 PFEIFER & REYNOLDS, LLP
12 765 The City Drive, Suite 380
   Orange, CA 92868
13 Telephone:   (310) 788-3900
   Facsimile:   (310) 388-5416
14
15 Attorneys for Defendants MORTGAGE INVESTORS
   GROUP, INC., and MORTGAGE INVESTORS GROUP,
16 A General Partnership

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAY J. RALSTON, On Behalf Of Himself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MORTGAGE INVESTORS GROUP, INC., MORTGAGE INVESTORS GROUP, a general partnership, AND DOES 1-10,<br><br>Defendants. | Civil Case No.: C 08-00536 JF<br><br>**JOINT RULE 26(f) REPORT** |

Following a conference of counsel on April 23, 2008, Plaintiff Jay J. Ralston and

JOINT RULE 26(F) REPORT

Defendants Mortgage Investors Group Inc., and Mortgage Investors Group, a general partnership, (collectively "Defendant") submit this written report pursuant to Federal Rule of Civil Procedure 26(f).

## INTRODUCTORY STATEMENT

This is a putative state and nationwide class action. Plaintiff filed his complaint on January 24, 2008. The complaint asserts seven causes of action and seeks a variety of legal remedies. The Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, is the basis of the First Cause of Action. The Second, Third, and Seventh Causes of Action are predicated on the California Unfair Competition Law, Business and Professions Code § 17200 *et seq.*, with allegations of unlawful businesses practices predicated on TILA, unfair or fraudulent businesses practices, and unlawful businesses practices predicated on the California Financial Code § 22303, respectively. The Fourth Cause of Action is based upon alleged fraudulent omissions. There is a breach of contract claim (Fifth Cause of Action), and a claim for breach of the implied covenant of good faith and fair dealing (Sixth Cause of Action). On March 28, 2008, Defendants filed a Motion to Dismiss. However, Plaintiff has notified Defendants of his intention to file a First Amended Complaint on or before May 9, 2008, and thus shall render moot the Motion to Dismiss currently on file.

**I.    FACTUAL SUMMARY OR ANALYSIS OF THE CASE**

    **A.    PLAINTIFF'S STATEMENT**

Plaintiff, individually and on behalf of class members, alleges that Defendants failed to make adequate disclosures in violation of the TILA, in connection with the Option ARM home loans Defendants sold to Plaintiff and other consumers. Class members include individuals who received an Option ARM loan through Defendants on their primary residence between January 24, 2004 and January 24, 2008.

Plaintiff alleges that Defendants violated TILA by failing to make required disclosures regarding the terms and conditions of the Option ARM loans they sell. TILA requires all lenders, including Defendants, to make certain disclosures to borrowers concerning the terms and conditions of their home loans in a clear and conspicuous manner. Plaintiff alleges that

- 2 -

1  Defendants failed to clearly and conspicuously disclose in their loan documents and in the
2  federally required TILA disclosure statements: (i) the actual interest rate Defendants charged
3  Plaintiff and consumers on their loans; (ii) the payments on the notes at the initial low interest rate
4  absolutely would result in negative amortization and that the principal balance absolutely would
5  increase as a result; and (iii) that the initial interest rate provided was discounted and does not
6  reflect the actual interest that Plaintiff, and others, were paying on the loans.  Plaintiff seeks the
7  right of rescission, individually and on behalf of the class, under TILA, as well as damages.

8  Plaintiff further alleges that Defendants violated California's UCL.  Plaintiff has alleged
9  three separate causes of action for violations of the UCL (Cal. Bus. & Prof. Code §17200, *et seq.*)
10 One UCL cause of action is premised on the "unlawful" prong of the UCL and is predicated
11 solely on Defendants' failure to comply with TILA.  Another UCL cause of action is premised on
12 the "unfair" and "fraudulent" prongs of Plaintiff's UCL claim; it is based on allegations that
13 Defendants sold deceptive financial products to consumers.  The final UCL cause of action is
14 based on contract law principles.  Plaintiff alleges that the loan agreements, which are the subject
15 of this action, are unconscionable and are therefore in violation of Financial Code § 22302 and
16 the UCL.  Plaintiff seeks restitution and equitable relief on these claims.

17 Lastly, Plaintiff alleges that the Defendants breached the express terms of the written
18 contract entered by and between Plaintiff and Defendants by failing to apply any portion of
19 Plaintiff's loan payments, which were based on the initial low interest rate, to reduce the principal
20 balance on the loan.  Plaintiff seeks damages and/or other equitable relief on these causes of
21 action.

22 **B.    DEFENDANTS' STATEMENT**

23 Plaintiff Jay J. Ralston ("Plaintiff"), on behalf of herself and putative class members has
24 sued his lender Mortgage Investors Group, and a separate entity, Mortgage Investors Group, Inc.
25 which had no connection to the making of the loan. As the loan documents that Plaintiff attached
26 to his complaint and the documents accompanying Defendants' motion to dismiss establish,
27 Plaintiff took out an adjustable rate loan from Mortgage Investors Group which had an adjustable
28 interest rate and gave the Plaintiff the option of making various levels of monthly payments.

1  Plaintiff alleges that in twelve different respects the loans failed to disclose information required
2  by TILA.  Plaintiff also alleges that both the TILA claims and other provisions of the loan
3  violated California's Unfair Competition Law and that Defendants fraudulently omitted facts
4  about the loan and breached the loan contract.

5  Defendants deny each of these claims and also claims that a statue of limitations bars the
6  TILA claim for damages.  Defendants have not yet been served with a First Amended Complaint
7  by Plaintiff.

## II. REPORT ON FRCP 26(f) ISSUES

### A. INITIAL DISCLOSURES

The parties have agreed that initial disclosures will be exchanged pursuant to Federal Rule of Civil Procedure 26(a)(1) within the time prescribed by the Rule.

Because Plaintiff intends to add as defendants subsequent assignees and loan servicers who may also be liable for inadequate disclosures, Plaintiff has advised Defendants that they should identify in their initial disclosures the entities who subsequently serviced or were assigned proposed class members' loans.  Defendant denies it has an obligation under Rule 26 to identify assignees of all of the thousands of loans in the proposed class and all of the loan servicers known to Defendants as part of its initial disclosure.

### B. DISCOVERY

Plaintiff contends that discovery should proceed forthwith.  Discovery sought shall include information relating to subsequent purchasers and assignees of the ARM loans Defendants sold during the class period and discovery pertaining to class certification.  Plaintiff will also seek discovery related to Defendants' loan practices and conduct in connection with the formulation, development, implantation and marketing of the ARM loans at issues.  Plaintiff contends that there is no reason for discovery to be conducted in phases.

Defendants contend that discovery as to class certification issues may proceed forthwith. Defendants position is that it is inequitable to impose the high cost and burden on Defendants of classwide discovery when: 1) the pleadings have not been finalized and Plaintiff has not even

filed its First Amended Complaint and 2) the possibility that a class will be certified is highly speculative given that not a single Court of Appeal nationwide has certified a class for rescission under TILA in these circumstances.

The parties' respective proposed discovery schedules are as follows:

| Event | Plaintiff's Proposed Schedule | Defendants' Proposed Schedule |
| --- | --- | --- |
| Phase I Class Certification Discovery Cut-off | Plaintiff objects to phased discovery on the ground that it would be inefficient. | December 1, 2008 |
| File Motion for Class Certification | December 15, 2008 | December 15, 2008 |
| Defendants' Opposition to Motion for Class Certification | | January 15, 2009 |
| Phase II Merit Discovery Commences | Plaintiff objects to phased discovery on the ground that it would be inefficient. | January 31, 2009 |
| Plaintiff's Reply in Support of Motion for Class Certification | February 16, 2009 | January 30, 2009 |
| Non-Expert Discovery Cut-off | February 27, 2009 | July 31, 2009 |
| Expert Witness Disclosure | March 31, 2009 | August 17, 2009 |
| Expert Discovery Cut-off | May 29, 2009 | November 12, 2009 |
| Dispositive and Discovery Motions | May 29, 2009 | November 12, 2009 |
| Pretrial Conference | July 10, 2009 | January 11, 2010 |

**C.    DISCOVERY OF ELECTRONICALLY STORED INFORMATION**

Plaintiff has proposed an electronic discovery protocol and has attempted to meet and confer regarding an informal exchange of information related to Defendants' electronically stored information and production thereof in lieu of depositions pursuant to Federal Rule of Civil

- 5 -

1  Procedure 30(b)(3).  Defendants will respond to Plaintiff's proposal regarding an informal
2  exchange of electronically stored information.  Further, the parties anticipate the need for a
3  confidentiality order and shall meet and confer over a Stipulated Protective Order.

4      **D.**    **PRIVILEGE OR WORK PRODUCT ISSUES**

5      At present, the parties are not aware of any issues relating to claims of privilege or work
6  product.  To the extent such issues arise in the future, the parties will confer to address them and,
7  if necessary, bring them to the attention of the Court.

8      **E.**    **LIMITATIONS ON DISCOVERY**

9      Discovery should be conducted in accordance with the Federal Rules of Civil Procedure.
10  Defendants request a maximum of 25 depositions including depositions of Plaintiffs and any
11  mortgage brokers and other potential witnesses. Defendants request that the parties be permitted
12  to serve 50 interrogatories.

13      **F.**    **OTHER ORDERS**

14      At present, the parties do not propose that this Court enter any other orders pursuant to
15  FRCP 16 or 26(c).

16
17
18
19
20
21
22
23
24
25
26
27
28

| | |
|---|---|
| DATE: May 6, 2008 | ANDRUS LIBERTY & ANDERSON LLP |
| | By: ___*/s/ Micha Star Liberty*___ |
| | Micha Star Liberty |
| | |
| | Lori E. Andrus (SBN 205816) |
| | Micha Star Liberty (SBN 215687) |
| | Jennie Lee Anderson (SBN 203586) |
| | 1438 Market Street |
| | San Francisco, CA  94102 |
| | Telephone: (415) 896-1000 |
| | Facsimile:  (415) 896-2249 |
| | lori@libertylaw.com |
| | micha@libertylaw.com |
| | jennie@libertylaw.com |
| | |
| | David M. Arbogast, Esq. (SBN 167571) |
| | Jeffrey K. Berns (SBN 131351) |
| | ARBOGAST & BERNS LLP |
| | 19510 Ventura Boulevard, Suite 200 |
| | Tarzana, California  91356 |
| | Telephone: (818) 961-2000 |
| | Facsimile: (818) 867-4820 |
| | jberns@jeffbernslaw.com |
| | |
| | Paul R. Kiesel, Esq. (SBN 119854) |
| | Patrick DeBlase, Esq. (SBN 167138) |
| | Michael C. Eyerly, Esq. (SBN 178693) |
| | KIESEL BOUCHER LARSON LLP |
| | 8648 Wilshire Boulevard |
| | Beverly Hills, California 90211 |
| | Telephone: (310) 854-4444 |
| | Facsimile: (310) 854-0812 |
| | kiesel@kbla.com |
| | deblase@kbla.com |
| | eyerly@kbla.com |
| | |
| | *Attorneys for Plaintiff and the Class* |
| | |
| Dated: May 6, 2008 | PFEIFER & REYNOLDS, LLP |
| | |
| | By:    ___*/s/ Roland P. Reynolds*___ |
| | ROLAND P. REYNOLDS, Esq. |
| | Attorneys for Defendants MORTGAGE |
| | INVESTORS GROUP, INC. and |
| | MORTGAGE INVESTORS GROUP |

- 7 -

**ECF CERTIFICATION**

Pursuant to General Order No. 45, § X.B., the filing attorney attests that she has obtained concurrence regarding the filing of this document from the signatories to the document.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2008, I electronically filed the parties' Joint Rule 26(f) Report using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  May 6, 2008                                                        */s/ Micha Star Liberty*
                                                                                              Micha Star Liberty

ANDRUS LIBERTY & ANDERSON LLP
1438 Market Street
San Francisco, CA  94102
Telephone:  (415) 896-1000
Facsimile:  (415) 896-2249
micha@libertylaw.com

- 9 -