LORI E. ANDRUS (SBN 205816)
MICHA STAR LIBERTY (SBN 215687)
JENNIE LEE ANDERSON (SBN 203586)
ANDRUS LIBERTY & ANDERSON LLP
1438 Market Street
San Francisco, CA 94102
Telephone: (415) 896-1000
Fax: (415) 896-2249
lori@libertylaw.com
micha@libertylaw.com
Jennie@libertylaw.com

*Attorneys for Plaintiff and the Proposed Class*
(Additional counsel appear on signature page)

ROLAND P. REYNOLDS, ESQ., (SBN 150864)
ANNABELLE DE LA MORA, ESQ. (SBN 117649)
PFEIFER & REYNOLDS, LLP
765 The City Drive, Suite 380
Orange, CA 92868
Telephone: (310) 788-3900
Fax: (310) 388-5416
rreynolds@pfeiferlaw.com
adelamora@pfeiferlaw.com

Attorneys for Defendants MORTGAGE INVESTORS GROUP, INC., and MORTGAGE INVESTORS GROUP, A General Partnership

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAY J. RALSTON, On Behalf Of Himself And All Others Similarly Situated;<br><br>Plaintiff,<br>vs.<br><br>MORTGAGE INVESTORS GROUP, INC., MORTGAGE INVESTORS GROUP, a general partnership, and DOES 1-10,<br><br>Defendants. | Civil Case No. CV 08-00536 JF<br><br>**JOINT UPDATED CASE MANAGEMENT STATEMENT**<br><br>DATE: August 15, 2008<br>TIME: 10:30 a.m.<br>Crtrm: 3 |

1

1. <u>Jurisdiction & Service</u>. The Court has subject matter over this civil action under 15 U.S.C. § 1601, et. seq. and 28 U.S.C. § 1331. No issues exist with respect to personal jurisdiction and venue. All named defendants have been served with the summons and complaint and have appeared in the action.

2. <u>Facts</u>.

Plaintiff's Factual Statement

Plaintiff and potentially thousands of similarly situated homeowners ("Class Members") are in imminent threat of losing their homes as a result of the misleading, deceptive and unlawful Option Adjustable Rate Mortgages ("ARM loans") sold to them by Defendants Mortgage Investors Group and Mortgage Investors Group, Inc. ("Defendants" or "MIG"). The ARM loans at issue violate federal law because they fail to clearly and conspicuously disclose certain facts as required by the Truth In Lending Act, 15 U.S.C.§ 1601, et seq. ("TILA"), including truly material facts such as the actual interest rate to be applied to the loans. Defendants' conduct also violates multiple state laws applicable to all entities conducting business in California, including common law governing breach of contract and fraudulent concealment, as well as the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq. ("UCL").

Plaintiff and Class Members allege that they entered into Defendants' ARM loan contracts because the loans purported to offer a low interest rate and set forth a low payment schedule for a period of three to five years. Much to Plaintiff's surprise and detriment, however, the ARM loans in question did not provide the promised low interest rate. Instead, the loans were designed to result in immediate loss of home equity. The low initial "teaser" interest rate increased drastically after only 30 days and the promise of home ownership was undermined by the reality that making payments according to the payment schedule resulted in guaranteed negative amortization. In many cases, the loss of equity has forced home owners to foreclose on their properties.

///

///

Defendants' Factual Statement

Plaintiff Jay J. Ralston refinanced his existing home loan and borrowed $520,00.00 from defendant Mortgage Investors Group, a general partnership. In connection with the making of the loan, Plaintiff executed, among other things, the following documents: Adjustable Rate Note, Adjustable Rate Rider, Deed of Trust, and was provided certain disclosure statements. which fully and correctly disclosed the terms of the loans as required by the detailed scheme created by TILA

The loan made to Plaintiff is of a type referred to as a Pay Option ARM loan. That is, the loan has a variable interest rate, and provides the borrower with different payment options on the loan. Some of those payment options would result in Plaintiff's principal loan balance growing, an effect known as negative amortization. The loan product is a legitimate product that provides the borrower with options on how to make payments on the loan. The loan terms were fully and correctly disclosed, and the loan violates neither TILA nor California state law.

3. Principal Factual Issues In Dispute. Plaintiff claims that despite defendants' legal obligation, defendants failed to clearly and conspicuously disclose and/or actively concealed material information regarding the Option ARM loan to lure Plaintiff into taking a loan that would allegedly result in negative amortization, loss of equity and, in some case foreclosure on borrowers' homes. Defendants deny such allegations, and contend that MIG made all required disclosures to Plaintiff. Further, Defendants deny that Mortgage Investors Group, Inc. made any loan to Plaintiff or otherwise owed any duty to Plaintiff in connection with the making of such loan.

4. Legal Issues. The following are some of the legal issues raised by the initial Complaint:

1. Plaintiff's Statement of Legal Issues:

    a. Whether Defendants' acts and practices violate TILA;

    b. Whether Defendants' breached their contractual obligations to Plaintiff and Class Members;

    c. Whether Defendants allegedly failed to disclose that the interest rate actually charged on these loans was higher than the rate represented;

3

       d.       Whether Defendants failed to disclose the process by which negative amortization occurs, ultimately resulting in the recasting of the payment structure over the remaining lifetime of the loans;

       e.       Whether Defendants' failure to apply Plaintiff's and Class Members' payments to principal as promised in the standardized form Notes constitutes a breach of contract, including a breach of the covenant of good faith and fair dealing;

       f.       Whether Defendants' conduct in immediately raising the interest rate on consumers' loans so that no payments were applied to the principal balance constitutes breach of the covenant of good faith and fair dealing; and

       g.       Whether Plaintiff and Class Members are entitled to rescission.

2.    <u>Defendants' Statement of the Legal Issues:</u>

       a.       Whether plaintiff's claim for damages under the Truth in Lending Act ("TILA") are time barred by the statute of limitations where plaintiff filed this action more than one year after the close of the loan at issue.

       b.       Whether plaintiff's claim for violations of TILA should be dismissed for failure to state a claim where MIG's disclosures concerning the loan at issue complied with TILA and regulation Z.

       c.       Whether plaintiff's second claim for violation of the Unfair Competition Law ("UCL") fails because the predicate TILA violation on which it is based fails; and TILA preempts the UCL;

       d.       Whether plaintiff's third claim for fraudulent omission is not actionable because MIG made all required disclosures;

       e.       Whether plaintiff's fourth claim for violation of the UCL because of unfair or fraudulent practices fails because (1) TILA preempts the allegations of the claim and the TILA claim fails, (2) the claim attempts to improperly challenge and rewrite lawful contracts, and (3) the claim simply has insufficient factual charging allegations;

       f.       Whether plaintiff's fifth claim for breach of contract is not actionable

4

because plaintiff fails to identify any term of the agreement that was breached;

     g. Whether plaintiff's sixth claim for breach of implied covenant is not actionable because there is no special relationship between the parties.

     h. Whether Mortgage Investors Group, Inc. (as distinguished from Mortgage Investors Group, a general partnership) should be dismissed because it did not make the loan in question.

  5. <u>Motions.</u> There is a pending motion to dismiss filed by defendants and set for August 15, 2008. Plaintiff intends to file a motion for class certification as set forth below. Defendants will likely file a motion for summary judgment.

  6. <u>Amendment of Pleadings:</u> Plaintiff intends to add to the action any assignees of the Plaintiff's loan and/or all loans in the proposed class once those parties have been disclosed by Defendants. The Parties have not agreed on a deadline for the addition of those parties.

  7. <u>Evidence Preservation:</u> The Parties will meet and confer pursuant to Federal Rule of Civil Procedure 30(b)(3). Plaintiffs have proposed a protocol for discovery management, and the parties anticipate reaching agreement on the preservation of evidence.

  8. <u>Disclosures:</u> The Parties have made timely initial disclosures as required by Federal Rule of Civil Procedure 26. Plaintiff contends that Defendants' disclosures are deficient, however.

  9. <u>Discovery:</u> Plaintiff has propounded Request for Production of Documents, Set One, and Special Interrogatories, Set One. Defendants responded to the discovery. However, Plaintiff maintains that the discovery responses are deficient.. The parties are meeting and conferring regarding the discovery. The Parties have submitted their proposed discovery plan in their Joint Rule 26(f) Report. The Parties disagree as to whether the discovery should be conducted in phases. Plaintiff and Defendants have provided the Court with their individual proposals for deadlines for discovery in the Joint Rule 26(f) Report.

  10. <u>Class Action:</u> This is a putative class action. In their Joint Rule 26(f) Report, the Parties have set out their respective deadlines for filing and briefing a motion to certify the class.

  11. <u>Related Cases:</u> Presently, none of the cases similar to this case which has been filed meet the requirements of a related case.

12. <u>Relief.</u>: Plaintiff seeks rescission of all loans in the proposed classes; monetary damages; disgorgement of profits made on the loans by defendants; attorneys' fees and costs, and a mandatory injunction requiring defendants to include certain terms in all future ARM loans. Due to the fact that this action is a proposed class action, the amount of damages cannot presently be anticipated. Defendant contends that the measure of damages in the event of liability would vary widely depending on the many theories on which Plaintiff is proceeding. Defendants contend rescission is not available on a class wide basis.

13. <u>Settlement and ADR</u>: The parties have stipulated to participate in a private mediation in place of the parties' initial choice of an ENE. The Court has entered an order approving the stipulation. The Plaintiff contends that cooperation with discovery, including disclosure of the assignees of all ARM loans is necessary in advance of any potential settlement.

14. <u>Consent to Magistrate for All Purposes</u>: The Parties will not consent to a magistrate judge for all purposes.

15. <u>Other References</u>: The case is not suitable for reference.

16. <u>Narrowing of Issues:</u> Presently, the Parties do not anticipate significant narrowing of the issues. Defendant believes that it may be able by agreement to narrow the issue of the involvement or liability of Defendant Mortgage Investors Group, Inc.

17. <u>Expedited Schedule</u>. Given the complexities of the issues and the fact that this action is a proposed class action, the action cannot be handled on an expedited basis.

18. <u>Scheduling:</u> In their Joint Rule 26(f) Report, the Parties have provided the Court with a detailed proposal from the Plaintiff and Defendants on all relevant dates for the scheduling of discovery.

19. <u>Trial</u>. Plaintiff has demanded a trail. Trial is anticipated to last 16 days.

20. Disclosure of Non-party Interested Entities or Persons: All Parties have filed their Certification of Interested Entities or Persons.

///

///

///

| | |
|---|---|
| DATE: August 13, 2008 | ANDRUS LIBERTY & ANDERSON LLP |

By:  /s/ Micha Star Liberty
    Micha Star Liberty

Lori E. Andrus (SBN 205816)
Micha Star Liberty (SBN 215687)
Jennie Lee Anderson (SBN 203586)
1438 Market Street
San Francisco, CA  94102
Telephone:(415) 896-1000
Facsimile: (415) 896-2249
lori@libertylaw.com
micha@libertylaw.com
jennie@libertylaw.com

David M. Arbogast, Esq. (SBN 167571)
Jeffrey K. Berns (SBN 131351)
ARBOGAST & BERNS LLP
19510 Ventura Boulevard, Suite 200
Tarzana, California  91356
Telephone: (818) 961-2000
Facsimile: (818) 867-4820
jberns@jeffbernslaw.com

Paul R. Kiesel, Esq. (SBN 119854)
Patrick DeBlase, Esq. (SBN 167138)
Michael C. Eyerly, Esq. (SBN 178693)
KIESEL BOUCHER LARSON LLP
8648 Wilshire Boulevard
Beverly Hills, California 90211
Telephone: (310) 854-4444
Facsimile: (310) 854-0812
kiesel@kbla.com
deblase@kbla.com
eyerly@kbla.com
*Attorneys for Plaintiff and the Class*

Dated: August 13, 2008        PFEFIER & REYNOLDS, LLP

By:    /s/ Roland P. Reynolds
       ROLAND P. REYNOLDS, Esq.
       Attorneys for Defendants MORTGAGE
       INVESTORS GROUP, INC. and MORTGAGE
       INVESTORS GROUP

7

## ECF CERTIFICATION

Pursuant to General Order No. 45, § X.B., the filing attorney attests that he has obtained concurrence regarding the filing of this document from the signatories to the document.

Dated: August 13, 2008             PFEIFER & REYNOLDS, LLP


                                By:    /s/ Roland P. Reynolds
                                       ROLAND P. REYNOLDS, Esq.
                                       Attorneys for Defendants MORTGAGE
                                       INVESTORS GROUP, INC. and MORTGAGE
                                       INVESTORS GROUP

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2008, I electronically filed the parties Joint Rule 26(f) Report using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

I certify under penalty of perjury under the law of the United States of America that the foregoing is true and correct.

Dated: August 13, 2008                           PFEIFER & REYNOLDS, LLP


                                        By:    /s/ Roland P. Reynolds
                                               ROLAND P. REYNOLDS, Esq.
                                               Attorneys for Defendants MORTGAGE
                                               INVESTORS GROUP, INC. and
                                               MORTGAGE INVESTORS GROUP