Roland P. Reynolds, Esq., SBN 150864
rreynolds@pldlawyers.com
PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017
Telephone: (213) 688-0430
Facsimile: (213) 688-0440

Attorneys for Defendants MORTGAGE INVESTORS GROUP, INC., and MORTGAGE INVESTORS GROUP, a General Partnership

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAY J. RALSTON, On Behalf of Himself And All Others Similarly Situated;<br><br>Plaintiff,<br><br>vs.<br><br>MORTGAGE INVESTORS GROUP, INC., MORTGAGE INVESTORS GROUP, a general partnership, and DOES 1-10,<br><br>Defendants. | Case No. CV 08-00536 JF<br><br>Honorable Jeremy Fogel<br><br>**OPPOSITION OF DEFENDANT MORTGAGE INVESTORS GROUP, A GENERAL PARTNERSHIP, TO PLAINTIFF'S MOTION TO COMPEL FURTHER DISCOVERY RESPONSES**<br><br>Magistrate: Richard Seeborg<br><br>Date: April 22, 2009<br>Time: 9:30 a.m.<br>Courtroom: 4<br><br>Complaint Filed: January 24, 2008 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

MORTGAGE INVESTORS GROUP, a General Partnership[1] ("MIG") hereby submits its Opposition to the Motion to Compel Further Discovery Responses filed by Plaintiff JAY RALSTON ("Plaintiff" or "RALSTON").

## I.   INTRODUCTION

The case at hand concerns certain disclosures that were provided to Plaintiff (and potentially each class member) by their mortgage broker and/or Jay J. Ralston ("Plaintiff") when their Option Adjustable Rate Mortgage ("ARM") loans were originated, processed and/or closed. An Option ARM loan, including the loan products offered by MIG, has an adjustable interest rate, and allows the borrower to make one of several possible payment amounts each month. Typically, there are four payment options including a minimum payment option that can result in deferred interest or negative amortization, an interest-only option that allows for full payment of monthly interest to allow the borrower to avoid deferred interest, and two fully amortized payment options (based on either a 30-year or 15-year loan) that allow the borrower to pay the loan off more quickly by paying down principal and interest. Accordingly, while some borrowers' loans may be negatively amortized, others' loans may be fully amortized, depending on each borrower's payment history and the payment option selected by the borrower each month.

The question raised by Plaintiff's claims on the merits is whether Plaintiff received adequate and appropriate disclosures from MIG, prior to loan funding, regarding the interest rate(s) applicable to his Option ARM loan and the possibility of negative amortization occurring if he were to make payments under the minimum payment option.

The putative classes defined in the First Amended Complaint ("FAC") include a California-only and a nationwide class of "[a]ll individuals who, within the four year period preceding the filing of Plaintiff's Complaint …, received an Option ARM loan through Defendant

---

[1] Plaintiff has been previously informed Mortgage Investors Group, Inc. does not possess or maintain any responsive documents. Plaintiff's discovery requests have only been propounded upon Mortgage Investors Group, a general partnership. Therefore, this motion should only have been directed to Mortgage Investors Group, a general partnership and MIG assumes directing the motion at Mortgage Investors Group, Inc. was Plaintiff error.

OPPOSITION OF DEFENDANT TO PLAINTIFF'S
MOTION TO COMPEL FURTHER DISCOVERY RESPONSES

[MIG] on their primary residence ….." FAC at pg. 11.  Plaintiff does not allege in the FAC, and cannot allege, that each putative class member's loan was negatively amortized.  Importantly, there is no operating pleading at this point.  MIG's Motion to Dismiss was granted in part and no new pleadings have been filed.

Similarly, Plaintiff does not exclude from the class borrowers whose loans have paid off and thus who no longer have a right to rescind their loan and for whom other potential remedies may be foreclosed.  *See, e.g., King v. State of California*, 784 F.2d 910, 913 (9th Cir. 1986).

The parties' current discovery dispute centers on Plaintiff's entitlement to class discovery prior to class certification.  MIG objects to producing class member-specific information prior to certification of a class.  MIG has remained consistent with this position throughout the litigation and stated in its Joint Rule 26(f) Report that its position is that it is inequitable to impose the high cost and burden on Defendant(s) of classwide discovery when the pleadings have not been finalized and the probability that a class will be certified is highly speculative given every that not a single Court of Appeal nationwide has certified a class for rescission under TILA in these circumstances.  (See, Rule 26(f) Report, attached as Exhibit A.)  The flood of dismissals of similar complaints around the country on the pleadings, and in California specifically, have only served to bolster MIG's position.  See Exhibit "B."

The discovery Plaintiff is now seeking does not address class certification issues. Plaintiff's Motion to Compel Further Discovery Responses ("Motion") seeks information that could only be relevant, if at all, to possible resolution of the merits of putative class members' individual claims (and/or enforcement of any relief ordered by the Court after trial).  Therefore it should be denied by the Court.

## II.     BACKGROUND AND HISTORY

MIG has produced thousands of pages of responsive documents to Plaintiff's numerous inspection demands, including every Option ARM loan product type originated by MIG.  MIG has made attempts to address Plaintiff's dissatisfaction with its responses, including (i) addressing Plaintiff's concerns in substance (with detailed explanation of its position); (ii) forwarding further

- 3 -

documents; (iii) and requesting that Plaintiff advise MIG with specificity regarding what additional documents he seeks. However, despite these efforts, Plaintiff has filed his Motion in an attempt to have the Court order the production of documents. Plaintiff argues that the documents this Motion seeks are both 1) relevant; and 2) not burdensome for MIG to produce. While these factors generally provide the basis for resolving a discovery dispute, all parties (as well as the Court) are aware of the special current circumstances of this case; circumstances which make those arguments moot. The specifics of the documents requested take a back seat to the specifics of class certifications and the evolving universe of similar ARM cases currently being litigated.

First, as a threshold issue, it is impracticable for the Court to make a determination as to whether the information and/or documents requested by Plaintiff be produced at this time because, currently, there is no operative pleading. On May 21, 2008, MIG and Mortgage Investors Group, Inc. filed a Motion to Dismiss Plaintiff's First Amended Complaint ("Motion to Dismiss"). A hearing on the Motion to Dismiss was held on August 15, 2008. On March 16, 2009, Judge Jeremy Fogel entered an order (1) Granting in Part and Denying in Part Defendants' Motion to Dismiss with Leave to Amend; and (2) Granting Plaintiff's Motion for Leave to Amend. To date, Plaintiff has not yet filed a Second Amended complaint. Therefore, neither the Court nor MIG could possibly know in what context to analyze which specific documents are required for class certification (and otherwise) at this time.

As the Court is aware, this case is one of more than 40 similar TILA Option ARM putative class actions currently pending in California Federal court against a host of different defendants. Many of these cases have been dismissed at the pleading stage, with many more dismissals expected to be granted. In fact, a Motion to Dismiss was handed down in the Southern District within the last week. (See Exhibit B). Given the fact that no operative pleading exists in this case, along with the increasingly strong likelihood that once an operative pleading is in place it will be dismissed, Plaintiff's Motion is clearly premature, and should be denied by this Court.

Additionally, courts in similarly situated matters involving Option ARM class actions, have already ruled on similar discovery motions, including the case of *Jordan v. Paul Financial LLC*, CV07-04496-SI (N.D. Cal.). The facts of the case at hand are nearly identical to those in

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

*Jordan* (despite Plaintiff's contentions to the contrary).  (See footnote 4, page 7 of Motion.)  MIG respectfully requests that the Court follow the decision made in its District and deny Plaintiff's Motion.

### III. LEGAL ARGUMENT

#### A. There Is Currently No Operative Pleading To Guide Defendant And/Or The Court.

Plaintiff's Motion outlines the long procedural history of this case and the efforts made to meet and confer.  MIG makes no contentions regarding Plaintiff's recitation of the procedural history at this time because the only fact relevant to the parties' discovery dispute is that on March 16, 2009, two days before Plaintiff's Motion was filed, this Court granted (in part) MIG and Mortgage Investor Group, Inc.'s Motion to Dismiss and granted Plaintiff Leave to Amend.  A copy of the Court's order has been attached as Exhibit C.  To date, Plaintiff has not filed an amended complaint.  Without an operative pleading in place, there is no logical or efficient way for MIG to determine the relevancy of the requested documentation, nor is it possible for the Court to decide on same in ruling on Plaintiff's Motion.  Plaintiff's Motion should be denied.

#### B. California Courts Have Heard Nearly Identical Discovery Motions To That Of Plaintiff And Have Denied Said Motions.

California courts handling similar actions have faced motions to compel discovery which are similar, if not nearly identical to the one at issue here.  In *Jordan*, the Plaintiff sought the following information in its Motion to Compel Discovery:

1. The name and contact information of each putative class member to whom defendant sold an ARM during the liability period.

2. The identity of all subsequent purchasers and assignees of ARM loans entered into between defendant and all putative class members.

3. Five randomly-selected loan files for each subsequent purchaser or assignee of the loans at issue; a complete copy of each version of the loan documents defendant used during the liability period; and a copy of each of the loans defendant sold during the liability period.

Defendant in *Jordan* objected to the production of each category of information because

- 5 -

CV08-00536 JF

OPPOSITION OF DEFENDANT TO PLAINTIFF'S
MOTION TO COMPEL FURTHER DISCOVERY RESPONSES

1  the identities of the putative class members, the information possessed by the class members, and
2  the identities of all subsequent purchasers or assignees was not relevant to class certification.
3  With regard to the loan files, Defendant in *Jordan* had agreed to provide a complete copy of each
4  version of its loan documents during the relevant time period, as well as five redacted loan files for
5  borrowers whose loans were assigned to the entity that purchased Plaintiff's loan. [This practice
6  is nearly identical to the production efforts undertaken by MIG in this matter.]

7  In each instance, the Court in *Jordan* <u>denied</u> Plaintiff's requests for documents. With
8  regards to the contact information of each putative class member, the Court ruled that "such a
9  request would not assist Plaintiff in meeting his burden of establishing that class certification is
10 proper." (See Exhibit D.)

11 With regard to the identity of all subsequent purchasers and assignees, the Court stated that
12 while it understood that such subsequent purchasers/assignees may well be liable under Federal
13 law if the class is certified, the Court did not find it necessary for defendant to provide such
14 information before the issue or class certification is determined. The Court ruled it was not
15 relevant to class certification. (See Exhibit D.)

16 Finally, with regard to the randomly selected loan files, the Court found that the production
17 of each version of the defendant's loan documents, as well as the redacted loan files from
18 borrowers whose loans were assigned to the entity that purchased plaintiff's loans were sufficient.
19 The Court ruled said information is sufficient for the purposes of class certification "because all
20 plaintiff will need is a copy of each iteration of defendant's ARM loan documents. The Court
21 does not see how knowledge of which specific type of documents was attached to loans that were
22 later acquired … will be relevant to class certification." (See Exhibit D).

23 Importantly, these three categories of documents are exactly the type of documents
24 Plaintiff is requesting in its current Motion. As in *Jordan*, Plaintiff's requests should be denied.
25 Plaintiff argues in its Motion that *Jordan* can be differentiated from the case at hand because the
26 parties in *Jordan* "agreed to limit initial discovery to issues directly related to class certification."
27 This argument is misplaced. The fact is that the Court's Order in *Jordan*, does not make <u>any</u>
28 <u>reference</u> to the parties voluntarily limiting the discovery to class issues. Therefore, Plaintiff's

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

inference that such a stipulation played a role in the Court's ruling is pure speculation. Plaintiff also attempts to differentiate *Jordan* by stating that 1) Ralston has demonstrated that the subsequent purchasers were "directly involved in crafting the loan terms passed to class members; and 2) Ralston has demonstrated why the sample loans are relevant to class certification. MIG disagrees. The plaintiff in *Jordan* made similar arguments as to why the sample loans were relevant and these arguments did not persuade the court. Additionally, Plaintiff has been given the name of the subsequent purchaser his loan, Countrywide Home Loans, an entity which Plaintiff presumably will be adding as a defendant if and when he files his second amended Complaint. Again, Plaintiff's demands are premature.

Regardless of how Plaintiff attempt to spin it, the uncontroverted reality is that a Judge in the Northern District of California has recently ruled on the exact same categories of documents requested here by Plaintiff and denied each one. MIG requests this Court do the same.

**C.  Plaintiff's Request For Information Regarding Subsequent Purchasers Should Be Denied.**

Plaintiff's Motion seeks any and all documents relating to the identity of any subsequent purchaser or assignee of the Option ARM loans sold by MIG during the relevant time period. Plaintiff's Document Request Nos. 1, 2 and 5 seek loan-specific documents identifying the subsequent purchaser or assignee of each putative class member's loan. MIG has objected to Plaintiff's requests on various grounds set forth in Exhibit E.

In response to Plaintiff's requests, MIG provided Plaintiff with the name of the entity that purchased his loan after funding, Countrywide Home Loans. Plaintiff's request that MIG produce information identifying the assignee or subsequent purchaser of *each* putative class member's loan should be denied.

As with individual borrower information, data regarding the assignment of each putative class member's loan is not relevant to the merits of Plaintiff's individual claim, or whether a class should be certified. Clearly, the finding of any liability on the part of MIG will rest purely on the disclosures received by Mr. Ralston (and subsequent putative class members) at or before loan funding which were events that occurred prior to the assignment or sale of each putative class

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

- 7 -

CV08-00536 JF

OPPOSITION OF DEFENDANT TO PLAINTIFF'S
MOTION TO COMPEL FURTHER DISCOVERY RESPONSES

member's loan. Similarly, subsequent purchaser information does not bear on the question of whether a class can properly be certified in this case. Information regarding the subsequent purchaser and/or assignee of each putative class member's loan does not offer any support as to the questions of whether Plaintiff's claims are typical or if commonality is satisfied. Indeed, the fact that the putative class members' loans were assigned to numerous purchasers and securitized into different loan pools counsels against certification of the putative class as defined in the FAC. Plaintiff already has received permission to add and MIG has produced all of Ralston's loan file.[2]

Second, this action would become extremely complicated and costly if Plaintiff is permitted to bring in all of the subsequent purchasers and/or assignees for each putative class member prior to class certification. There are substantial issues that should be resolved before the Court permits Plaintiff to pursue class discovery. One threshold issue is the scope of assignee liability. Plaintiff's most recent pleading does not allege the basis for a finding of liability against any entity other than MIG. It does not explain plaintiff's theory of liability against the purchaser of Plaintiff's loan. While TILA permits assignee liability in certain circumstances, 15 U.S.C. § 1641(a), (c), the holder in due course doctrine ordinarily bars assignee liability under California law for negotiable instruments. *See* Cal. Com. Code §§ 3302, 3305(b); *Finalco, Inc. v. Roosevelt*, 235 Cal. App. 3d 1301, 1305 (1991). The scope of assignee liability under TILA and California law would more than likely be raised by Countrywide Home Loans, should it be added as a defendant when Plaintiff chooses to amend its complaint.

A second threshold issue that should be resolved prior to involving the purchasers/assignees is class certification. There are numerous reasons why class certification for Plaintiff's liability and damages claims is not appropriate.[3] Indeed in the *Jordan* case, the Court

---

[2] Plaintiff does not have standing to pursue TILA damages or rescission against the subsequent purchasers and assignees of loans other than his own, because he has not been injured by such entities. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

[3] For example, looking at the relief sought by plaintiff alone, case law holds that a right to rescission cannot be awarded on a class basis. *See Andrews v. Chevy Chase Bank, 545 F.3d 570 (7th Cir. 2008).* ; *McKenna v. First Horizon Home Loan Corp.*, 475 F.3d 418, 423 (1st Cir. 2007). Similarly, the damages questions raised by plaintiff's claims are highly individualized. While not clear, plaintiff appears to be seeking actual damages in the form of negative amortization paid by putative class members. As an initial matter, there is no basis to conclude that each putative class member's loan was negatively amortized. Moreover, even if the recovery of the amount of any negative

has denied plaintiff's class certification motion. The identification of the assignees (and/or trusts and trustees) is not necessary for the Court to make that decision. It also may be appropriate for the Court to resolve the merits of Plaintiff's individual claims against MIG, possibly by dispositive motion, prior to bringing in the purchasers/assignees. If Plaintiff's claims against MIG fail, clearly there is no basis for the parties to litigate the scope of assignee liability and the merits of putative class members' potential claims against those entities. Plaintiff has pointed to the case of *Pence v. Union Fidelity Mortg., Inc.* 2008 WL 5102242 No. 08-CV-0089-WQH (JMA) (S.D. Cal. Dec. 2, 2008) as an example of a case in which a court allowed a plaintiff to receive discovery regarding the identities of subsequent purchasers/assignees prior to class certification. However, *Pence* is clearly differentiable from the case at hand. First, in *Pence*, Plaintiff requested information regarding number of ARM loans sold during the liability period. MIG has already given Plaintiff this information in its interrogatory responses. Second, the plaintiff in *Pence* requested the location of loan documents and other relevant information concerning the loan practices of the defendant. Not only has MIG already produced over 32 different types of loan documents, but MIG also fails to see how the loan practices of MIG would be revealed by discovery of whom MIG sold loans to.

Finally (and most importantly), the court in *Pence* made a conclusion regarding the scope of discovery due in part to the fact that the defendant in that case had failed to appear. The court did not offer any analysis as to how (or if) the requested documentation would assist in class certification because there was not any opposition. In the current matter, not only is there opposition, but MIG has already identified the assignees of Plaintiff's loan – Countrywide Home Loans. Therefore, Plaintiff's attempt to rely on the findings in *Pence* fails.

There is little doubt that it would best serve all parties (and potential parties) for the Court

---

amortization was appropriate, the determination of such amount for any one class member will be fact-intensive and time-consuming. Indeed, courts have found on numerous occasions that actual damages claims under TILA are not suitable for class certification. See, e.g., *Turner v. Beneficial Corp.*, 242 F.3d 1023, 1028 (11th Cir. 2000); *Perrone v. Gen. Motors Acceptance Corp.*, 232 F.3d 433, 440 (5th Cir. 2000). *See also In re Smith*, 289 F.3d 1155, 1157 (9th Cir. 2002) (citing *Turner* and *Perrone* and holding that detrimental reliance is an element of a TILA actual damages claim).

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

to resolve these threshold issues, including its determination of whether a class can appropriately be certified in this case, before allowing Plaintiff the information it seeks by its Motion regarding putative class members assignees and loan subsequent purchasers.

Plaintiff has requested sample loans and loan-level information including borrower contact information. MIG has produced loan documents to Plaintiff with redactions of the borrowers' personal information and other loan specifics. Plaintiff is not entitled to borrower contact and loan information. MIG objects to producing contact and loan information for each putative class member prior to class certification.

Firstly, putative class members do not serve the role of witnesses prior to class certification. Putative class members do not possess information that is relevant to either resolution of the merits of Mr. Ralston's individual claim, or the question whether a class should be certified. A mortgage transaction is individual and personal to the borrower. Whether the disclosures Mr. Ralston received from MIG or his mortgage broker violated federal or state law depends entirely on facts pertinent only to Mr. Ralston's transaction.

For example, the TILA claim in the First Amended Complaint alleges that MIL violated TILA as to Mr. Ralston's transaction because it failed to "clearly and conspicuously" disclose, among other things, information pertaining to operation of the interest rate and the risk of negative amortization. Each of the questions raised by Plaintiff's TILA claim must be resolved with respect to Mr. Ralston's loan; the disclosures received by other borrowers (from MIG, their mortgage broker, or some other source) will not bear on MIG's potential liability to Mr. Ralston.

The same is true for the remaining claims in the case, which range from the Second Cause of Action, which brings a claim under California's Unfair Competition Law, Bus. & Prof. Code §§ 17200, *et seq.* ("UCL") predicated entirely on the alleged TILA violations described above, to Plaintiff's claim in the Third Cause of Action for "Fraudulent Omissions" based on a purported failure by MIG to disclose material facts that allegedly would have caused plaintiff not to enter into the loan had the facts not been "omitted." (But of course, at preset, there is <u>no</u> operating pleading.) Resolution of each of these claims rests in part on the disclosures or representations that each individual received in connection with their loan transaction, whether written or verbal,

and the extent to which the borrower may have understood or relied on the disclosures or representations, whether received from MIG, the borrower's mortgage broker, or some other person or entity involved in the loan transaction. The disclosures or notes received by other borrowers will have no bearing on whether the disclosures Mr. Ralston received did or did not violate federal or state law and the extent to which he may have detrimentally relied on any such disclosures.

For the same reason, information possessed by each individual borrower with respect to the funding of their loan by MIG is not necessary to determine whether plaintiff's claims can be resolved on a class basis. Whether a class can properly be certified pursuant to Fed. R. Civ. P. 23 will depend on the substantive nature of the named plaintiff's legal claims and the type of evidence needed to establish those claims and defenses. *See, e.g., General Telephone Co. v. Falcon*, 457 U.S. 147, 160 (1982) ("the class determination generally involves considerations that are 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action'"); *see also Brown v. Fed. Express Corp.*, --- F.R.D. ---, 2008 WL 906517, at *3 (C.D. Cal. Feb. 26, 2008) (same). To the extent that the various forms of disclosures used by MIG during the class period *is* relevant to the class certification inquiry, MIG has agreed to produce the various form disclosures that it used for Option ARM loans during the class period, as well as redacted sample loan files from other borrowers who obtained Option ARM loans from MIG.

Resolution of the claims in the complaint do not depend on pattern or practice, and identifying other class members will not assist the Court in determining typicality or superiority. Satisfaction of the typicality requirement, for example, turns on whether resolution of plaintiff's individual claim will resolve each putative class member's claim. *See Sweet v. Pfizer*, 232 F.R.D. 360, 367-69 (C.D. Cal. 2005). If the Court needs to review individual facts pertinent to each putative class member to determine if the requirements of Fed. Civ. P. 23 are satisfied (not to mention to resolve the merits of the class claims), class certification is not appropriate. *See id.*; *Metcalf v. Household Int'l, Inc.*, No. 99CV2066, 2001 WL 1608012, at *2-3 (E.D. Cal. Oct. 10, 2001) (class certification improper where liability turned on the particular content of defendant's

- 11 -

CV08-00536 JF

OPPOSITION OF DEFENDANT TO PLAINTIFF'S
MOTION TO COMPEL FURTHER DISCOVERY RESPONSES

1  interaction with each potential class member); *Nguyen Da Yen v. Kissinger*, 70 F.R.D. 656, 665
2  (N.D. Cal. 1976).
3        Additionally, the putative class members have a legitimate expectation of privacy, and
4  releasing borrowers' private loan and contact information to plaintiff would violate that privacy
5  right. It is unclear whether Plaintiff seeks Borrower contact information. Plaintiff has not moved
6  to compel responses that specifically sought that information. Plaintiff asserts that there are no
7  serious privacy considerations and that if there were privacy considerations, they are alleviated by
8  Plaintiff's proposed protective order. (Motion at page 9.) MIG disagrees. First of all, the
9  proposed protective order would not protect the privacy of third party borrowers and their personal
10 and financial information. Secondly, Plaintiff has not made a showing of a "legitimate need to
11 know" which individuals obtained an Option ARM loan from MIG, where they live, what their
12 loan number was, and when they received the loan. Simply the fact that these individuals obtained
13 an Option ARM loan is private information bearing on their finances. Even if Plaintiff was
14 permitted access to the borrowers' information, Plaintiff has not proposed giving the borrowers
15 any prior form of notice or right to opt-in or opt-out of communications. Instead, Plaintiff simply
16 argues that the existence of the proposed protective order is enough to protect the individuals'
17 privacy. It is not, because it does not provide notice to each borrower of counsel's intention to
18 contact them.
19       Plaintiff's reliance on *Pioneer Electronics (USA), Inc. v. The Superior Court*, 40 Cal. 4th
20 360 (2007), is misplaced. In *Pioneer*, a pivotal fact in the court's decision to allow pre-
21 certification discovery of the names of putative class members was that those individuals had
22 already complained to Pioneer regarding the defects in the company's DVD players. Accordingly,
23 those individuals had a reduced expectation of privacy and they potentially possessed information
24 that was relevant to the plaintiff's claim, that is, the defective nature of Pioneer's DVD player.
25 Further, and importantly, the court required that notice go out to the putative class members *prior*
26 to the release of their contact information to Plaintiff's counsel.
27       *Puerto v. The Superior Court*, 158 Cal. App. 4th 1242 (2d Dist. 2008), is similarly
28 distinguishable. In *Puerto*, the plaintiff sought contact information regarding <u>witnesses</u> who

- 12 -

CV08-00536 JF

OPPOSITION OF DEFENDANT TO PLAINTIFF'S
MOTION TO COMPEL FURTHER DISCOVERY RESPONSES

possessed discoverable information regarding the plaintiff's claims, and the defendant had already disclosed the names of the individuals, but not their contact information.

In this case, there is no basis for the Court to conclude that the putative class members have a reduced expectation of privacy, as in *Pioneer*, or that they have discoverable information that justifies an invasion of their privacy right. Moreover, the Court's decision on class certification in this case is not imminent, there are good grounds for a class *not* to be certified, and Plaintiff's notification of Mr. Ralston's claims to thousands of putative class members will be unnecessarily injurious to MIG.[4] Despite over fifty copycat lawsuits to this one being filed, not a single class has been certified.

Importantly, Northern District Magistrate Judge Seeborg ruled on a similar discovery issue in the matter of *Mandriguez v. World Savings, et al.* No. C07-4497 JF CRS) (N.D. Cal. 2008). (Attached as Exhibit F). In that case (with facts extremely similar to those at issue here), the plaintiff moved to compel defendants to produce the contact information for putative class members. Judge Seeborg, citing multiple cases, ruled that "releasing the [contact information] of the putative class members will not help Plaintiffs reach their burden of demonstrating that class certification is proper." Judge Seeborg opined that it was an open question as to whether such information would be discoverable should the class be certified. MIG requests that the Court follow its previous ruling in this similarly situated case and deny Plaintiff's request.

**D. Plaintiff's Request For Additional Loan Documents Should Be Denied.**

Regarding Plaintiff's other requests, MIG has already agreed to provide documents in response to Plaintiff's Request No. 4, which seeks "[a] complete copy of each version of the ARM Loan documents you provided to borrowers" during the relevant time period. MIG has produced thousands of documents including every option ARM loan product type originated by MIG. By type, MIG means versions of loan products such as a loan where the interest is fixed for the first five years, but thereafter is variable. However exact language of the loan contracts and disclosures could have changed with every single loan. It is impossible for MIG to know without examining

- 13 -

OPPOSITION OF DEFENDANT TO PLAINTIFF'S
MOTION TO COMPEL FURTHER DISCOVERY RESPONSES

every one of the thousands of loans.  What Plaintiff wants is the documents produced of the various loan types but with the data filled in for the individual loan.  Since this data changed on a loan by loan basis, it would be entirely irrelevant to class certification.

      Request No. 3 seeks five randomly selected loan files for each subsequent purchaser or assignee of putative class members' loans during the relevant time period.  Again, MIG has produced five Countrywide Home Loan loan files redacted of borrowers' private information and redacted as to each Option ARM loan product originated by MIG.  The borrower data on each loan file is extremely sensitive borrower information.  Further, it is different on every single loan, and therefore irrelevant to class certification.   While not mentioned by Plaintiff, MIG has agreed to produce, and will produce, five redacted loan files for borrowers whose loans were assigned to Countrywide Home Loans.  The types of disclosures MIG provided to borrowers at the time of loan origination were not impacted by the entity that subsequently purchased the loans after funding.  As such, there is no logic to MIG producing a certain number of loan files that were sold to *each* subsequent purchaser.  The production of such files would be costly and time-consuming with little benefit to the litigation.  MIG's production of its various form disclosures used during the class period obviates the need for production of additional randomly-selected loan files.  This case revolves around disclosures provided to borrowers; most of the documents in the loan files do not pertain to the disclosures and are irrelevant to Plaintiff's claims.

///
///
///
///
///
///
///
///

---

[4]  *See, e.g., Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1007 (11th Cir. 1997) (court rejected preliminary

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel Further Discovery is premature, misplaced and seeks documents which are neither relevant nor appropriate for Plaintiff's case. MIG will continue to work with Plaintiff on discovery as the case progresses. MIG respectfully requests that the Court deny Plaintiff's Motion in its entirety.

Dated: April 2, 2009

By: /s/
ROLAND P. REYNOLDS
PALMER, LOMBARDI & DONOHUE LLP
Attorneys for Defendants MORTGAGE INVESTORS GROUP, INC., and MORTGAGE INVESTORS GROUP, A General Partnership

---

class communications in discrimination action where class did not appear certifiable).

- 15 -

CV08-00536 JF

OPPOSITION OF DEFENDANT TO PLAINTIFF'S
MOTION TO COMPEL FURTHER DISCOVERY RESPONSES

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ................................................................................................................ 2

II. BACKGROUND AND HISTORY ...................................................................................... 3

III. LEGAL ARGUMENT .......................................................................................................... 5

    A. There Is Currently No Operative Pleading To Guide Defendant And/Or The Court. ................................................................................................ 5

    B. California Courts Have Heard Nearly Identical Discovery Motions To That Of Plaintiff And Have Denied Said Motions. ........................................... 5

    C. Plaintiff's Request For Information Regarding Subsequent Purchasers Should Be Denied. ..................................................................................................... 7

    D. Plaintiff's Request For Additional Loan Documents Should Be Denied. .............. 13

IV. CONCLUSION .................................................................................................................. 15

- i -

CV08-00536 JF

OPPOSITION OF DEFENDANT TO PLAINTIFF'S
MOTION TO COMPEL FURTHER DISCOVERY RESPONSES

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Brown v. Fed. Express Corp.*,
   --- F.R.D. ---, 2008 WL 906517, at *3 (C.D. Cal. Feb. 26, 2008) .............................................. 11

*Finalco, Inc. v. Roosevelt*,
   235 Cal. App. 3d 1301, 1305 (1991) ............................................................................................ 8

*General Telephone Co. v. Falcon*,
   457 U.S. 147, 160 (1982) ........................................................................................................... 11

*Gibbons v. Interbank Funding Group*,
   208 F.R.D. 278, 285-86 (N.D. Cal. 2002) ................................................................................... 8

*In re Smith*,
   289 F.3d 1155, 1157 (9th Cir. 2002) ........................................................................................... 9

*Jackson v. Motel 6 Multipurpose, Inc.*,
   130 F.3d 999, 1007 (11th Cir. 1997) .......................................................................................... 14

*Jordan v. Paul Financial LLC*,
   CV07-04496-SI (N.D. Cal.) ................................................................................................ 4, 5, 6

*King v. State of California*,
   784 F.2d 910, 913 (9th Cir. 1986) ............................................................................................... 3

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555, 560 (1992) ............................................................................................................ 8

*Mandriguez v. World Savings, et al.*
   No. C07-4497 JF CRS) (N.D. Cal. 2008) ................................................................................. 13

*McKenna v. First Horizon Home Loan Corp.*,
   475 F.3d 418, 423 (1st Cir. 2007) ............................................................................................... 8

*Metcalf v. Household Int'l, Inc.*,
   No. 99CV2066, 2001 WL 1608012, at *2-3 (E.D. Cal. Oct. 10, 2001) .................................... 11

*Nguyen Da Yen v. Kissinger*,
   70 F.R.D. 656, 665 (N.D. Cal. 1976) ........................................................................................ 12

*Pence v. Union Fidelity Mortg., Inc.*
   2008 WL 5102242 No. 08-CV-0089-WQH (JMA) (S.D. Cal. Dec. 2, 2008) ............................. 9

*Perrone v. Gen. Motors Acceptance Corp.*,
   232 F.3d 433, 440 (5th Cir. 2000) ............................................................................................... 9

*Pioneer Electronics (USA), Inc. v. The Superior Court*,
   40 Cal. 4th 360 (2007) ............................................................................................................... 12

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

*Puerto v. The Superior Court*,
   158 Cal. App. 4th 1242 (2d Dist. 2008) .................................................................................. 12

*Sweet v. Pfizer*,
   232 F.R.D. 360, 367-69 (C.D. Cal. 2005) ............................................................................... 11

*Turner v. Beneficial Corp.*,
   242 F.3d 1023, 1028 (11th Cir. 2000) ....................................................................................... 9

**Statutes**

15 U.S.C. § 1641(a), (c) ................................................................................................................. 8

Bus. & Prof. Code §§ 17200 ........................................................................................................ 11

**Other Authorities**

Cal. Com. Code §§ 3302, 3305(b) .................................................................................................. 8

PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, California 90017

- ii -

CV08-00536 JF

OPPOSITION OF DEFENDANT TO PLAINTIFF'S
MOTION TO COMPEL FURTHER DISCOVERY RESPONSES