1  LORI E. ANDRUS (SBN 205816)
   JENNIE LEE ANDERSON (SBN 203586)
2  ANDRUS ANDERSON LLP
   155 Montgomery Street, Suite 900                    *E-Filed 6/3/09*
3  San Francisco, CA 94104
   Telephone:  (415) 986-1400
4  Fax:  (415) 986-1474
   lori@andrusanderson.com
5  jennie@andrusanderson.com

6  *Attorneys for Plaintiff and the Proposed Class*
   (Additional counsel appear on signature page)
7

8  ROLAND P. REYNOLDS (SBN 150864)
   PALMER, LOMBARDI & DONOHUE LLP
9  888 West 6th Street, 12th Floor
   Los Angeles, CA  90017
10 Telephone:  (213) 688-0430
   Fax:  (213) 688-0440
11 rreynolds@pldlawyers.com
12

13 *Attorneys for Defendants Mortgage Investors Group, Inc.,*
    *and Mortgage Investors Group, a general partnership*
14

15            UNITED STATES DISTRICT COURT

16        FOR THE NORTHERN DISTRICT OF CALIFORNIA

17                  SAN JOSE DIVISION

18

19 JAY J. RALSTON, On Behalf Of Himself       Civil Case No.: C 08-00536 JF
   And All Others Similarly Situated,
20                                            ~~[PROPOSED]~~ **STIPULATED PROTECTIVE**
          Plaintiff,                          **ORDER**
21
       v.
22
   MORTGAGE INVESTORS GROUP,
23 INC., MORTGAGE INVESTORS
   GROUP, a general partnership, AND
24 DOES 1-10,

25         Defendants.

26

27

28

1     **1.     PURPOSES AND LIMITATIONS**

2            Disclosure and discovery activity in this action are likely to involve production of

3     confidential, proprietary, or private information for which special protection from public

4     disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

5     Accordingly, the parties hereby stipulate to and petition the Court to enter the following

6     Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket

7     protections on all disclosures or responses to discovery and that the protection it affords extends

8     only to the limited information or items that are entitled under the applicable legal principles to

9     treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that

10    this Stipulated Protective Order creates no entitlement to file confidential information under seal;

11    Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards

12    that will be applied when a party seeks permission from the court to file material under seal.

13           **2.     DEFINITIONS**

14           2.1     <u>Party</u>:  any party to this action, including all of its officers, directors,

15    employees, consultants, retained experts, and outside counsel (and their support staff).

16           2.2     <u>Disclosure or Discovery Material</u>:  all items or information, regardless of

17    the medium or manner generated, stored, or maintained (including, among other things,

18    testimony, transcripts, or tangible things) that are produced or generated in disclosures or

19    responses to discovery in this matter.

20           2.3     <u>Confidential Information</u>:  For the purposes of this Order, ŏConfidential

21    Informationŏ means:

22           (a)     Information that constitutes a trade secret in accordance with Uniform

23    Trade Secrets Act;

24           (b)     Non-public communications with regulators or other governmental

25    bodies that are protected from disclosure by statute or regulation;

26           (c)     Information, materials, and/or other documents reflecting non-public

27    business or financial strategies, and/or confidential competitive information which, if disclosed,

28    would result competitive harm to the disclosing party; and

- 2 -

1    (d)  Information subject to federal or state privacy rights.

2    2.4    <u>Private Consumer Information</u>:  Borrower-specific and/or credit applicant-

3    specific information, including private consumer information that contains identifying, contact or

4    private financial information provided by a consumer to a financial institution, resulting from any

5    transaction with the consumer or any service performed for the consumer, or otherwise obtained

6    by the financial institution, including any list, description, or other grouping of consumers (and

7    publicly available information pertaining to them) that is derived using any nonpublic personal

8    information, including any "nonpublic personal information" such as identified by the Gramm-

9    Leach-Bliley Act, 15 U.S.C. § 6801 *et seq*.

10    2.5    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material

11    from a Producing Party.

12    2.6    <u>Producing Party</u>:  a Party or non-party that produces Disclosure or

13    Discovery Material in this action.

14    2.7    <u>Designating Party</u>:  a Party or non-party that designates information or

15    items that it produces in disclosures or in responses to discovery as "Confidential" or "Private

16    Consumer Information."

17    2.8    <u>Protected Material</u>:  any Disclosure or Discovery Material that is

18    designated as "Confidential" or as "Private Consumer Information."

19    2.9    <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are

20    retained to represent or advise a Party in this action.

21    2.10    <u>House Counsel</u>:  attorneys who are employees of a Party.

22    2.11    <u>Counsel</u> (without qualifier):  Outside Counsel and House Counsel (as well

23    as their support staffs).

24    2.12    <u>Expert</u>:  a person with specialized knowledge or experience in a matter

25    pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

26    witness or as a consultant in this action.  This definition includes a professional jury or trial

27    consultant retained in connection with this litigation.

28    2.13    <u>Professional Vendors</u>:  persons or entities that provide litigation support

- 3 -

services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) to a Party and their employees and subcontractors.

### 3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

### 4.    DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the Designating Party that produced the Protected Material at issue agrees otherwise in writing or a court order otherwise directs.

### 5.    DESIGNATING PROTECTED MATERIAL

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take reasonable care to designate for protection only those parts of material, documents, items, or oral or written communications that the Party reasonably believes to qualify for protection – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.  If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken

- 4 -

1    designation.

2         5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this

3    Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered,

4    material that qualifies for protection under this Order must be clearly so designated before the

5    material is disclosed or produced.  Nothing in this Order concerning designation for protection,

6    however, shall be interpreted as controlling the form of production of any material by any Party

7    or non-Party.

8         Designation in conformity with this Order requires:

9         (a)  for information in documentary form (apart from transcripts of

10   depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

11   "CONFIDENTIAL" or "PRIVATE CONSUMER INFORMATION" at the top or bottom of each

12   page that contains protected material. If only a portion or portions of the material on a page

13   qualifies for protection, the Producing Party also must clearly identify the protected portion(s)

14   (e.g., by making appropriate markings in the margins).

15   A Party or non-party that makes original documents or materials available for inspection

16   need not designate them for protection until after the inspecting Party has indicated which

17   material it would like copied and produced.  During the inspection and before the designation, all

18   of the material made available for inspection shall be deemed Protected Material.  After the

19   inspecting Party has identified the documents it wants copied and produced, the Producing Party

20   must determine which documents, or portions thereof, qualify for protection under this Order,

21   then, before producing the specified documents, the Producing Party must affix the appropriate

22   legend ("CONFIDENTIAL" or "PRIVATE CONSUMER INFORMATION") at the top or

23   bottom of each page that contains Protected Material.  If only a portion or portions of the material

24   on a page qualifies for protection, the Producing Party also must clearly identify the protected

25   portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

26   portion, the level of protection being asserted (either "CONFIDENTIAL" or "PRIVATE

27   CONSUMER INFORMATION").

28         (b)  for testimony given in deposition or in other pretrial or trial

- 5 -

1  proceedings, that the Party or non-party offering or sponsoring the testimony take reasonable

2  steps to identify on the record, before the close of the deposition, hearing, or other proceeding, the

3  specific identity or the scope of all Protected Materials in such testimony, and further specify any

4  portions of the testimony that qualify as "CONFIDENTIAL" or "PRIVATE CONSUMER

5  INFORMATION."  When it is impractical to identify separately each portion of testimony that is

6  entitled to protection, and when it appears that substantial portions of the testimony may qualify

7  for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on

8  the record (before the deposition or proceeding is concluded) a right to have up to 30 days to

9  identify the specific portions of the testimony as to which protection is sought and to specify the

10 level of protection being asserted ("CONFIDENTIAL" or "PRIVATE CONSUMER

11 INFORMATION").  Only those portions of the testimony that are appropriately designated for

12 protection within the 30 days shall be covered by the provisions of this Stipulated Protective

13 Order.  Transcript pages containing Protected Material must be separately bound by the court

14 reporter, who must affix to the top or bottom of each such page the legend "CONFIDENTIAL" or

15 "PRIVATE CONSUMER INFORMATION," as instructed by the Party or nonparty offering or

16 sponsoring the witness or presenting the testimony.

17                (c)  for information produced in some form other than documentary, and

18 for any other tangible items, that the Producing Party affix in a prominent place on the exterior of

19 the container or containers in which the information or item is stored the legend

20 "CONFIDENTIAL" or "PRIVATE CONSUMER INFORMATION."  If only portions of the

21 information or item warrant protection, the Producing Party, to the extent practicable, shall

22 identify the protected portions, specifying whether they qualify as "Confidential" or as "Private

23 Consumer Information."

24                5.3    Inadvertent Failures to Designate.  If any Confidential information or items

25 or Private Consumer Information is inadvertently provided to a discovering party without being

26 marked appropriately as Protected Material in accordance with this Order, the producing party

27 may thereafter designate such material(s) as Confidential or Private Consumer Information and

28 the initial failure to so mark the material shall not be deemed a waiver of its confidentiality.

If a party inadvertently produces information that it later discovers, or in good faith later asserts, to be subject to any legal privileges, including but not limited to, the attorney-client privilege or work product doctrine, or is otherwise protected from disclosure, the production of that information will not be presumed to constitute a waiver of any applicable privileges or other protections.  In these circumstances, the producing party must immediately notify all parties in writing of the inadvertent production and the basis for the claim of privilege or other protection from production, and request in writing the return or confirmed destruction of the privileged or protected information.  Within five days of receiving such notification, and in compliance with the receiving parties' ethical obligations under the law, all receiving parties who have not already reviewed such materials or who have reviewed the materials but do not contest the applicability of the privilege asserted must return or confirm destruction of all such materials, including copies and/or summaries thereof.  However, should a receiving party contest the applicability of a privilege asserted with respect to an inadvertently produced document which the receiving party has already reviewed, the receiving party may temporarily retain the document or documents at issue, segregated and not further copied or disseminated, for the sole purpose of contesting the applicability of the privilege asserted.  Within two (2) business days of the issuance of a court order deeming the contested documents at issue privileged, or protected from production, the receiving party must return or confirm destruction of all such materials, including copies and/or summaries thereof.

6.      **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1      <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's designation of Protected Material is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a designation of Protected Material by electing not to mount a challenge promptly after the original designation is disclosed.

6.2      <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's designation of Protected Material must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not

- 7 -

1   sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must

2   explain the basis for its belief that the designation of Protected Material was not proper and must

3   give the Designating Party an opportunity to review the Protected Material at issue, to reconsider

4   the circumstances, and, if no change in designation is offered, to explain the basis for the chosen

5   designation.  A challenging Party may proceed to the next stage of the challenge process only if it

6   has engaged in this meet and confer process first.

7           6.3     Judicial Intervention.  A designation of confidentiality may be challenged

8   upon motion pursuant to Civil Local Rule 7 and in compliance with Civil Local Rule 79-5.  The

9   burden of proving the confidentiality of designated information remains with the party asserting

10  such confidentiality.

11          7.      **ACCESS TO AND USE OF PROTECTED MATERIAL**

12          7.1     Basic Principles.  A Receiving Party may use Protected Material that is

13  disclosed or produced by another Party or by a non-party in connection with this case only for

14  prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

15  disclosed only to the categories of persons and under the conditions described in this Order.

16  When the litigation has been terminated, a Receiving Party must comply with the provisions of

17  section 11, below (FINAL DISPOSITION). Protected Material must be stored and maintained by

18  a Receiving Party at a location and in a secure manner that ensures that access is limited to the

19  persons authorized under this Order.

20          7.2     Disclosure of Protected Material or Items.  Unless otherwise ordered by the

21  court or permitted in writing by the Designating Party, a Receiving Party may disclose any

22  information or item designated CONFIDENTIAL or as PRIVATE CONSUMER

23  INFORMATION only to:

24          (a)     the parties and their parents and subsidiaries, including their present and

25  former officers, directors, partners, or employees, to the extent reasonably necessary and only for

26  the purpose of conducting or assisting in this action;

27          (b)     the partiesø attorneys of record in this action, the partners, associates, and

28  employees of such counsel, and their authorized secretarial and paralegal staffs, to the extent

- 8 -

1    reasonably necessary and only for the purpose of conducting or assisting in this action;

2              (c)      in-house counsel to the parties and employees of such counsel, and their

3    authorized secretarial and paralegal staffs, to the extent reasonably necessary and only for the

4    purpose of conducting or assisting in this action;

5              (d)      the Court and court personnel, deposition officers, court reporters, and

6    videographers used in connection with this litigation;

7              (e)      employees of outside copying, printing, binding, litigation support,

8    mediators or computer input services;

9              (f)      any person who is an author, original source of information, addressee, or

10   intended recipient of, or who previously had access to, the Confidential Information;

11             (g)      persons who have been retained by any party (or by its attorneys of record)

12   for the purpose of assisting in this action as outside consultants or experts, to the extent

13   reasonably necessary and only for the purpose of conducting or assisting in this action;

14             (h)      deposition witnesses;

15             (i)      potential lay witnesses;

16             (j)      any other person as to whom the party that designated the document or

17   information as "CONFIDENTIAL" has consented to disclosure in advance; and

18             (k)      such other persons as the parties may agree or may be ordered by the

19   Court.

20       7.3      Prior to disclosure of any material designated "CONFIDENTIAL" or

21   "PRIVATE CONSUMER INFORMATION" to any person described in paragraph 7 subsections

22   (g)-(k) hereof, such person shall be given a copy of this Stipulated Protective Order and shall sign

23   a certification in the form of Exhibit A attached hereto.  Such signed and completed certification

24   shall be retained by the attorneys of record for the disclosing party.

25       7.4      Regardless of designation pursuant to this Stipulated Protective Order, if a

26   document or testimony makes reference to the actual or alleged conduct or statements of a person

27   who is a potential witness, counsel may discuss such conduct or statements with such witness

28   without revealing any portion of the information or discovery material other than that which

- 9 -

1  specifically refers to such conduct or statements, and such discussion shall not constitute

2  disclosure within the terms of this Stipulated Protective Order.

3          7.5     Use of PRIVATE CONSUMER INFORMATION.  All documents or

4  materials designated as PRIVATE CONSUMER INFORMATION on the ground that said

5  documents or materials pertain to borrower-specific and/or credit applicant-specific information,

6  including private consumer information that contains identifying, contact or private financial

7  information provided by a consumer to a financial institution, resulting from any transaction with

8  the consumer or any service performed for the consumer, or otherwise obtained by the financial

9  institution, including any list, description, or other grouping of consumers (and publicly available

10  information pertaining to them) that is derived using any nonpublic personal information,

11  including any õnonpublic personal informationö such as identified by the Gramm-Leach-Bliley

12  Act, 15 U.S.C. § 6801 *et seq*., may only be used for the purposes of this litigation, and shall not

13  be disclosed or disseminated to the general public or used for any commercial, business or

14  competitive purpose, without the consumers informed written consent.

15          8.      **PROTECTED MATERIAL SUBPOENAED OR ORDERED**

16  **PRODUCED IN OTHER LITIGATION.**

17          If a Receiving Party is served with a subpoena or an order issued in other litigation that

18  would compel disclosure of any information or items designated in this action as

19  õCONFIDENTIALö or õPRIVATE CONSUMER INFORMATION,ö the Receiving Party must

20  so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more

21  than three court days after receiving the subpoena or order.  Such notification must include a copy

22  of the subpoena or court order.

23          The Receiving Party also must immediately inform in writing the Party who caused the

24  subpoena or order to issue in the other litigation that some or all the material covered by the

25  subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

26  deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

27  caused the subpoena or order to issue.

28          The purpose of imposing these duties is to alert the interested parties to the existence of

- 10 -

1   this Protective Order and to afford the Designating Party in this case a reasonable opportunity to

2   try to protect its competitive or confidentiality interests, or its rights or obligations,  in the court

3   from which the subpoena or order issued.  The Designating Party shall bear the burdens and the

4   expenses of seeking protection in that court of its confidential material – and nothing in these

5   provisions should be construed as authorizing or encouraging a Receiving Party in this action to

6   disobey a lawful directive from another court.

7              9.       **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

8              If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

9   Material to any person or in any circumstance not authorized under this Stipulated Protective

10  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

11  unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

12  inform the person or persons to whom unauthorized disclosures were made of all the terms of this

13  Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

14  Be Bound" that is attached hereto as Exhibit A.

15             10.      **FILING PROTECTED MATERIAL.**

16             If a party wishes to include information designated as "CONFIDENTIAL" in any papers

17  filed with the Court, the party submitting the materials:

18                      (a)      If the filing party is seeking to have the record containing such

19  information sealed and is the Designating Party, the party shall submit the document

20  "CONDITIONALLY UNDER SEAL" and submit to the Court a motion to seal pursuant to Civil

21  Local Rule 79-5;

22                      (b)      If the filing party is not the Designating Party and not seeking to

23  have the record containing such information sealed, the party shall lodge the materials marked

24  "CONFIDENTIAL" with the Court in a sealed envelope labeled "CONDITIONALLY UNDER

25  SEAL." The filing party shall also affix to the sealed envelope a cover sheet that contains the

26  case caption and states that the enclosed record is subject to a motion to file the record under seal.

27  Any affected party or non-party may then file a motion to seal, pursuant to Civil Local Rule 79-5,

28  within ten (10) business days after the document(s) are provided to the Court.  Such document(s)

will not be filed with the Clerk of Court until the Court rules on the motion to seal.  If no party or non-party files a motion to seal, the document(s) will be filed, unsealed, after the expiration of ten (10) business days.

      10.2   <u>Filing of Private Consumer Information</u>.  Any Party seeking to file a record containing öPRIVATE CONSUMER INFORMATIONö shall submit the document öCONDITIONALLY UNDER SEALö and submit to the Court a motion to seal, pursuant to Civil Local Rule 79-5.

      11.    **FINAL DISPOSITION**.

      Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, öall Protected Materialö includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

      12.    **MISCELLANEOUS**

      12.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

      12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

- 12 -

| DATED: May 29, 2009 | ANDRUS ANDERSON LLP<br><br>By: _____/s/ Jennie Lee Anderson_____<br>Jennie Lee Anderson |
|---|---|
| | Lori E. Andrus (SBN 205816)<br>Jennie Lee Anderson (SBN 203586)<br>ANDRUS ANDERSON LLP<br>155 Montgomery Street, Suite 900<br>San Francisco, CA 94104<br>Telephone: (415) 986-1400<br>Facsimile: (415) 986-1474<br>lori@andrusanderson.com<br>jennie@andrusanderson.com<br><br>David M. Arbogast (SBN 167571)<br>Jeffrey K. Berns (SBN 131351)<br>ARBOGAST & BERNS LLP<br>19510 Ventura Blvd, Suite 200<br>Tarzana, CA 91356<br>Phone: (818) 961-2000<br>Facsimile: (818) 867-4820<br>jberns@jeffbernslaw.com<br><br>*Attorneys for Plaintiff and the Proposed Class* |
| DATED: May 29, 2009 | PALMER, LOMBARDI & DONOHUE LLP<br><br>By: _____/s/ Roland P. Reynolds_____<br>Roland P. Reynolds |
| | ROLAND P. REYNOLDS (SBN 150864)<br>PALMER, LOMBARDI & DONOHUE LLP<br>888 West 6th Street, 12th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 688-0430<br>Fax: (213) 688-0440<br>rreynolds@pldlawyers.com |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: ____June 3____, 2009

Hon. ~~Jeremy Fogel~~ RICHARD SEEBORG
United States ~~District~~ Judge

MAGISTRATE

- 13 -

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Northern District of California on _____ [date] in the case of Ralston v. Mortgage

Investors Group, Inc., et al, Case No. C 08-00536 JF.  I agree to comply with and to be bound by

all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to

so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly

promise that I will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with the provisions

of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                         [printed name]


Signature: _____

- 14 -

1

### CERTIFICATE OF SERVICE

2      I hereby certify that on May 29, 2009, I electronically filed the above document using the

3   CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the

4   attached Electronic Mail Notice List.

5      I certify under penalty of perjury under the laws of the United States of America that the

6   foregoing is true and correct.

7

8   Dated:  May 29, 2009                                     */s/ Jennie Lee Anderson*
                                                              Jennie Lee Anderson

9
                                          ANDRUS ANDERSON LLP
10                                        155 Montgomery Street, Suite 900
                                          San Francisco, CA 94104
11                                        Telephone:  (415) 986-1400
                                          Facsimile:  (415) 986-1474
12                                        jennie@andrusanderson.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER