\*\*E-Filed 3/22/2010\*\*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JAY J. RALSTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MORTGAGE INVESTORS GROUP, INC., et al.,<br><br>　　　　　Defendants. | Case Number C 08-536 JF (PVT)<br><br>ORDER[1] GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND; AND GRANTING MOTION TO STAY DISCOVERY AS TO MOVING PARTIES<br><br>[re: document nos. 93, 97, 111] |

　　　　Before the Court are motions to dismiss Plaintiff's second amended complaint ("SAC") brought by (1) Defendant Bank of America Corporation ("BAC") and (2) Defendants Countrywide Home Loans, Inc. ("Countrywide") and The Bank of New York ("BONY").[2] For the reasons discussed below, the motions will be granted with leave to amend.

　　　　Also before the Court is the motion of Countrywide and BONY to stay discovery in this action pending disposition of the motions to dismiss. Because the disposition of the motions to dismiss leaves Plaintiff without an operative complaint against the moving parties, and in light of

---

[1] This disposition is not designated for publication and may not be cited.

[2] The Bank of New York has changed its name to The Bank of New York Mellon Corporation; for ease of reference, the Court will continue to refer to this defendant as "The Bank of New York" or "BONY."

the potential scope of Plaintiff's claims, the motion to stay discovery as to the moving parties also will be granted.

## I. BACKGROUND

The Court and the parties are familiar with the facts underlying this action, which need not be set forth in full here. This is one of the current flood of putative class actions brought pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, alleging that lenders concealed and failed to disclose material terms of residential option adjustable rate mortgage ("ARM") loan transactions. Plaintiff filed his original complaint on January 24, 2008, and filed a first amended complaint on May 8, 2008, asserting TILA and state-law claims against his lenders, Mortgage Investors Group, Inc. and Mortgage Investors Group (collectively, "MIG"). The Court granted in part and denied in part MIG's motion to dismiss the FAC after determining that Plaintiff adequately had alleged a number of claims under TILA and state law. At that time, the Court granted Plaintiff leave to add additional defendants when he amended his pleading. Plaintiff filed the operative SAC on April 15, 2009, asserting TILA and state-law claims against defendants Countrywide, BONY and BAC. The instant motions are brought by the newly-added defendants.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief may be granted. To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint that raises only "the mere possibility of misconduct" does not establish that the plaintiff is entitled to relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). The plaintiff must allege facts sufficient to "nudge his claims . . . across the line from conceivable to plausible." *Id*. at 1951 (quoting *Twombly*, 550 U.S. at 570).

"In general, the inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). However, a court need not accept as true "allegations that are

2

merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). In the event that dismissal is warranted, it is generally without prejudice, unless it is clear "'that the complaint could not be saved by any amendment.'" *Sparling v. Daou*, 411 F.3d 1006, 1013 (9th Cir. 2005) (quoting *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002)).

### III. DOCUMENTS CONSIDERED BY THE COURT

In connection with the loan transaction at issue, Plaintiff executed an Adjustable Rate Note and Prepayment Penalty Addendum (collectively, "Note"), Adjustable Rate Rider ("Rider"), Deed of Trust, Truth In Lending Disclosure Statement ("TILDS"), and Adjustable Rate Loan Program Disclosure ("Disclosure"). Only the Note and TILDS are attached to the SAC. Countrywide and BONY provide copies of the other documents in connection with their motion to dismiss. The Court properly may consider all of these documents, which make up the complete set of documents involved in the loan transaction and which are referenced extensively in the SAC. *See In re Stac Elcs. Sec. Litig.*, 89 F. 3d 1399, 1405 n.4 (9th Cir. 1996) (noting that complete copies of documents whose contents are alleged in the complaint may be considered in connection with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)).

### IV. COUNTRYWIDE AND BONY

**A.   TILA**

Plaintiff alleges that Countrywide and BONY are liable pursuant to 15 U.S.C. § 1641. *See* SAC ¶¶ 5, 7. Section 1641, entitled "Liability of assignees," provides that any civil action that may be brought against a creditor under TILA also may be brought against the assignee of such creditor but "only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement." 15 U.S.C. § 1641(a). Setting aside for the moment the difficulty inherent in arguing that the TILA violations at issue are both apparent on the face of the TILDS as required under § 1641 but also *not* apparent so as to give rise to equitable tolling of the limitations period, it is unclear that either Countrywide or BONY falls into the category of "assignee." Plaintiff alleges that Countrywide "created, approved, sold, controlled and dictated the terms of Option ARM loans that are the subject of this complaint." SAC ¶ 5. It may be that

3

such allegations could give rise to some sort of liability under an aiding and abetting theory, but these allegations are irrelevant to the question of whether Countrywide has potential liability as an assignee of Plaintiff's loan. Plaintiff alleges that Countrywide formed a scheme with MIG under which MIG would sell option ARM loans, after which Countrywide would purchase the loans. SAC ¶ 31. However, he does not allege that Countrywide in fact purchased *his* loan. Accordingly, Plaintiff has failed to allege facts sufficient to state a claim against Countrywide as an assignee of his loan. To the extent that Plaintiff is attempting to assert a some other theory of liability against Countrywide, such theory is not clear from the SAC.

With respect to BONY, the *only* allegation in the SAC is as follows: "BANK OF NEW YORK was the trustee on some or all of the loans in question, including Plaintiff's loan. As such, the Trustee is liable pursuant to 15 U.S.C. § 1641." SAC ¶ 7. These allegations are insufficient to establish that BONY is an assignee of Plaintiff's loan pursuant to § 1641. Among other things, Plaintiff fails to explain why "Trustee" is synonymous with "assignee for purposes of § 1641," and when and under what circumstances BONY became the trustee/assignee.

**B.     State-Law Claims**

In addition to TILA violations, Plaintiff alleges state-law claims for fraudulent omissions and violation of California Unfair Competition Law ("UCL"). The UCL claims are based upon the alleged TILA violations, and thus they fail for the reasons discussed above.

Plaintiff contends that his fraudulent omissions claim is simply a garden-variety state law claim that does not depend upon his TILA claims. He also disputes Defendants' assertion that his fraudulent omissions claim is preempted by TILA. In its prior order in this case, the Court concluded that it is possible for a plaintiff to allege both a TILA claim and a freestanding fraudulent concealment claim. The question is whether Plaintiff has alleged such a claim against these defendants. It appears that Plaintiff is attempting to hold Countrywide and BONY liable for the omissions of *MIG* in a loan transaction in which neither Countrywide nor BONY participated. Plaintiff appears to be claiming that Countrywide, at least, participated in a scheme to defraud, as discussed above. Courts in this district have recognized the possibility that aiding and abetting claims may arise in this context. *See e.g., Yazdanpanah v. Sacramento Valley*

4

*Mortg. Group*, No. C 09-2024 SBA, 2009 WL 4573381, at *5-6 (N.D. Cal. Dec. 1, 2009). However, Plaintiff has not provided adequate detail regarding the alleged role of Countrywide in the subject transactions. Accordingly, the state-law claims will be dismissed, with leave to amend.

## V. BAC

The *only* allegations against BAC appear in paragraph six, as follows:

> 6. Defendant BANK OF AMERICA CORPORATION ("BANK OF AMERICA") is, and at all relevant times was qualified to do business in California, doing business in this judicial district. In 2008, BANK OF AMERICA acquired COUNTRYWIDE and its affiliates in a merger for approximately $4.1 billion in stock. Thus, BANK OF AMERICA is liable as the successor entity. In addition, Plaintiff is informed and believes that, through the purchase of COUNTRYWIDE, BANK OF AMERICA purchased or otherwise is and was an assignee of or investor in some or all of the Option ARM loans that are the subject of this Complaint. BANK OF AMERICA is therefore liable for the acts and omissions alleged herein. BANK OF AMERICA transacts and has transacted significant business in California and in Monterey County, California by purchasing, distributing, selling and/or servicing ARM loans to Plaintiff and Class Members.

SAC ¶ 6.

BAC asserts that it is merely a holding company, and is not a "successor" company as alleged by Plaintiff. Plaintiff asserts that BAC acquired Countrywide and its affiliates in a "merger" and thus is liable for Countrywide's acts as a successor-in-interest. BAC disputes that there was a "merger," and states that rather BAC "acquired" and is now the parent of Countrywide Financial Corporation, which in turn is the parent of Defendant Countrywide. BAC asserts that acquisition of corporate subsidiaries do not give rise to successor liability.

Because he has failed to allege a viable claim against Countrywide, Plaintiff likewise has failed to allege a viable claim against BAC as a successor-in-interest to Countrywide. Moreover, the Court concludes that Plaintiff has not alleged facts sufficient to demonstrate that the BAC/Countrywide Financial Corporation transaction was a "merger" sufficient to trigger successor liability. Accordingly, the claims against BAC will be dismissed, with leave to amend.

## VI. MOTION FOR STAY

Because the disposition of the motions to dismiss leaves Plaintiff without an operative complaint against the moving defendants, because it is unclear whether Plaintiff can state a

1 viable federal claim against them, and because Plaintiff seeks to assert his claims on behalf of a
2 class, the Court in its discretion will grant the motion to stay discovery with respect to the
3 moving defendants.

## VII. ORDER

(1) the motion to dismiss brought by Countrywide and BONY is GRANTED WITH LEAVE TO AMEND;

(2) the motion to dismiss brought by BAC is GRANTED WITH LEAVE TO AMEND;

(3) the motion for a stay of discovery is GRANTED AS TO THE MOVING DEFENDANTS; and

(4) a case management conference is set for May 28, 2010, at 10:30 a.m.

Dated:  March 22, 2010

_____
JEREMY FOGEL
United States District Judge

Case No. C 08-536 JF (PVT)
ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND ETC.
(JFLC2)