1  BROOKS R. BROWN (SBN 250724)
   *bbrown@goodwinprocter.com*
2  **GOODWIN PROCTER LLP**
   10250 Constellation Blvd.
3  Los Angeles, California 90067
   Tel.: 310.788.5100
4  Fax: 310.286.0992

5  ROBERT B. BADER (SBN 233165)
   *rbader@goodwinprocter.com*
6  **GOODWIN PROCTER LLP**
   Three Embarcadero Center, 24th Floor
7  San Francisco, California 94111
   Tel.: 415.733.6000
8  Fax: 415.677.9041

9  *Attorneys for Defendant*
   Countrywide Home Loans, Inc.

10              **UNITED STATES DISTRICT COURT**

11             **NORTHERN DISTRICT OF CALIFORNIA**

12                  **SAN JOSE DIVISION**

13

14 | JAY RALSTON, On Behalf Of Himself And   | Case No. 08-CV-00536 JF (PVT)
   | All Others Similarly Situated,
15 |                                          | **COUNTRYWIDE HOME LOANS, INC'S**
   |           Plaintiff,                     | **NOTICE OF MOTION AND MOTION TO**
16 |                                          | **STRIKE CERTAIN OF PLAINTIFF'S**
   |      v.                                  | **CLASS ALLEGATIONS PURSUANT TO**
17 |                                          | **FED. R. CIV. P. 12(B)(1) AND 23(C) & (D);**
   | MORTGAGE INVESTORS GROUP, INC.;          | **MEMORANDUM OF POINTS AND**
18 | MORTGAGE INVESTORS GROUP, a              | **AUTHORITIES IN SUPPORT THEREOF**
   | general partnership; COUNTRYWIDE HOME
19 | LOANS, INC. AND DOES 3-10,               | Date:       March 11, 2011
   |                                          | Time:       9:00 a.m.
20 |           Defendants.                    | Courtroom:  3 - 5th Floor
   |                                          | Judge:      Hon. Jeremy Fogel
21 |                                          |
   |                                          | 1.  Request for Judicial Notice
22 |                                          | 2.  Appendix of Westlaw Cases/Slip Opinions
   |                                          | 3.  [Proposed] Order

23

24

25

26

27

28

---

**NOTICE OF MOTION AND MOTION TO STRIKE; MPA IN SUPPORT**
**Case No. 5:08-CV-00536-JF (PVT)**

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION TO STRIKE ................................................................. II

STATEMENT OF THE ISSUE TO BE DECIDED ................................................................. IV

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

INTRODUCTION ................................................................................................................. 1

I. BACKGROUND ................................................................................................................. 3

A.    THIS LAWSUIT. .......................................................................................................... 3

B.    OTHER PAYMENT OPTION LOAN LAWSUITS FILED BY PLAINTIFF'S COUNSEL. .................... 4

ARGUMENT ..................................................................................................................... 5

A.    CHL'S MOTION TO STRIKE UNDER RULES 23(C) & (D) IS THE PROPER VEHICLE TO
      CHALLENGE PLAINTIFF'S STANDING TO ASSERT HIS CLAIMS ON BEHALF OF NON-
      MIG BORROWERS. ..................................................................................................... 5

B.    PLAINTIFF LACKS STANDING TO ASSERT HIS CLAIMS ON BEHALF OF BORROWERS
      THAT OBTAINED THEIR PAYMENT OPTION LOANS FROM LENDERS OTHER THAN MIG. ......... 6

III. CONCLUSION ................................................................................................................. 9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Amchem Prods., Inc. v. Windsor,*
521 U.S. 591 (1997) ................................................................................................. 5

*Culver v. City of Milwaukee,*
277 F.3d 908 (7th Cir. 2002) .................................................................................... 6

*Eisen v. Carlise & Jacquelin,*
417 U.S. 156 (1974) ................................................................................................. 6

*Forsythe v. Sun Life Fin., Inc.,*
417 F. Supp. 2d 100 (D. Mass. 2006) ...................................................................... 6

*Gen. Tel. Co. of the Sw. v. Falcon,*
457 U.S. 147 (1982) ................................................................................................. 5

*German v. Fed. Home Loan Mortg. Corp.,*
885 F. Supp. 537 (S.D.N.Y. 1995) .......................................................................... 6

*Henry v. Allstate Ins. Co.,*
No. 07-1738, 2007 WL 2287817 (E.D. La. Aug. 8, 2007) ...................................... 6

*In City of Ann Arbor Employees' Ret. Sys. v. Citigroup Mortgage Loan Trust Inc.,*
703 F. Supp. 2d 253 (E.D.N.Y. 2010) ..................................................................... 8

*In N.J. Carpenters Health Fund v. DLJ Mortg. Capital, Inc.,*
No. 08 Civ. 5653(PAC), 2010 WL 1473288 (S.D.N.Y. Mar. 29, 2010) ................. 8

*In N.J. Carpenters Vacation Fund v. Royal Bank of Scotland Group, PLC,*
No. 08 CV 5093(HB), 2010 WL 1172694 (S.D.N.Y. Mar. 26, 2010) ..................... 8

*In re IndyMac Mortgage-Backed Sec. Litig.,*
718 F. Supp. 2d 495 (S.D.N.Y. 2010) ..................................................................... 8

*In re Lehman Brothers Secs. and ERISA Litig.,*
684 F. Supp. 2d 485 (S.D.N.Y. 2010) .................................................................. 7, 8

*In re Wells Fargo Mortgage-Backed Certificates Litig.,*
712 F. Supp. 2d 958 (N.D. Cal. 2010) .................................................................. 7, 8

*Kay v. Wells Fargo & Co. N.A.,*
No. C 07-01351 WHA, 2007 WL 2141292 (N.D. Cal. July 27, 2007) ................... 6

*LaDuke v. Nelson,*
762 F.2d 1318 (9th Cir. 1985) .................................................................................. 6

ii

*Lewis v. Casey*,
    518 U.S. 343 (1996) ................................................................................ 6

*Maine State Ret. Sys. v. Countrywide Fin. Corp.*,
    Case No. 2:10-cv-00302-MRP-MANx, slip op. (C.D. Cal. Nov. 4, 2010) ............................. 8

*Plumbers' Union Local No. 12 Local Pension Fund v. Nomura Asset Acceptance Corp.*,
    658 F. Supp. 2d 299 (D. Mass. 2009) .................................................... 8

*Pub. Employees' Ret. Sys. of Miss. v. Merrill Lynch & Co., Inc.*,
    714 F. Supp. 2d 475 (S.D.N.Y. 2010) .................................................... 6

*Steel Co. v. Citizens for a Better Environment*,
    523 U.S. 83 (1998) ................................................................................ 6

STATUTES

California Business and Professions Code Section 17200 ................................ 1, 3, 5, 7

OTHER AUTHORITIES

Fed. R. Civ. P. 12(b)(1) ....................................................................... iv, v, 2, 6

Fed. R. Civ. P. 12(b)(6) ............................................................................. 3

Fed. R. Civ. P. 23 ................................................................................. iv, 5

Fed. R. Civ. P. 23(c) ............................................................... iv, v, 2, 5, 6

Fed. R.  Civ. 23(c)(1) ............................................................................... 5

Fed. R. Civ. P. 23(d) ............................................................... iv, v, 2, 5, 6

Fed. R. Civ. 23(d)(4) ................................................................................ 6

Fed. R. Civ. P. 23(d)(1)(A) ........................................................................ 5

Fed. R. Civ. P. 23(d)(1)(D) ..................................................................... 5, 6

Local Rule 7-4(a)(3) ................................................................................. iii

iii

**NOTICE OF MOTION AND MOTION TO STRIKE; MPA IN SUPPORT**
**Case No. 5:08-CV-00536-JF (PVT)**

### NOTICE OF MOTION AND MOTION TO STRIKE

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on March 11, 2011 at 9:00 a.m., or as soon thereafter as counsel may be heard, defendant Countrywide Home Loans, Inc. ("CHL") will bring on for hearing before the Honorable Jeremy Fogel, United States District Judge, in Courtroom 3, 5th Floor, at the United States Courthouse, 280 South First Street, San Jose, California, its Motion to Strike Certain Class Allegations in Plaintiff's Third Amended Complaint ("TAC") pursuant to Fed. R. Civ. P. 12(b)(1) and 23(c) & (d).

CHL moves this Court to strike so much of Plaintiff Jay Ralston's ("Plaintiff") class allegations – including page 20, lines 9 through 20 of the TAC – as purport to bring within the scope of this lawsuit borrowers who obtained payment option loans from lenders other than defendant Mortgage Investors Group ("MIG") – the lender that made the payment option loan to Plaintiff that is the subject of this lawsuit.   As demonstrated in CHL's accompanying Memorandum, Plaintiff, as an MIG borrower who has no connection to any other lender and predicates his claims upon MIG's alleged fraudulent conduct, has no Article III standing to sue on behalf borrowers who obtained their loans from lenders other than MIG.[1]

---

[1] This Motion is directed to only one aspect of Plaintiff's putative class allegations.   CHL specifically denies that this case (or any part of it) may be properly certified for class treatment under Fed. R. Civ. P. 23, and expressly reserves all rights to oppose any motion for class certification Plaintiff may file.

NOTICE OF MOTION AND MOTION TO STRIKE; MPA IN SUPPORT
Case No. 5:08-CV-00536-JF (PVT)

1

**STATEMENT OF THE ISSUE TO BE DECIDED**

2    Pursuant to Civil Local Rule 7-4(a)(3), CHL sets forth the following statement of issue to

3 be decided:

4    1.    Whether Plaintiff's class allegations, including page 20, lines 9 through 20 of the

5 TAC, should be stricken pursuant to Fed. R. Civ. P. 12(b)(1) and 23(c) & (d) to the extent he seeks

6 to represent borrowers who, unlike him, obtained their payment option loans from lenders other

7 than MIG, because, as a matter of law, Plaintiff lacks standing to represent such borrowers.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION TO STRIKE; MPA IN SUPPORT**
**Case No. 5:08-CV-00536-JF (PVT)**

### MEMORANDUM OF POINTS AND AUTHORITIES

Countrywide Home Loans, Inc. ("CHL") submits this Memorandum in support of its Motion to Strike Certain of Plaintiff's Class Allegations ("Motion" or "Motion to Strike").

### INTRODUCTION

This putative class action lawsuit arises from a so-called payment option loan that plaintiff Jay Ralston ("Plaintiff" or "Ralston") obtained from defendant Mortgage Investors Group ("MIG") in 2005.   That loan was later sold to CHL by MIG under the parties' then-existing correspondent lending relationship.  Plaintiff purports to assert claims against MIG and CHL for fraudulent omissions and violations of California Business and Professions Code Section 17200 ("UCL") based upon certain alleged omissions made by MIG prior to and at the inception of his loan.

This Court has found that the "thrust" of Ralston's claims is that "MIG concealed or suppressed" from him "the material fact that negative amortization was *certain* to occur by stating that negative amortization *may* occur. . . ."  *Order Denying Motions to Dismiss* at 7 (Aug. 12, 2010) ("August 2010 Order") (emphasis in original).  Plaintiff alleges that MIG is directly liable for this purported fraudulent omission.  He also claims that CHL is derivatively liable for MIG's conduct because it purportedly "aided and abetted" MIG's fraudulent omissions.  *Id*. at 7, 10.  Thus, as pled and construed by this Court, Plaintiff's claims against CHL are predicated upon and inextricably intertwined with the alleged misconduct of MIG.

Despite this, Plaintiff purports to sue on behalf of a putative class consisting of all California borrowers who obtained payment option loans that CHL purchased after closing – whether or not the original lender was MIG.  *Third Amended Complaint* ("TAC"), ¶ 57 (defining one of the two putative classes to encompass all California borrowers who, at any time since January 24, 2004, had a payment option loan "originated by a lender other than [CHL]" and "subsequently assigned or sold to" CHL).[2]  As set forth in CHL's opposition to Plaintiff's motion to compel, contemporaneously filed, there were over 1,200 lenders (other than MIG) from which

---

[2]   Plaintiff's other putative class is limited to borrowers who had a payment option loan "originated by [MIG] on their home located in the State of California…."  *TAC*, ¶ 57.  This Motion is not directed to that putative class.

**NOTICE OF MOTION AND MOTION TO STRIKE; MPA IN SUPPORT**
**Case No. 5:08-CV-00536-JF (PVT)**

CHL purchased over 160,000 such loans during the subject time period.  Against this background, this Motion presents the threshold question – relevant to both discovery and class certification proceedings – of whether this lawsuit is properly limited to payment option loans originated by MIG and subsequently sold to CHL.

That question must be answered in the affirmative, because Plaintiff lacks Article III standing to prosecute any claims on behalf of borrowers who did not deal with MIG.  This is because Plaintiff suffered no injury traceable to the conduct of any lender other than MIG.  Nor has Plaintiff suffered any injury traceable to CHL's purported aiding and abetting of the loan origination conduct of lenders other than MIG.  This lack of a traceable injury deprives Plaintiff of standing to sue on behalf of non-MIG borrowers.  *See* Section II(B), *infra* (citing cases).

Perhaps recognizing this standing issue, Plaintiff's counsel have brought eight other lawsuits against mortgage lenders that made and later sold payment option loans to CHL – and limited the putative classes to borrowers with loans made only by that defendant-lender in each of them.  *See* Section I(B), *infra*.  Only after CHL started having success in securing the dismissal of parts or all of those cases did Plaintiff's counsel elect to amend the complaint here to plead a putative class purporting to encompass payment option loans made by <u>any</u> lender and later sold to CHL.  The reason they did so obvious:  a desire to litigate substantially-similar claims in multiple forums, in the hopes of securing a favorable result.  This Court should not countenance such conduct.

For these reasons and the additional reasons discussed below, this Court should enter an order under Fed. R. Civ. P. 23(c) & (d) to limiting the scope of the putative class in this lawsuit to California borrowers, like Plaintiff, who obtained payment option loans from MIG, which were later sold to CHL under the parties' correspondent lending relationship.  Plaintiff lacks Article III standing to sue on behalf of any person who did not obtain a payment option loan from MIG.  Fed. R. Civ. P. 12(b)(1) and 23(c) & (d).

NOTICE OF MOTION AND MOTION TO STRIKE; MPA IN SUPPORT
Case No. 5:08-CV-00536-JF (PVT)

# I. BACKGROUND

**A.    THIS LAWSUIT.**

Plaintiff first filed this putative class action lawsuit against MIG on January 28, 2008, limiting the putative class to borrowers who obtained payment option loans from MIG. *Complaint*, ¶ 53 (Dkt. No. 1).  He continued that limitation in his first amended complaint filed against MIG on May 8, 2008 ("FAC").  *FAC*, ¶ 46 (Dkt. No. 17).  Following the partial dismissal of the FAC, Plaintiff filed his second amended complaint ("SAC") in April 2009.  *See SAC* (Dkt. No. 78).  The SAC added CHL, among other entities, as a defendant and amended the putative class definition to include borrowers who obtained payment option loans from MIG or who obtained such loans sold, purchased or owned by any "Defendant."  *Id.*, ¶ 32.  CHL (and several of its co-defendants) filed successful Rule 12(b)(6) motions to dismiss the SAC.  *Order Granting Motions to Dismiss with Leave to Amend; and Granting Motion to Stay Discovery as to Moving Parties* (Mar. 22, 2010) (Dkt. No. 119).

Thereafter, in April 2010, Plaintiff filed the now operative third amended complaint ("TAC").  *See TAC* (Dkt. No. 142).  In the TAC, Plaintiff alleges that MIG failed to disclose certain information about the negative amortization and interest rate features of his loan prior to and at its closing.  He alleges that MIG's purported omissions give rise to direct claims against it for fraudulent omissions and violation of the UCL.  *Id.*, ¶¶ 3, 72, 76; *see also* ¶¶ 66-109.  In addition, he purports to bring these same claims against CHL, which purchased Plaintiff's MIG loan after it was made, under the theory that it aided and abetted MIG's purported fraudulent omissions and violations of the UCL.  *Id.*, ¶¶ 4, 74; *see also August 2010 Order* at 7-8.  And, based upon these allegations and theories, Plaintiff purports to represent two putative classes:

- <u>Class One</u>: borrowers who obtained a payment option loan "originated by a lender other than [CHL] and subsequently assigned or sold to [CHL] on their home located in the State of California or for which the loan documents were approved in or emanated from California or from a California Defendant" ("Class One")  *id.*, ¶ 57; and

---

3

**NOTICE OF MOTION AND MOTION TO STRIKE; MPA IN SUPPORT**
**Case No. 5:08-CV-00536-JF (PVT)**

- <u>Class Two</u>:  borrowers who obtained a payment option loan "originated by [MIG] on their home located in the State of California or for which the loan documents were approved in or emanated from California or from a California Defendant."  *Id.*

This Motion is directed to Class One to the extent it purports to include borrowers who obtained a payment option loan "originated by a lender" other than MIG.

**B.     OTHER PAYMENT OPTION LOAN LAWSUITS FILED BY PLAINTIFF'S COUNSEL.**

As this Court is aware, this is not the only lawsuit concerning payment option loans filed by Plaintiff's counsel in the state and federal courts of California.  Beyond this one, Plaintiff's counsel have filed dozens of others throughout California against payment option loan lenders and entities to which such loans were sold and/or assigned after origination.  Notably, however, CHL's research has not identified a single case other than this one where Plaintiff's counsel has included a putative class definition that purports to include all loans sold or assigned to a particular entity after origination regardless of the lender that made them.  And, with the recent exception of this case, every other payment option lawsuit – eight in total – Plaintiff's counsel have filed against CHL (and its related entities) since 2007 based upon its status as a subsequent purchaser of payment option loans is limited to such loans made by a specific defendant-lender.  *See Amparan v. Plaza Home Mortgage, Inc.*, No. 5:07-cv-04498-JF (RSx) (Fogel, J.); *Avila v. OneWest Bank, FSB*, No. CV08-0419 AG (CTx) (C.D. Cal.); *Baker v. Aegis Wholesale Corp.*, No. 4:09-cv-05280 PJH (N.D. Cal.); *Jackson v. Nationwide Discount Home Loans, Inc.*, No. 5:08-cv-00063-AG-CT (C.D. Cal.); *Love v. First Mortgage Corp.*, No. 30-2010-00342535 (Orange County Sup. Ct.); *Rohrmann v. First Metropolitan Funding Corp.*, No. SACV 08-0313 AG (CTx) (C.D. Cal.); *Romero v. Countrywide Home Loans, Inc.*, No. 5:07-cv-04491-JF (N.D. Cal.); *Thibault v. American Mortgage Network, Inc.*, No. 109CV158417 (Santa Clara Sup. Ct.).[3]

Since these eight lawsuits assert (or asserted prior to their dismissal) claims against CHL (or its affiliated entities) on behalf of borrowers who obtained their payment option loans from lenders other than MIG, the case at bar is duplicative and overlapping.  There is improper forum

---

[3] Copies of the relevant excerpts of the complaints in these cases are attached to the Request for Judicial Notice ("RJN") as Exhibits A to H.

**NOTICE OF MOTION AND MOTION TO STRIKE; MPA IN SUPPORT**
**Case No. 5:08-CV-00536-JF (PVT)**

1  shopping and duplication going-on here.[4]  In any event, as pertinent to this Motion, the other eight

2  lawsuits illustrate the standing issue perfectly, for those cases (unlike this one) are limited to

3  claims that the named-borrower(s) actually could bring.  As discussed below, this case should

4  have been similarly pled – due to Article III – and this Court should order the class in this case

5  limited in a similar fashion.

6                                       **II. ARGUMENT**

7  **A.    CHL'S MOTION TO STRIKE UNDER RULES 23(C) & (D) IS THE PROPER VEHICLE TO
8          CHALLENGE PLAINTIFF'S STANDING TO ASSERT HIS CLAIMS ON BEHALF OF NON-MIG
        BORROWERS.**

9          It is well-settled that, before certifying a class, a district court must conduct a rigorous

10 analysis of the requirements set out in Rule 23.  *Amchem Prods.*, *Inc. v. Windsor*, 521 U.S. 591,

11 614 (1997); *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982).  Under Rule 23(c)(1)

12 and Rule 23(d)(1)(A) & (D), this Court is empowered to determine whether a class could be

13 maintained and, if proper, order that deficient class allegations be stricken.  Fed. R. Civ. P.

14 23(d)(1)(A) & (D) ("In conducting an action under this rule, the court may issue orders that . . .

15 [A] determine the course of proceedings or prescribe measures to prevent undue repetition or

16 complication in presenting evidence or argument . . . [or] [D] require that the pleadings be

17 amended to eliminate allegations about representations of absent persons and that the action

18 proceed accordingly.").  Following these rules, this Court has recognized that motions to strike

19 such as this are an appropriate means to weed out legally-inadequate class claims early in the case.

20 _____

21 [4] This lawsuit purports, among other things, to give persons who have lost or voluntarily
   abandoned their claims against CHL a second bite at the apple in this action.  For example, in
22 *Love* and *Thibault*, the California Superior Court (Andler and Huber, JJ.) sustained CHL's
   demurrers as to fraudulent omissions and UCL claims predicated upon allegations of aiding and
23 abetting similar to those advanced by Plaintiff here.  *Thibault v. American Mortgage Network,
   Inc.*, No. 109CV158417, slip op. (Santa Clara Sup. Ct. Oct. 29, 2010) (*RJN*, Exh. M); *Love v. First
24 Mortgage Corp.*, No. 30-2010-00342535, slip op. (Orange County Sup. Ct. Oct. 14, 2010) (*RJN*,
   Exh. K).  Similarly, in *Baker* and *Rohrmann*, this Court (Hamilton, J.) and the Central District
25 (Guilford, J.) dismissed fraudulent omissions claims against CHL like Plaintiff's here as time-
   barred.  *Baker v. Aegis Wholesale Corp.*, No. 4:09-cv-05280 PJH, slip op. (N.D. Cal. July 21,
26 2010) (*RJN*, Exh. I);  *Rohrmann v. First Metropolitan Funding Corp.*, No. SACV 08-0313 AG
   (CTx), slip op. (C.D. Cal. May 10, 2010) (*RJN*, Exh. L).  And, in *Jackson*, plaintiffs voluntarily
27 dismissed their claims against CHL with prejudice. *Jackson v. Nationwide Discount Home Loans,
   Inc.*, No. 5:08-cv-00063-AG-CT (C.D. Cal. Jan. 20, 2010) (Order of Dismissal) (*RJN*, Exh. J).

28

**NOTICE OF MOTION AND MOTION TO STRIKE; MPA IN SUPPORT**
**Case No. 5:08-CV-00536-JF (PVT)**

1    *Kay v. Wells Fargo & Co. N.A.*, No. C 07-01351 WHA, 2007 WL 2141292, at *2-3, 6 (N.D. Cal.

2    July 27, 2007) (granting motion to strike plaintiffs' allegations of equitable tolling for putative

3    class members); *see also Henry v. Allstate Ins. Co.*, No. 07-1738, 2007 WL 2287817, at *3 (E.D.

4    La. Aug. 8, 2007) (striking class claims that, on their face, could not meet Rule 23(b)(3)'s

5    predominance requirement); *see also Eisen v. Carlise & Jacquelin*, 417 U.S. 156, 184 n.6 (1974)

6    (stating that under Rule 23(d)(4) (the precursor to Rule 23(d)(1)(D)), the trial court may "require

7    that pleadings be amended to eliminate class allegations").

8    **B.    PLAINTIFF LACKS STANDING TO ASSERT HIS CLAIMS ON BEHALF OF BORROWERS THAT
           OBTAINED THEIR PAYMENT OPTION LOANS FROM LENDERS OTHER THAN MIG.**

9

10          Plaintiff's class allegations must be stricken under Rules 12(b)(1) and 23(c) & (d) as to

11   borrowers who did not obtain a payment option loan from MIG because he lacks Article III

     standing to sue CHL for its alleged aiding and abetting of the acts of lenders other than MIG.

12
            Standing is a critical threshold question in every putative class action that must be
13
     determined prior to class certification. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83,
14
     94-95, 101 (1998) (standing is an "antecedent question" which is "inflexible and without
15
     exception"); *LaDuke v. Nelson*, 762 F.2d 1318, 1325 (9th Cir. 1985) (standing "is a jurisdictional
16
     element that must be satisfied prior to class certification."); *see also Culver v. City of Milwaukee*,
17
     277 F.3d 908, 910 (7th Cir. 2002) (fate of the class lies to a "considerable extent" with a single
18
     plaintiff unknown to class members and who often has only a nominal stake in the litigation).
19
            Plaintiff cannot avoid the standing inquiry merely by styling his suit as a class action.
20
     *Forsythe v. Sun Life Fin., Inc.*, 417 F. Supp. 2d 100, 119 (D. Mass. 2006).  Indeed, it is well-
21
     settled that a plaintiff "may not use the procedural device of a class action to bootstrap [himself]
22
     into standing [he] lack[s]."  *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 548
23
     (S.D.N.Y. 1995) (citation omitted); *see also Pub. Employees' Ret. Sys. of Miss. v. Merrill Lynch &
24
     Co., Inc.*, 714 F. Supp. 2d 475, 480 (S.D.N.Y. 2010) ("It is black letter law that a rule of procedure
25
     cannot create standing.").  "Even named plaintiffs who represent a class must allege and show that
26
     they personally have been injured, not that the injury has been suffered by other, unidentified
27
     members of the class to which they belong and which they purport to represent." *Lewis v. Casey*,
28

**NOTICE OF MOTION AND MOTION TO STRIKE; MPA IN SUPPORT**
**Case No. 5:08-CV-00536-JF (PVT)**

1  518 U.S. 343, 357 (1996). The law thus requires that, "in a class action, as in any other lawsuit,

2  the named plaintiff[]" must have standing to assert every claim alleged in the complaint. *In re*

3  *Lehman Brothers Secs. and ERISA Litig.*, 684 F. Supp. 2d 485, 490-91 (S.D.N.Y. 2010).

4  Standing, of course, requires a plaintiff to "demonstrate that [he] has personally suffered an *injury*

5  *in fact* that is *fairly traceable to a defendant's alleged misconduct* and is *likely to be redressed* by

6  a decision in the plaintiff's favor." *In re Wells Fargo Mortgage-Backed Certificates Litig.*, 712 F.

7  Supp. 2d 958, 964 (N.D. Cal. 2010) (emphasis added).

8  Plaintiff lacks Article III standing to assert any class claims against lenders other than MIG

9  or against CHL for its conduct with respect to those other lenders because his alleged injury – the

10  purchase of his payment option loan – arises only from alleged misconduct of MIG and the aiding

11  and abetting of that conduct by CHL. *TAC*, ¶¶ 3, 4, 74; *see also* ¶¶ 66-109; *August 2010 Order* at

12  7-8. Plaintiff did not obtain his payment option loan from any lender other than MIG. In

13  consequence, he has not suffered (and cannot demonstrate) any injury traceable to the conduct of

14  any of the hundreds of other lenders from which other borrowers obtained payment option loans

15  later sold to CHL. Since Plaintiff cannot trace his injury to the conduct of any of those other

16  lenders, he also cannot trace his alleged injury to any conduct by CHL in purportedly aiding and

17  abetting of the purported acts of those other lenders. This lack of traceable injury deprives

18  Plaintiff of standing to sue CHL for any purported injury to the non-MIG borrowers.

19  Counsel for Plaintiff's prosecution of the other payment option loan cases filed by them

20  purporting to assert claims against defendant-lenders and CHL (and its affiliated entities) suggests

21  that they agree. Indeed, Plaintiff's counsel, in each of the eight other cases, limited the putative

22  classes to payment option loans made by a particular lender and later sold to CHL. Section I(B),

23  *supra*. Moreover, in a recent filing in the *Thibault* case, Plaintiff's counsel took the position that

24  lender-specific facts and circumstances were relevant to the resolution of the *Thibault* plaintiffs'

25  aiding and abetting of fraudulent omissions and UCL theories. *RJN*, Exh. O.[5]

26

27  ---
[5] After CHL's demurrer was sustained in *Love*, it filed the Superior Court's decision in *Thibault* as supplemental authority in support of its then pending demurrer. *RJN*, Exh. N. In opposing that submission, Plaintiff's counsel argued that the *Love* decision should be disregarded because it was

28  based upon "different loan documents" than at issue in *Thibault*. *RJN*, Exh. O.

7

The conclusion that Plaintiff lacks standing to represent non-MIG borrowers is reinforced by consideration of very recent and well-developed standing caselaw from this and numerous other federal courts in mortgage-backed securities lawsuits. Those lawsuits involve putative class claims by purchasers against sellers of such securities. In many of these cases, the named-plaintiff purchasers purported to represent investors that purchased securities in offerings from which the named-plaintiffs did not themselves buy. This court and numerous others have rejected these attempts, concluding that the named-plaintiffs had Article III standing only to represent investors that actually purchased securities in the same, specific offerings as the named-plaintiffs did. *See, e.g.*, *Wells Fargo*, 712 F. Supp. 2d at 964 (observing that other courts have "overwhelming held that the lead plaintiffs named in the complaint lack standing to challenge any offering through which no lead plaintiff actually purchased a security"); *Maine State Ret. Sys. v. Countrywide Fin. Corp.*, Case No. 2:10-cv-00302-MRP-MANx, slip op. at 5-8 (C.D. Cal. Nov. 4, 2010); *In re IndyMac Mortgage-Backed Sec. Litig.*, 718 F. Supp. 2d 495, 501 (S.D.N.Y. 2010) ("named plaintiffs have standing only with respect to offerings in which they purchased securities," and "the claims based on the [91] offerings in which named plaintiffs have not purchased are dismissed"); *Merrill Lynch*, 714 F. Supp. 2d at 480-81 (standing "requires plaintiffs to have been personally injured, and plaintiffs thus have no standing to assert claims in relation to [offerings] in which plaintiffs did not personally invest"); *In re Wells Fargo*, 712 F. Supp. 2d at 964 (observing that other courts have "overwhelmingly held that the lead plaintiffs named in the complaint lack standing to challenge any offering through which no lead plaintiff actually purchased a security"); *In City of Ann Arbor Employees' Ret. Sys. v. Citigroup Mortgage Loan Trust Inc.*, 703 F. Supp. 2d 253, 259-60 (E.D.N.Y. 2010); *In N.J. Carpenters Health Fund v. DLJ Mortg. Capital, Inc.*, No. 08 Civ. 5653(PAC), 2010 WL 1473288, at *4 (S.D.N.Y. Mar. 29, 2010); *In N.J. Carpenters Vacation Fund v. Royal Bank of Scotland Group, PLC*, No. 08 CV 5093(HB), 2010 WL 1172694, at *8 (S.D.N.Y. Mar. 26, 2010); *In re Lehman Bros. Sec. and ERISA Litig.*, 684 F. Supp. 2d 485, 490 (S.D.N.Y. Feb. 17, 2010); *Plumbers' Union Local No. 12 Local Pension Fund v. Nomura Asset Acceptance Corp.*, 658 F. Supp. 2d 299, 303-04 (D. Mass. 2009). In so concluding, these courts explained that standing was lacking because the named-plaintiffs suffered no injury traceable to

8

1    the conduct of the defendant in the transactions in which they did not buy.  *Id*.  The same

2    reasoning and conclusion applies with equal force here.  As with the named-plaintiffs in mortgage

3    backed securities cases, Plaintiff here lacks standing to sue CHL for its alleged conduct in aiding

4    and abetting the conduct of lenders other than MIG, because he has suffered no injury traceable to

5    the making of payment option loans by any lender other than MIG.

6                                    **III. CONCLUSION**

7            WHEREFORE, for all the foregoing reasons, CHL respectfully requests that this Court

8    strike Plaintiff's class allegations, including page 20, lines 9 through 20 of the TAC, to the extent

9    they purport to assert claims on behalf of non-MIG borrowers, and order that this lawsuit is

10   limited to borrowers who obtained payment option loans from MIG and later sold to CHL during

11   the subject time period.

                                                         Respectfully submitted,

12

13   Dated: December 3, 2010          By:   /s/ Brooks R. Brown
                                             Brooks R. Brown
                                             *bbrown@goodwinprocter.com*
14                                           **GOODWIN PROCTER LLP**
                                             10250 Constellation Blvd., 24th Floor
15                                           Los Angeles, California  90067
                                             Tel.:  310.788.5100
16
                                             Robert B. Bader
17                                           *rbader@goodwinprocter.com*
                                             **GOODWIN PROCTER LLP**
18                                           Three Embarcadero Center, 24th Floor
                                             San Francisco, CA 94111
19                                           Tel.:  415.733.6000

20                                           ***Attorneys for Defendant***
                                             Countrywide Home Loans, Inc.
21

22

23

24

25

26

27

28

                                              9

**NOTICE OF MOTION AND MOTION TO STRIKE; MPA IN SUPPORT**
**Case No. 5:08-CV-00536-JF (PVT)**

1

## <u>PROOF OF SERVICE</u>

2

I further certify that this document filed through the ECF system will be sent

3

electronically to the registered participants as identified on the Notice of Electronic Filing
(NEF) and paper copies will be sent to those indicated as non registered participants on December

4

3, 2010.

5

6

/s/ Brooks R. Brown

Brooks R. Brown

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION TO DISMISS; MPA IN SUPPORT**
**Case No. 5:08-CV-00536-JF (RSx)**