UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAY RALSTON,<br><br>     Plaintiff,<br><br>     v.<br><br>MORTGAGE INVESTORS GROUP, INC.,<br>et al.,<br><br>     Defendants. | Case No.: C 08-0536 JF (PSG)<br><br>**ORDER** RE PLAINTIFF'S MOTION TO COMPEL FURTHER DISCOVERY RESPONSES FROM DEFENDANT COUNTRYWIDE HOME LOANS, INC.<br><br>**(Re: Docket No. 158)** |

On December 21, 2010, the parties appeared for hearing on Plaintiff's Motion to Compel Further Discovery Responses from Defendant Countrywide Home Loans, Inc. ("Countrywide"). Based on the briefs and arguments submitted,

IT IS HEREBY ORDERED that Countrywide's objection to producing documents and interrogatory responses related to loan originators other than Defendant Mortgage Investors Group, Inc. ("MIG") is OVERRULED. In light of the plain language of the proposed class in Plaintiff's Third Amended Complaint, documents related to other loan originators are relevant to class certification issues.[1] The pendency of Countrywide's motion to strike the class allegations related to

---

[1] See Docket No. 152 at 6:16-22 ("Ralston alleges that 'Countrywide designed and approved, and MIG *and other originators* issued, marketed and sold, the Notes, which set forth a teaser rate that was only in effect for 30 days and approved the TILDS which set forth payments based upon those teaser rates for the first three to five years of the loan.'"); 2:16-18 ("Ralston alleges that Countrywide 'concocted and implemented' a fraudulent scheme under which MIG *and other mortgage*

ORDER, *page 1*

other loan originators does not warrant delaying this discovery because any such delay would prejudice Plaintiff and Countrywide fails to show why it could not have brought its motion to strike earlier.[2]

IT IS FURTHER ORDERED that, no later than January 28, 2011, Countrywide shall produce a statistically valid sample of the documents related to either MIG or any loan originator other than MIG that are responsive to any of the following Document Requests:  Document Request Nos. 5, 6 or 15 of Set One, or Document Request Nos. 1, 2, 3, 5, 6, 7, 8, 9, 13 or 14 of Set Two.  After production of this sample, the parties shall further meet and confer regarding whether further supplementation of the production and/or interrogatory responses is warranted.[3]  Notwithstanding the foregoing, if any of the document requests call for information that is available in Countrywide's "Sapphire" database, Countrywide shall provide a complete production of that electronic data–including the identity of the Sapphire database fields–*in addition to* the sampling of responsive documents.[4]

---

*originators* marketed Option Adjustable Rate Mortgage ('Option ARM') loans using deceptive loan documents."); 2:26-27 ("the ability of MIG *and other loan originators* to issue Option ARM loans was wholly dependent on Countrywide purchasing the loans shortly after origination."); 2:27-33 ("Moreover, MIG *and other loan originators* did not use their own assets to fund Option ARM loans, but borrowed money from warehouse lenders, often affiliates of Countrywide.") (emphasis added).

[2]     Countrywide was on notice of the scope of Plaintiff's class allegations no later than April 28, 2010, when Plaintiff filed his Third Amended Class Action Complaint.  The parties met and conferred regarding discovery related to other loan originators on August 20, 2010.  Yet Countrywide waited until December 3, 2010, after Plaintiff filed this motion to compel, to file its motion to strike.  If Countrywide truly believed information related to other loan originators should not be within the scope of discovery, it should have either included its standing argument in its motion to dismiss the Third Amended Class Action Complaint, or else filed its motion to strike early enough for it to be ruled on *before* Plaintiff needed the discovery for use in his class certification motion.

[3]     *See* Advisory Committee Notes to 2006 Amendments to Rule 26(b)(2) ("[T]he parties may need some focused discovery, which may include sampling of the sources, to learn more about what burdens and costs are involved in accessing the information, what the information consists of, and how valuable it is for the litigation in light of information that can be obtained by exhausting other opportunities for discovery."); *Kipperman v. Onex Corp.*, 260 F.R.D. 682 (N.D. Ga. 2009).  If Countrywide wishes to avoid a further order compelling production of *all* documents responsive to these requests, then it must stipulate in writing that the sample produced is statistically valid and representative of all responsive documents, and that it will not argue that Plaintiff's showing of the requirements of Federal Rules of Civil Procedure 23 is deficient based on any responsive documents not produced as part of the sampling.

[4]     Production of the electronic data is not sufficient to replace production of actual documents because Countrywide informed Plaintiff that reports provided from Countrywide's Sapphire database were not verified, updated, quality checked or otherwise tested to ensure it reflected the actual

1      IT IS FURTHER ORDERED that Plaintiff's motion is GRANTED-IN-PART as to Document Request Nos. 7 and 8 (Set One).  No later than January 28, 2011, Countrywide shall produce all agreements between it and any document preparation service regarding payment option loan documents, as well as all forms of payment option loan documents Countrywide suggested[5] the document preparation service use at any time during the class period (including any forms of documents provided prior to the class period that would still have been in use during the class period), along with any related instructions, limitations on, or guidelines for completion of the documents.  The information is relevant to Plaintiff's claims and Countrywide has not demonstrated producing the documents would impose an undue burden.  The motion is DENIED to the extent these requests seek *all* communications and correspondence between Countrywide and document preparation services.  Plaintiff has not shown that the benefit from production of all such communications and correspondence justifies Countrywide's burden in making such a production.[6]

       IT IS FURTHER ORDERED that Plaintiff's motion is GRANTED as to Document Request No. 23 (Set One).  No later than January 4, 2011, Countrywide shall produce its document retention policies in effect during the class period.  Pursuant to Rule 26(b)(1), parties are entitled to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, "including the existence, description, nature, custody, condition, and location of any documents."  Document retention policies allow a party to discover information about the existence, custody and location of relevant documents, and thus facilitate efficiency in discovery.  The court thus construes Rule 26(b)(1) as including within the scope of discovery a party's document retention policies.  *See* FED.R.CIV. 1 (Federal Rules of Civil Procedure "should be construed and administered to secure the

---

facts that would be reflected in the hard copies of the loan documents.  (*See* Anderson Declaration filed herein on 11/16/10 (dkt # 159-3), Exh. M.)  Moreover, Countrywide has declined to represent that the data had not been overwritten, changed or corrupted since it was entered into the system, or that the data reflects accurate information.  (*Ibid*.)

[5]   By "suggested," the court means suggested that a document preparation service use, required the service to use, or simply made available for the service to use.

[6]   *See Rimkus Consulting Group, Inc. v. Cammarata*, 688 F.Supp.2d 598, 613 (S.D. Tex. 2010) ("Whether preservation or discovery conduct is acceptable in a case depends on what is *reasonable*, and that in turn depends on whether what was done-or not done-was proportional to that case and consistent with clearly established applicable standards.").

just, speedy, and inexpensive determination of every action and proceeding"); *see also, e.g., Doe v. District of Columbia*, 230 F.R.D. 47, 55-56 (D.D.C. 2005) (finding the plaintiff was entitled to "request information as to the 'existence,' 'custody,' or 'condition' of documents, thereby establishing defendant's policies and procedures of document retention and production"); *see also, Nike, Inc. v. Brandmania.com, Inc.*, No. Civ.A. 00-5148, 2002 WL 32348549, at *12 (E.D.Pa. Oct.7, 2002) ("Document retention policies have been held discoverable in other cases.") (citations omitted).

IT IS FURTHER ORDERED that Plaintiff's motion is GRANTED as to Interrogatory Nos. 1 and 2. The information is relevant to Plaintiff's claims and Countrywide has not demonstrated producing the documents would impose an undue burden. Countrywide shall serve supplemental responses no later than January 28, 2011.

IT IS FURTHER ORDERED that, no later than February 4, 2011, the parties shall submit a joint statement regarding the status of the supplementation of the document production and the interrogatory responses, and setting forth any remaining disputes regarding the document requests and interrogatories at issue in this motion.[7]

Dated: *December 22, 2010*

PAUL S. GREWAL
United States Magistrate Judge

---

[7] Based on the representation of Plaintiff's counsel at oral argument, Plaintiff's motion to compel production in response to Request No. 9, Set One, is DENIED as MOOT.

ORDER, *page 4*