UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAY RALSTON,<br><br>   Plaintiff,<br><br>  v.<br><br>MORTGAGE INVESTORS GROUP, INC.,<br>et al.,<br><br>   Defendants. | Case No.: C 08-0536 JF (PSG)<br><br>**ORDER GRANTING DEFENDANT COUNTRYWIDE HOME LOANS, INC.'S MOTION TO STAY ORDER ON MOTION TO COMPEL**<br><br>**(Re: Docket No. 189)** |

  On January 11, 2010, Defendant Countrywide Home Loans, Inc. ("Countrywide") filed a Motion to Stay or Extend Time to Comply with December 23, 2010 Discovery Order. Plaintiff opposed the motion. Based on the moving and opposition papers submitted,

  IT IS HEREBY ORDERED that Countrywide's motion to stay is GRANTED with regard to: 1) the portion of the December 23, 2010 Discovery Order which overruled Countrywide's objection to producing documents and interrogatory responses related to loan originators other than Defendant Mortgage Investors Group, Inc.; and 2) the portion of the December 23, 2010 Discovery Order which required Countrywide to produce a statistically valid sample of the documents related to either MIG or any loan originator other than MIG that are responsive to any of the following Document Requests: Document Request Nos. 5, 6 or 15 of Set One, or Document Request Nos. 1, 2, 3, 5, 6, 7,

1  8, 9, 13 or 14 of Set Two.[1] The court has broad discretion in controlling discovery. *See, e.g., Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).[2] Contrary to Plaintiff's argument, Civil Local Rule 37-1(a) does not require a party to meet and confer before moving to stay a court order.[3] A stay is clearly warranted because otherwise Countrywide would be required to comply with the disputed portions of the December 23, 2010 Discovery Order before completion of the briefing schedule set by Judge Fogel on Countrywide's objection.[4]

IT IS FURTHER ORDERED that the foregoing stay shall be deemed vacated after Judge Fogel rules on Countrywide's objection to the December 23, 2010 Discovery Order. If any further document production and/or supplemental interrogatory response remains due under the December 23, 2010 Discovery Order after Judge Fogel issues his ruling, the parties shall promptly meet and confer regarding the deadline for such production and/or supplemental response. If the parties cannot agree on a deadline, then within five court days after Judge Fogel's ruling, the parties shall file briefs setting forth their respective positions with regard to the deadline.

Dated: *January 26, 2011*

PAUL S. GREWAL
United States Magistrate Judge

---

[1] These are the only portions of the December 23, 2010 Discovery Order objected to by Countrywide.

[2] Plaintiff cites no authority for applying the standards for imposing a stay of judgment pending appeal to a motion to stay a discovery order pending review by a District Judge.

[3] Civil L.R. 37-1(a) provides, in pertinent part: "The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to FRCivP 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues." Federal Rules of Civil Procedure 37 requires a party to meet and confer before filing a motion to compel discovery or disclosures, or before filing a motion for sanctions pursuant to Rule 37(d)(1). Nothing in the aforementioned rules purports to apply to motions to stay the operation of a court order.

[4] The court notes that the parties obtained a stipulated order from Judge Fogel vacating the schedule for the class certification motion precisely because of Countrywide's pending objection to the December 23, 2010 Discovery Order. The undersigned set the January 28, 2010 deadline for Countrywide to produce the subject documents based on the then-impending deadline for Plaintiff to file his class certification motion. Now that the class certification motion filing deadline has been vacated, there is no reason not to stay the document production deadline in order to allow Countrywide's objection to the December 23, 2010 Discovery Order to be heard.