LORI E. ANDRUS (SBN 205816)
JENNIE LEE ANDERSON (SBN 203586)
ANDRUS ANDERSON LLP
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Telephone: (415) 986-1400
Fax: (415) 986-1474
lori@andrusanderson.com
jennie@andrusanderson.com

*Attorneys for Plaintiff and the Proposed Class*

ROLAND P. REYNOLDS (SBN 150864)
PALMER, LOMBARDI & DONOHUE LLP
888 West 6th Street, 12th Floor
Los Angeles, CA 90017
Telephone: (213) 688-0430
Fax: (213) 688-0440
rreynolds@pldlawyers.com

*Attorneys for Defendants Mortgage Investors Group, Inc., and Mortgage Investors Group, a general partnership*

(Additional counsel appear on signature page)

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JAY RALSTON, On Behalf Of Himself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MORTGAGE INVESTORS GROUP, INC.; MORTGAGE INVESTORS GROUP, a general partnership; COUNTRYWIDE HOME LOANS, INC. AND DOES 3-10,<br><br>Defendants. | Case No. 08-CV-00536 JF-PSG<br><br>**AMENDED STIPULATED PROTECTIVE ORDER (as modified by the court in Sections 1, 2.3, 10.2 & 12.4)**<br><br>Judge:        Hon. Jeremy Fogel<br>Magistrate:  Hon. Paul S. Grewal |

Goodwin Procter LLP
10250 Constellation Blvd.
Los Angeles, California 90067

**1.     PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.     DEFINITIONS**

2.1     <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter, including but not limited to answers to interrogatories, responses to requests for production, responses to requests for admission, deposition and exhibits, and transcripts of depositions and hearings (or portions of such transcripts).

2.3     <u>Confidential Information</u>: For the purposes of this Order, "Confidential Information" is information that qualifies for protection under FRCP26(c), which may include:

(a)     Information that constitutes a trade secret in accordance with Uniform Trade Secrets Act;

(b)     Non-public communications with regulators or other governmental bodies that are protected from disclosure by statute or regulation;

(c)     Information, materials, and/or other documents reflecting non-public

business or financial strategies, and/or confidential competitive information which, if disclosed, would result in competitive harm to the disclosing party;

    (d) Information subject to federal or state privacy rights;

    (e) individual personal information that is protected from disclosure under state or federal law, including identifying personal financial information, about any Party, any employee of any Party, or any third party; and

    (f) information regarding any individual's banking or lending relationships, including, without limitation, information regarding the individual's mortgage or credit history.

  2.4 <u>Private Consumer Information</u>:  Borrower-specific and/or credit applicant-specific information, including private consumer information that contains identifying, contact or private financial information provided by a consumer to a financial institution, resulting from any transaction with the consumer or any service performed for the consumer, or otherwise obtained by the financial institution, including any list, description, or other grouping of consumers (and publicly available information pertaining to them) that is derived using any nonpublic personal information, including any "nonpublic personal information" such as identified by the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq*.

  2.5 <u>Receiving Party</u>:  a Party and his, her or its counsel of record in this litigation that receives Disclosure or Discovery Material from a Producing Party.

  2.6 <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this action.

  2.7 <u>Designating Party</u>:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Private Consumer Information."

  2.8 <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Private Consumer Information."

  2.9 <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10   House Counsel:  attorneys who are employees of a Party.

2.11   Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

2.12   Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) to a Party and their employees and subcontractors.

**3.   SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**4.   DURATION**

Absent written agreement of the Designating Party that Protected Material (or specific portions thereof) need not be maintained as such under the terms of this Order or an order of this Court, the confidentiality obligations imposed by this Order shall remain in effect even after the termination of this litigation.  In the event this matter goes to trial, the Parties shall prepare and submit to this Court for entry a separate order regarding the treatment of Protected Material during trial.

**5.   DESIGNATING PROTECTED MATERIAL**

5.1   Exercise of Restraint and Care in Designating Material for Protection.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate

standards. A Designating Party must take reasonable care to designate for protection only those parts of material, documents, items, or oral or written communications that the Party reasonably believes to qualify for protection - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions. If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

      5.2      <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Nothing in this Order concerning designation for protection, however, shall be interpreted as controlling the form of production of any material by any Party or non-Party.

      Designation in conformity with this Order requires:

      (a)      for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "PRIVATE CONSUMER INFORMATION" at the top or bottom of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

      A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the

Goodwin Procter LLP
10250 Constellation Blvd.
Los Angeles, California 90067

designation, all of the material made available for inspection shall be deemed Protected Material. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "PRIVATE CONSUMER INFORMATION") at the top or bottom of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "PRIVATE CONSUMER INFORMATION").

(b) for testimony given in deposition or in other pretrial proceedings, that the Party or non-party offering or sponsoring the testimony take reasonable steps to identify on the record, before the close of the deposition, hearing, or other proceeding, the specific identity or the scope of all Protected Materials in such testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "PRIVATE CONSUMER INFORMATION." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 30 days from receipt of the transcript from the court reporter to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "PRIVATE CONSUMER INFORMATION"). Only those portions of the testimony that are appropriately designated for protection within the 30 days from receipt of the transcript from the court reporter shall be covered by the provisions of this Stipulated Protective Order. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top or bottom of each such page the legend "CONFIDENTIAL" or "PRIVATE CONSUMER INFORMATION," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "PRIVATE CONSUMER INFORMATION." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or as "PRIVATE CONSUMER INFORMATION."

      5.3 <u>Inadvertent Failures to Designate</u>. If any Confidential information or items or Private Consumer Information is inadvertently provided to a discovering party without being marked appropriately as Protected Material in accordance with this Order, the Producing Party may thereafter designate such material(s) as Confidential or Private Consumer Information and the initial failure to so mark the material shall not be deemed a waiver of its confidentiality.

If a Party inadvertently produces information that it later discovers, or in good faith later asserts, to be subject to any legal privileges, including but not limited to, the attorney-client privilege or work product doctrine, or is otherwise protected from disclosure, the production of that information will not be presumed to constitute a waiver of any applicable privileges or other protections. In these circumstances, the Producing Party must immediately notify all parties in writing of the inadvertent production and the basis for the claim of privilege or other protection from production, and request in writing the return or confirmed destruction of the privileged or protected information. Within five (5) days of receiving such notification, and in compliance with the Receiving parties' ethical obligations under the law, all Receiving Parties who have not already reviewed such materials or who have reviewed the materials but do not contest the applicability of the privilege asserted must return or confirm destruction of all such materials, including copies and/or summaries thereof. However, should a Receiving Party contest the applicability of a privilege asserted with respect to an inadvertently produced document which the Receiving Party has already reviewed, the Receiving Party may temporarily retain the document or documents at issue, segregated and not further copied or disseminated, for the sole purpose of contesting the applicability of the privilege asserted. Within two (2) business days of the issuance

of a court order deeming the contested documents at issue privileged, or protected from production, the Receiving Party must return or confirm destruction of all such materials, including copies and/or summaries thereof.

### 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Unless a prompt challenge to a Designating Party's designation of Protected Material is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a designation of Protected Material by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's designation of Protected Material must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the designation of Protected Material was not proper and must give the Designating Party an opportunity to review the Protected Material at issue, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3     Judicial Intervention.  A designation of confidentiality may be challenged upon motion pursuant to Civil Local Rule 7 and in compliance with Civil Local Rule 79-5.  The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

### 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section

11, below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

   7.2 <u>Disclosure of Protected Material or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL or as PRIVATE CONSUMER INFORMATION only to:

  (a) the parties and their parents and subsidiaries, including their present and former officers, directors, partners, or employees, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

  (b) the parties' attorneys of record in this action, the partners, associates, and employees of such counsel, and their authorized secretarial and paralegal staffs, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

  (c) in-house counsel to the parties and employees of such counsel, and their authorized secretarial and paralegal staffs, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

  (d) the Court and court personnel, deposition officers, court reporters, and videographers used in connection with this litigation;

  (e) employees of outside copying, printing, binding, litigation support, mediators or computer input services;

  (f) any person who is an author, original source of information, addressee, or intended recipient of, or who previously had access to, the Confidential Information or Private Consumer Information;

  (g) persons who have been retained by any party (or by its attorneys of record) for the purpose of assisting in this action as outside consultants or experts, to the extent reasonably necessary and only for the purpose of conducting or assisting in this action;

  (h) deposition witnesses;

  (i) potential lay witnesses;

        (j)     any other person as to whom the party that designated the document or information as "CONFIDENTIAL" or "PRIVATE CONSUMER INFORMATION" has consented to disclosure in advance; and

        (k)     such other persons as the parties may agree or may be ordered by the Court.

        7.3     Prior to disclosure of any material designated "CONFIDENTIAL" or "PRIVATE CONSUMER INFORMATION" to any person described in paragraph 7 subsections (g)-(k) hereof, such person shall be given a copy of this Stipulated Protective Order and shall sign a certification in the form of Exhibit A attached hereto. Such signed and completed certification shall be retained by the attorneys of record for the disclosing party.

        7.4     Regardless of designation pursuant to this Stipulated Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness, counsel may discuss such conduct or statements with such witness without revealing any portion of the information or discovery material other than that which specifically refers to such conduct or statements, and such discussion shall not constitute disclosure within the terms of this Stipulated Protective Order.

        7.5     Use of PRIVATE CONSUMER INFORMATION. All documents or materials designated as PRIVATE CONSUMER INFORMATION on the ground that said documents or materials pertain to borrower-specific and/or credit applicant-specific information, including private consumer information that contains identifying, contact or private financial information provided by a consumer to a financial institution, resulting from any transaction with the consumer or any service performed for the consumer, or otherwise obtained by the financial institution, including any list, description, or other grouping of consumers (and publicly available information pertaining to them) that is derived using any nonpublic personal information, including any "nonpublic personal information" such as identified by the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq*., may only be used for the purposes of this litigation, and shall not be disclosed or disseminated to the general public or used for any commercial, business or competitive purpose, without the consumers informed written consent. Nothing in this Protective

1 Order shall in any way be deemed or construed to give any Party a right to discovery of PRIVATE
2 CONSUMER INFORMATION.
3        7.6     Limitations on Use of Confidential and PRIVATE CONSUMER
4 INFORMATION.  A Receiving Party, including, his, her or its counsel of record, receiving
5 "CONFIDENTIAL" or "PRIVATE CONSUMER INFORMATION" shall use them (and any
6 information derived from them) solely for purposes of this litigation and/or in any settlement
7 negotiations between the parties with respect to this litigation; and shall not use them for any other
8 purpose, including, without limitation, (a) in connection with any other present or future disputes,
9 proceedings or litigation (including, without limitation, any lawsuit against Mortgage Investors
10 Group, Inc. or Mortgage Investors Group (collectively, "MIG"), or Countrywide Home Loans,
11 Inc. ("CHL") (or any of its current or former affiliated entities under Countrywide Financial
12 Corporation or Bank of America Corporation)); (b) to prosecute, amend and/or conduct discovery
13 in any other present or future litigation or lawsuit against MIG or CHL (or any of its current or
14 former affiliated entities under Countrywide Financial Corporation or Bank of America
15 Corporation) involving any of Plaintiff's counsel or their respective firms; and/or (c) to contact
16 absent class members absent a Court order permitting such contact, or until a class is certified.
17 Nothing in this paragraph shall be construed to limit counsel's ability to communicate with any
18 named plaintiff or with current or former borrowers who contact Plaintiff's counsel, or to receive
19 any information from such current or former borrowers who contact Plaintiff's counsel.
20        **8.**     **PROTECTED MATERIAL SUBPOENAED OR ORDERED**
21 **PRODUCED IN OTHER LITIGATION.**
22        If a Receiving Party is served with a subpoena or an order issued in other litigation
23 that would compel disclosure of any information or items designated in this action as
24 "CONFIDENTIAL" or "PRIVATE CONSUMER INFORMATION," the Receiving Party must so
25 notify the Designating Party, in writing (by fax, if possible) immediately and in no event more
26 than three court days after receiving the subpoena or order.  Such notification must include a copy
27 of the subpoena or court order.
28        The Receiving Party also must immediately inform in writing the Party who caused

Goodwin Procter LLP
10250 Constellation Blvd.
Los Angeles, California 90067

the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case a reasonable opportunity to try to protect its competitive or confidentiality interests, or its rights or obligations, in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### 9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 10. FILING/USE AT HEARING OF PROTECTED MATERIAL.

If a party wishes to include information designated as "CONFIDENTIAL" in any papers filed with the Court, the party submitting the materials:

(a) If the filing party is seeking to have the record containing such information sealed and is the Designating Party, the party shall submit the document "CONDITIONALLY UNDER SEAL" and submit to the Court a motion to seal pursuant to Civil Local Rule 79-5;

(b) If the filing party is not the Designating Party and not seeking to have the record containing such information sealed, the party shall lodge the materials marked

"CONFIDENTIAL" with the Court in a sealed envelope labeled "CONDITIONALLY UNDER SEAL." The filing party shall also affix to the sealed envelope a cover sheet that contains the case caption and states that the enclosed record is subject to a motion to file the record under seal. Any affected party or non-party may then file a motion to seal, pursuant to Civil Local Rule 79-5, within ten (10) business days after the document(s) are provided to the Court. Such document(s) will not be filed with the Clerk of Court until the Court rules on the motion to seal. If no party or non-party files a motion to seal, the document(s) will be filed, unsealed, after the expiration often (10) business days.

10.1 <u>Filing of Private Consumer Information</u>. Any Party seeking to file a record containing "PRIVATE CONSUMER INFORMATION" shall submit the document "CONDITIONALLY UNDER SEAL" and submit to the Court a motion to seal, pursuant to Civil Local Rule 79-5.

10.2 <u>Use at a Hearing</u>. Nothing in this Protective Order shall preclude the use of discovery materials designated "CONFIDENTIAL" or "PRIVATE CONSUMER INFORMATION" in a hearing. Subject to the discretion of the Court, a Party may request that the Court maintain the confidentiality of materials designated "CONFIDENTIAL" or "PRIVATE CONSUMER INFORMATION" during all pre-trial court proceedings; provided, however, that nothing herein prevents any other Party or non-party from opposing such request. Before trial or any hearing involving "CONFIDENTIAL" or "PRIVATE CONSUMER INFORMATION" or information derived therefrom, the parties, through counsel, shall confer in an attempt to agree on an appropriate form of order to submit to the Court regarding the Confidential status, if any, to be afforded documents, testimony or other information to be disclosed during the course of the trial. Nothing in this Protective Order shall be construed to affect in any way the admissibility of any documents, testimony or other evidence at trial, nor constitute a waiver of any objection thereto.

**11. FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all

copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

**12. MISCELLANEOUS**

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 <u>No Modification of Privileges</u>. Nothing in this Protective Order shall modify the law regarding the attorney-client privilege, the attorney work-product privilege, the joint defense privilege (to be applied only upon disclosure to the non-producing Party of the existence of any applicable joint defense agreement), and any other applicable privilege or reason for non-disclosure with respect to trade secrets or other confidential research, development or commercial information.

12.4 <u>Omitted (not an appropriate subject of a protective order</u> under Rule 26(c)).
_____

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

| | | |
|---|---|---|
| 1 | Dated: December 14, 2010 | ANDRUS ANDERSON LLP |
| 2 | | By: */s/ Jennie Lee Anderson* |
| 3 | | Jennie Lee Anderson |
| 4 | | Lori E. Andrus (SBN 205816) |
| | | Jennie Lee Anderson (SBN 203586) |
| 5 | | ANDRUS ANDERSON LLP |
| | | 155 Montgomery Street, Suite 900 |
| 6 | | San Francisco, CA 94104 |
| | | Telephone: (415) 986-1400 |
| 7 | | Facsimile: (415) 986-1474 |
| | | lori@andrusanderson.com |
| 8 | | jennie@andrusanderson.com |
| 9 | | |
| 10 | | David M. Arbogast (SBN 167571) |
| | | Jeffrey K. Berns (SBN 131351) |
| 11 | | ARBOGAST & BERNS LLP |
| | | 19510 Ventura Blvd, Suite 200 |
| 12 | | Tarzana, CA 91356 |
| | | Phone: (818) 961-2000 |
| 13 | | Facsimile: (818) 867-4820 |
| | | jberns@jeffbernslaw.com |
| 14 | | |
| 15 | | *Attorneys for Plaintiff and the Proposed Class* |
| 16 | Dated: December 14, 2010 | PALMER, LOMBARDI & DONOHUE LLP |
| 17 | | By: */s/ Roland P. Reynolds* |
| | | Roland P. Reynolds |
| 18 | | |
| 19 | | ROLAND P. REYNOLDS (SBN 150864) |
| | | PALMER, LOMBARDI & DONOHUE LLP |
| 20 | | 888 West 6th Street, 12th Floor |
| | | Los Angeles, CA 90017 |
| 21 | | Telephone: (213) 688-0430 |
| | | Fax: (213) 688-0440 |
| 22 | | rreynolds@pldlawyers.com |
| 23 | | |
| 24 | | *Attorneys for Defendants* |
| | | *Mortgage Investors Group, Inc. and Mortgage* |
| | | *Investors Group, a general partnership* |

Goodwin Procter LLP
10250 Constellation Blvd.
Los Angeles, California 90067

15
**AMENDED STIPULATED PROTECTIVE ORDER**

1  Dated: December 14, 2010        GOODWIN PROCTER LLP

2                                  By: /s/ Brooks R. Brown
3                                       Brooks R. Brown
                                    BROOKS R. BROWN
4                                   GOODWIN PROCTER LLP
                                    10250 Constellation Boulevard, 21st Fl.
5                                   Los Angeles, CA  90067
                                    Telephone:  310.788.5100

6                                   ROBERT B. BADER
7                                   GOODWIN PROCTER LLP
                                    Three Embarcadero Center, 24th Floor
8                                   San Francisco, CA  94111
                                    Telephone:  415.733.6000

9                                   *Attorneys for Defendant*
10                                  *Countrywide Home Loans, Inc.*

11 PURSUANT TO STIPULATION, IT IS SO ORDERED as modified by the court.

12 DATED:___2/18_____ , 2011

13                                  _____
                                    The Hon. Paul S. Grewal
14                                  United States Magistrate Judge

16
**AMENDED STIPULATED PROTECTIVE ORDER**

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of <u>Ralston v. Mortgage Investors Group, Inc., et al</u>, Case No. C 08-00536 JF-PVT.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Dated:_____

City and State where sworn and signed:_____

Printed name:_____
                [printed name]

                Signature:_____

**Goodwin Procter LLP**
10250 Constellation Blvd.
Los Angeles, California 90067