**E-Filed 3/14/2011**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAY J. RALSTON,<br><br>          Plaintiff,<br><br>     v.<br><br>MORTGAGE INVESTORS GROUP, INC., et al.,<br><br>          Defendants. | Case Number 5:08-cv-00536-JF<br><br>ORDER[1] DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE<br><br>[re: document no. 184] |

Defendant Countrywide Home Loans, Inc. ("Countrywide") seeks relief from a nondispositive pretrial order issued by Magistrate Judge Paul Grewal on December 23, 2010 ("the order" or "Judge Grewal's order"). The order compels Countrywide to produce discovery relating to loan originators other than Defendant Mortgage Investment Group ("MIG"). Countrywide contends that such discovery is irrelevant to the instant lawsuit because Plaintiff Jay Ralston ("Ralston") lacks standing to represent individuals who obtained their loans from entities other than MIG. Countrywide has moved separately to strike class allegations relating to such individuals.

---

[1] This disposition is not designated for publication in the official reports.

Case No. 5:08-cv-00536-JF
ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE
(JFLC2)

Although briefing on the motion for review of Judge Grewal's order was completed on February 11, 2011, the Court has deferred consideration of that motion pending disposition of the motion to strike. The motion to strike was heard on March 11, 2011. Because the Court has concluded that the motion to strike is not well-taken,[2] Countrywide's challenge to Judge Grewal's order on the basis of relevance necessarily fails.

Countrywide also challenges an aspect of Judge Grewal's order directing Countrywide to produce a "statistically valid sample" in response to certain document requests. The order provides that "[i]f Countrywide wishes to avoid a further order compelling production of *all* documents responsive to these requests, then it must stipulate in writing that the sample produced is statistically valid and representative of all responsive documents, and that it will not argue that Plaintiff's showing of the requirements of Federal Rules of Civil Procedure 23 is deficient based on any responsive documents not produced as part of the sampling." Order, p. 2 n.3. Countrywide asserts that Judge Grewal has given it "a Hobson's choice: (a) produce *all* documents regarding more than 1,200 lenders and 160,000 loan transactions or (b) produce a sample of the documents and accept a preclusion order that would bar [Countrywide] from contesting the statistical validity of the sample of documents in opposition to class certification." Mot. p. 4. The Court concludes that this aspect of Judge Grewal's order is not "clearly erroneous or contrary to law." *See* Fed. R. Civ. P. 72(a). Judge Grewal properly concluded that the subject documents are relevant and discoverable. Because of the volume of documents in question, Judge Grewal gave Countrywide the option of producing a sample of responsive documents in lieu of making a complete production. However, the order reasonably included safeguards holding Countrywide accountable for its choice of sample. The Court concludes that such safeguards are entirely appropriate. Countrywide has not cited, and the Court has not discovered, any authority to the contrary.

---

[2] A reasoned disposition denying the motion to strike will be issued as soon as is practicable.

2

Case No. 5:08-cv-00536-JF
ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE
(JFLC2)

**ORDER**

Countrywide's motion for relief from Judge Grewal's order of December 23, 2010 is DENIED.

Dated: March 14, 2011

_____
JEREMY FOGEL
United States District Judge