**ANDRUS ANDERSON LLP**
Jennie Lee Anderson (SBN 203586)
jennie@andrusanderson.com
Lori E. Andrus (SBN 205816)
lori@andrusanderson.com
Jessica Moy (SBN 272941)
jessica@andrusanderson.com
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Tel.: (415) 986-1400
Fax: (415) 986-1474

**BERNS WEISS LLP**
Jeffrey K. Berns (SBN 131351)
jberns@law111.com
20700 Ventura Blvd., Suite 140
Woodland Hills, CA 91364
Tel.: (818) 961-2000
Fax: (818) 999-1500

– and –

Lee A. Weiss (Admitted *pro hac vice*)
lweiss@law111.com
585 Stewart Avenue, Suite L-20
Garden City, NY 11530
Tel.: (516) 222-2900
Fax: (818) 999-1500

*Attorneys for Plaintiff and the Certified Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA-SAN JOSE DIVISION

| | |
|---|---|
| JAY J. RALSTON, On Behalf Of Himself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>MORTGAGE INVESTORS GROUP, INC., MORTGAGE INVESTORS GROUP, a general partnership, COUNTRYWIDE HOME LOANS, INC. AND DOES 3-10,<br><br>Defendants. | Case No.: CV-08-00536-JF (PSG)<br><br>Judge: Hon. Jeremy Fogel<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:     TBD<br>Time:     TBD<br>Courtroom: 3 – 5th Floor<br>Judge:    Hon. Jeremy Fogel |

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ...................................................................................................4

II.     SUMMARY OF THE CASE ..................................................................................4

III.    SUMMARY OF THE PROPOSED SETTLEMENT .............................................7

    A.     Settlement Negotiations .............................................................................7

    B.     The Terms of the Proposed Settlement Agreement ....................................7

        1.     Settlement Payments ......................................................................7

        2.     Related Settlements.........................................................................9

        3.     Attorney Fee/Litigation Cost Award .............................................9

        4.     Class Representative Award ..........................................................10

        5.     Release By Class Members............................................................10

        6.     Notice.............................................................................................10

        7.     Court Approval Hearing ................................................................11

    C.     The Proposed Implementation Schedule ..................................................12

IV.     PRELIMINARY APPROVAL OF THE TERMS OF THE PROPOSED SETTLEMENT IS WARRANTED ..................................................................................................14

    A.     The Settlement Terms are Fair, Reasonable, and Adequate, Within the Range of Reasonableness ...............................................................................................15

    B.     The Court Should Order Dissemination Of The Proposed Class Notice....................18

    C.     The $12,500 Service Payment to Representative Plaintiff is Reasonable ..................19

V.      A HEARING FOR FINAL APPROVAL OF THE PROPOSED SETTLEMENT AND FOR PAYMENT OF ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE AWARD SHOULD BE SET, ALONG WITH PRE-HEARING EXCLUSION, OBJECTION, AND MOTION DEADLINES ..............................................20

VI.     THE COURT SHOULD APPOINT JAY J. RALSTON AS CLASS REPRESENTATIVE, AND JEFFREY K. BERNS AND LEE A. WEISS OF BERNS WEISS LLP, AND JENNIE LEE ANDERSON OF ANDRUS ANDERSON LLP, AS CLASS COUNSEL ......20

VII.    THE COURT SHOULD APPOINT EPIQ SYSTEMS, INC. AS SETTLEMENT ADMINISTRATOR ...............................................................................................21

VIII.   CONCLUSION.....................................................................................................22

i

# TABLE OF AUTHORITIES

Page

**CASES**

*Acosta v. Trans Union, LLC*
243 F.R.D. 377 (C.D. Cal. 2007) ...............................................................14

*Browning v. Yahoo! Inc.*
No. C04-01463 HRL, 2007 WL 4105971 (N.D. Cal. Nov. 16, 2007)...................19

*Chun-Hoon v. McKee Foods Corp.*
2009 WL 3349549 (N.D. Cal. Oct. 15, 2009)...............................................14

*Churchill Village, LLC v. General Electric Co.*
361 F.3d 566 (9th Cir. 2004) ..............................................................14, 15

*Class Plaintiffs v. City of Seattle*
955 F.2d 1268 (9th Cir. 1992) .................................................................14

*Eisen v. Carlisle & Jacquelin*
417 U.S. 156, 173 (1974)........................................................................18

*Hanlon v. Chrysler Corp.*
150 F.3d 1011 (9th Cir. 1998) ...........................................................9, 14, 15

*In re Compact Disc Minimum Advertised Price Antitrust Litig.*
216 F.R.D. 197 (D. Me. 2003) .................................................................19

*In re Corrugated Container Antitrust Litig.*
643 F.2d 195 (5th Cir. 1981) ..................................................................14

*In re Pacific Enterprises Securities Litig.*
47 F.3d 373 (9th Cir. 1995) ...................................................................14

*In re TD Ameritrade Account Holder Litig.*
Nos. C 07-2852 SBA, C 07-4903 SBA, 2011 WL 4079226 (N.D. Cal. Sept. 13, 2011) ........19

*In re Wachovia Corp. "Pick-A-Payment" Mortgage Mktg. & Sales Practices Litig.*
5:09-MD-02015-JF, 2011 WL 1877630 (N.D. Cal. May 17, 2011)...........................17, 19, 21

*Nat'l Rural Telecomms. Coop. v. DirecTV, Inc.*
221 F.R.D. 523 (C.D. Cal. 2004) .......................................................14, 15, 16, 17

*Perry v. FleetBoston Financial Corp.*
229 F.R.D. 105 (E.D. Pa. 2003) ...............................................................19

*Rodriguez v. West Publishing Corp.*
563 F.3d 948 (9th Cir. 2009) ..................................................................14

*Silber v. Mabon*
18 F.3d 1449 (9th Cir. 1994) ..................................................................19

*Staton v. Boeing Co.*
327 F.3d 938 (9th Cir. 2003) ...............................................................14, 19

ii

**TABLE OF AUTHORITIES**
(cont'd)

Page

*Torrisi v. Tucson Elec. Power Co.*
     8 F.3d 1370 (9th Cir. 1993) ................................................... 15

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*
     396 F.3d 96 (2d Cir. 2005) ................................................... 21

**STATUTES**

28 U.S.C. § 1715 ................................................................ 11, 12

**FEDERAL RULES**

Fed. R. Civ. P. 23 ................................................................ 14, 18, 21

Fed. R. Civ. P. 23 advisory committee's note (2003 Amendments, Subdivision (e)) ........................ 18

**OTHER AUTHORITIES**

Manual for Complex Litigation (fourth) (2004) ....................................... 15, 20

3 *Newberg on Class Actions* § 8:32 (4th ed.) ....................................... 18

**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on a date and time to be determined by the Court or as soon thereafter as counsel may be heard, Plaintiff Jay J. Ralston ("Representative Plaintiff") will bring on for hearing before the Honorable Jeremy Fogel, United States District Judge, in Courtroom 3, at the United States Courthouse, 280 South 1st Street, San Jose, CA 95113, this Unopposed Motion for Preliminary Approval of Class Action Settlement.[1]

The motion seeks an order: (1) granting preliminary approval of the proposed Settlement Agreement (the "Settlement Agreement")[2] between Representative Plaintiff, on behalf of himself and the Class (as defined below) and defendants Mortgage Investors Group, Inc. and Mortgage Investors Group, a general partnership, (collectively, "MIG"), and Countrywide Home Loans, Inc. ("CHL," and collectively with MIG, "Defendants"; Defendants and Representative Plaintiff are referred to herein collectively as the "Parties"); (2) preliminarily appointing Representative Plaintiff as the representative of the Class and appointing Jeffrey K. Berns and Lee A. Weiss of Berns Weiss LLP, and Jennie Lee Anderson of Andrus Anderson LLP, as lead Class Counsel and appointing Epiq Systems, Inc. as Settlement Administrator; (3) approving the form and manner of notice to Class Members, and (4) scheduling a fairness hearing to consider final approval of the Settlement Agreement (the "Preliminary Approval Order").  (A proposed form of the Preliminary Approval Order is attached hereto as Exhibit A.)

---

[1] Defendants do not oppose the relief sought by this motion.

[2] Capitalized terms herein shall have the same meaning as in the Settlement Agreement, which is attached as Exhibit A to the Declaration of Jeffrey K. Berns ("Berns Declaration" or "Berns Decl."), filed concurrently with this motion.  The Settlement Agreement is currently unexecuted, but all parties and their counsel have agreed that they will sign the Settlement Agreement, in the exact form as Exhibit A to the Berns Declaration as soon as practicable, after which Plaintiff will file the executed Settlement Agreement via ECF.  Berns Decl., ¶ 28.

For the reasons set forth in greater detail in the accompanying Memorandum of Points and Authorities, Representative Plaintiff respectfully submits that this Court should grant preliminary approval of the proposed settlement, including:

1.      Preliminarily finding that the proposed settlement (the "Settlement") as reflected in the Settlement Agreement is fair, reasonable, and in the best interests of the Class, and that it warrants notifying the Class of the terms of the proposed Settlement and of their rights in connection with the proposed Settlement;

2.      Setting the fairness hearing on the final approval of the proposed Settlement and its terms, an award of attorneys' fees and expenses for Class Counsel, and an award to Representative Plaintiff for his service in this action ("Court Approval Hearing");

3.      Approving the form and content of the notice of settlement for the Class (the "Class Notice"), substantially in the form of Exhibit D to the Settlement Agreement, and authorizing its dissemination to the Class pursuant to the terms of the Settlement Agreement;

4.      Approving the Publication Notice substantially in the form attached as Exhibit E to the Settlement Agreement and authorizing its publication pursuant to the terms of the Settlement Agreement;

5.      Establishing deadlines consistent with the Settlement Agreement for the mailing of the Class Notice, the publication of the Publication Notice, the filing of objections, the submission of requests for exclusion from the Class, and the filing of papers in connection with the Court Approval Hearing;

6.      Appointing Jeffrey K. Berns and Lee A. Weiss of Berns Weiss LLP, and Jennie Lee Anderson of Andrus Anderson LLP, as lead Class Counsel;

7.      Appointing Jay J. Ralston as Class Representative of the Class;

8.      Appointing and approving Epiq Systems, Inc. as Settlement Administrator; and

9.      Prohibiting and preliminarily enjoining the Representative Plaintiff, all Class Members (excepting those who are Successful Opt-Outs), Class Counsel, and Plaintiffs' Counsel from commencing, prosecuting, or assisting in any lawsuit against the Released Persons that asserts or

1  purports to assert matters within the scope of the Release during the time between entry of the

2  Preliminary Approval Order and final determination by the Court regarding whether to finally approve

3  the Settlement in the Action.

4        This Motion is based on the Notice of Motion; the attached Memorandum of Points and

5  Authorities; the accompanying Berns Declaration, with exhibits; the Settlement Agreement, with

6  exhibits (including the proposed Class Notice and the proposed Publication Notice); the pleadings,

7  orders, transcripts, and other papers on file in this matter; and any further evidence and arguments as

8  may be presented at the hearing of this matter.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Unopposed Motion for Preliminary Approval of Class Action Settlement
CV-08-00536-JF (PSG)

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.   INTRODUCTION**

3

By this motion, Plaintiff seeks preliminary approval of his proposed all-cash class action

4

Settlement with Defendants on behalf of a California class of consumers who obtained PayOption

5

Adjustable Rate mortgage loans ("Loans" or "PayOption ARM Loans") from MIG and other

6

Countrywide Correspondent Lenders on or after January 24, 2004 through the date of the Settlement

7

Agreement, which CHL later purchased.  Plaintiff intends to seek final settlement approval at a hearing

8

to be scheduled by the Court and, to that end, requests preliminary approval of the proposed Settlement

9

Agreement, approval of the proposed Class Notice and Publication Notice, the setting of deadlines for

10

Class Members to object, file any other motions, and exclusion requests, and the setting of a hearing

11

date for the Court Approval Hearing, and for Plaintiff's motion for an award to Class Counsel for

12

attorney's fees and costs and an award to Plaintiff for his service in this action.

13

**II.   SUMMARY OF THE CASE**

14

This action concerns alleged material nondisclosures in the loan documents for PayOption ARM

15

Loans originated by MIG and other Countrywide Correspondent Lenders, which were purchased shortly

16

after closing by CHL.

17

On January 24, 2008, after an extensive investigation by Plaintiff's counsel, Plaintiff filed a

18

complaint in this Court captioned *Ralston v. Mortgage Investors Group, Inc., et al*, N.D. Cal., Case No.

19

CV-08-00536 JF (RS) (the "Action").  On March 28, 2008, MIG filed its Motion to Dismiss, and on

20

May 8, 2008, Plaintiff filed a First Amended Class Action Complaint ("FAC").  On May 21, 2008, MIG

21

moved to dismiss the FAC.  On March 16, 2009, the Court granted in part and denied in part MIG's

22

motion to dismiss the FAC.  On April 15, 2009, Plaintiff filed his Second Amended Class Action

23

Complaint ("SAC"), which added CHL, Bank of America Corporation, and The Bank of New York as

24

additional defendants.  On May 29, 2009, CHL, Bank of America Corporation, and The Bank of New

25

York filed motions to dismiss the SAC, which the Court granted on March 22, 2010 with leave to

26

amend.  Berns Decl., ¶ 2.

27

28

On April 28, 2010, Plaintiff filed a Third Amended Complaint ("TAC") naming only MIG and CHL as defendants. The TAC alleged causes of action for fraudulent omissions and violations of California's Unfair Competition Law ("UCL"). Defendants filed motions to dismiss on June 1, 2010, which were each denied on August 12, 2010. Defendants filed their answers to the TAC on September 10, 2010. Berns Decl., ¶ 3.

The Parties engaged in extensive discovery throughout the course of this litigation and are fully informed of the facts that support or undermine their respective positions. Between June 2008 and May 2012, Representative Plaintiff served four sets of written discovery on MIG and seven sets of discovery on CHL. Representative Plaintiff also sought significant third party discovery from two document management companies that provided CHL approved loan documents to various Correspondent Lenders. Berns Decl., ¶ 4.

Discovery in the case was hotly contested and two primary discovery disputes dominated the discourse between the Parties. The first related to whether Representative Plaintiff was entitled to discovery relating to subsequent purchasers other than CHL. Representative Plaintiff moved to compel this information on March 18, 2009. The motion was granted on May 5, 2009. Berns Decl., ¶ 5.

The next major discovery dispute arose from the Parties' disagreement on the scope of the case and whether Representative Plaintiff could seek discovery relating to Pay Option ARM loans that were sold to CHL but originated by one of the approximately 1,200 other non-MIG Correspondent Lenders, besides MIG, who sold the Pay Option ARM loans to CHL. Representative Plaintiff contended that the loan level discovery relating to all of the loans included in the TAC was relevant and necessary to prove that the loan documents were all materially the same and to rebut any argument that variations in the terms would overwhelm commonality. After months of unsuccessful meeting and conferring, on November 16, 2010, Representative Plaintiff brought a motion to compel loan level data for all of the loans included in the TAC. CHL rigorously opposed the discovery and countered by opposing the motion, and filing motions to strike the class allegations and to stay discovery. Judge Grewal granted Representative Plaintiff's motion in significant part and ordered production of loan level discovery for all loans covered by the TAC allegations, not just those originated by MIG. CHL objected to the Magistrate's discovery order and successfully sought a stay of discovery pending resolution of the

5

objections.   On March 14, 2011, this Court overruled CHL's objections to the Magistrate's discovery order and lifted the discovery stay.  The Court later issued an order denying CHL's motion to strike class allegations on September 12, 2011.  Berns Decl., ¶ 6.

By the time Representative Plaintiff moved for class certification, ***more than 56.5 million pages*** of documents had been produced and analyzed by counsel for Representative Plaintiff.  Berns Decl., ¶ 7.

In addition to written discovery, significant fact and expert deposition discovery was taken. Representative Plaintiff deposed six corporate witnesses and four experts designated by CHL to render opinions in opposition to Representative Plaintiff's motion for class certification.  Defendants in turn deposed Representative Plaintiff on two separate occasions and deposed three experts designated by Representative Plaintiff in support of his motion for class certification. Berns Decl., ¶ 8.

Representative Plaintiff filed his Motion for Class Certification on May 20, 2011, seeking certification of a nationwide class for Representative Plaintiff's UCL and fraudulent omissions claims ("Class Certification Motion").  (A corrected version was filed on May 25, 2011.)  The parties engaged in significant evidentiary motion practice in connection with Representative Plaintiff's Class Certification Motion.  Both CHL and Representative Plaintiff moved to exclude certain expert testimony offered.  On November 20, 2011, Judge Grewal granted each of the parties' motions in part, and CHL subsequently sought relief from the Magistrate's order.  CHL also moved to strike written evidence proffered by Representative Plaintiff in support of his motion, and Representative Plaintiff lodged evidentiary objections to multiple declarations CHL submitted in opposition to class certification.  Berns Decl., ¶ 9.

Oral argument regarding Representative Plaintiff's Motion for Class Certification was held on December 9, 2011.  On February 27, 2012, the Court issued an order denying the Parties' evidentiary motions, denying the motion to certify a class to pursue the fraud claim and requesting further briefing on the motion to certify the UCL claim relating to class-wide restitution and the geographical scope of the class.  On March 30, 2012, the Court issued an Order Granting In Part Plaintiff's Motion for Class Certification, certifying a class of California borrowers to pursue the UCL claim ("Certification Order"). On May 15, 2012, the United States Court of Appeals for the Ninth Circuit denied Defendants' Fed. R. Civ. 23(f) petitions for interlocutory review of the Certification Order.  Berns Decl., ¶ 10.

The Settlement is on behalf of consumers who from January 24, 2004 through the date of the Settlement Agreement obtained a Loan from MIG or any other Countrywide Correspondent Lender that was subsequently sold to CHL. CHL has provided Plaintiff with a list of 75,661 Loans that are within the scope of the class certified by the Court in its Certification Order. Berns Decl., ¶ 11.

## III.   SUMMARY OF THE PROPOSED SETTLEMENT

### A.   Settlement Negotiations

The Parties have engaged in extensive settlement negotiations. At all times, the Parties' negotiations were adversarial, non-collusive, and at arms' length. As discussed above, prior to and during these negotiations, the Parties engaged in vigorous, and often contentious, litigation. Berns Decl., ¶¶ 2-10. On March 24, 2008, before the certification of the Class, Counsel for MIG and Plaintiff participated in a Court-sponsored mediation session that did not result in a settlement. Additionally, on August 2, 2011, before the certification of the Class, Counsel for CHL and Plaintiff participated in a mediation session before the Hon. Edward A. Infante, which did not result in a settlement. After the Class was certified, between May 25, 2012, and April 16, 2013, the Parties engaged in extensive settlement negotiations, including three, day-long mediation sessions with Professor Eric Green of Resolutions, LLC over a 3-month period. Additionally, the Parties each had multiple telephone conferences with the mediator in between the mediation sessions. Ultimately, an agreement in principal, which is now embodied in the Settlement Agreement, was reached. Berns Decl., ¶ 12.

### B.   The Terms of the Proposed Settlement Agreement

#### 1.   Settlement Payments

Under the Settlement Agreement, Defendants are to pay a total of $100,150,000.00 ("Settlement Amount") ($99,650,000 from CHL and $500,000 from MIG) for payments to Class Members who are not Successful Opt-Outs, the Class Representative Award, if any, the Attorney Fee/Litigation Cost Amount, if any, and for all Settlement Administration Costs. Settlement Agreement, § 1.34. Within 7 days of the Court preliminarily approving the Settlement ("Preliminary Approval Date"), CHL will disburse $225,000 of the Settlement Amount to the Settlement Administrator for Settlement Administration Costs. Settlement Agreement, § 2.02.

7

Every Class Member who does not opt-out of the Settlement, and for whom a valid address can be located through the exercise of due diligence, will be entitled to a cash payment based on a Payment Schedule.  In order that Settlement payments are related to the amount of negative amortization (the primary source of restitution sought by Class Members) incurred by Class Members, the Payment Schedule contains payment amounts that range from $250-$2,707, depending upon the original principal amount of the Loan and the time period for which the Class Member made regular monthly payments on account of the Loan.  The Payment Schedule assumes that (a) there are no Successful Opt-Outs; (b) the Settlement Administrator and/or Class Counsel are able to identify a current address for each Class Member; (c) the Settlement Administration Costs are not less than two hundred twenty five thousand ($225,000) dollars; and (d) that the Court will award the full amount of attorneys' fees and expenses sought by Class Counsel and the service payment to the Representative Plaintiff.  However, in order to insure that Defendants issue Settlement payments based on the entire portion of the Settlement Amount that remains after the payment of administration costs, attorneys' fees and expenses, and the service payment, the amounts on the Payment Schedule will be increased, as needed, on a pro rata basis. Settlement Agreement, § 3.01.

No later than 7 business days after the Final Approval Date, MIG is to pay its $500,000 portion of the Settlement Amount to CHL.  Settlement Agreement, § 2.25.  Within 10 business days after the Final Approval Date or the Court's resolution of any objections to the final Settlement Administration Cost calculation and/or updated Payment Schedule made pursuant to paragraph 3.01 of the Settlement Agreement, whichever is later, CHL shall establish an account for the payment of the Consideration to Class Members and fund such account with amounts sufficient to enable the Benefit Checks to be cashed.  Settlement Agreement, § 3.04.

Within 30 business days after the Final Approval Date or the Court's resolution of any objections to the final Settlement Administration Cost calculation and/or updated Payment Schedule made pursuant to paragraph 3.01 of the Settlement Agreement, whichever is later, the Settlement Administrator is to mail a Benefit Check, in an amount no less than that identified in the Payment Schedule, to each Class

1   Member who is not a Successful Opt-Out and for whom a valid address can be located through the

2   exercise of due diligence.  Settlement Agreement, § 3.05.

### 2.   Related Settlements

4   Many of the Class Members in this action are members of the putative classes in the actions

5   captioned, *Thibault, et al., v. American Mortgage Network, Inc., et al.*, Santa Clara County Superior

6   Court, case number 1-09-CV-158417, and *Love, et al., v. First Mortgage Corporation*, *et al.*, Orange

7   County Superior Court, case number 30-2010-00342535-CU-BT-CXC, including several of the named

8   plaintiffs in those actions.  As a result, in connection with the Settlement, the claims of those named

9   plaintiffs are being settled individually in those actions for $10,000 per named plaintiff, which covers

10  payments for those plaintiffs' individual claims and their service as named plaintiffs.  Additionally, the

11  claims of the other named plaintiffs in those actions, who were members of the putative class in *Peralta,*

12  *et al., v. Countrywide Home Loans, Inc., et al.,* Central District of California, case number 2:09-cv-

13  08512-AHS-FMO, where the Court denied a motion for class certification, have already been settled

14  individually.

### 3.   Attorney Fee/Litigation Cost Award

16  Class Counsel will file a motion requesting the Court's approval of reasonable compensation for

17  Plaintiffs' Counsel's services and for costs and expenses of up to 25%, which is the benchmark in the

18  Ninth Circuit (*see, e.g., Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998)),  of the

19  Settlement Amount relating to the prosecution of the claims of the Representative Plaintiff and Class

20  Members against MIG and CHL in the Action (the "Attorney Fee/Litigation Cost Award") no later than

21  July 17, 2013 – 14 days before the proposed deadline for the filing of Objections to the Settlement set by

22  the Court.  Settlement Agreement, § 2.19.  Defendants have agreed not to file a written opposition to

23  such application.  § 2.19.  Subject to the Court's approval, within 20 business days after the Final

24  Approval Date, CHL shall pay, on its behalf and on behalf of MIG, the Attorney Fee/Litigation Cost

25  Award ordered by the Court from the Settlement Amount.  Settlement Agreement, §§ 1.34, 3.08.

26  //

27  //

28

### 4. Class Representative Award

The Representative Plaintiff may apply to the Court for a service payment award to compensate him based on legally appropriate factors, which may, in the Court's discretion, include: (1) the time and effort undertaken by the Representative Plaintiff in pursuing this Litigation, (2) the risks undertaken by the Representative Plaintiff, including the risk of liability for the Parties' costs of suit, and (3) any notoriety or personal difficulties encountered by the Representative Plaintiff as a result of the Litigation (the "Class Representative Award"). The Court shall have sole discretion as to whether to award a Class Representative Award to Representative Plaintiff and, if so, in what amount. Representative Plaintiff understands that he may receive no Class Representative Award and has affirmed that his agreement to the Settlement is not conditioned on the possibility of receiving an award. Defendants have agreed not to oppose, or cause to be opposed such application provided it is in accord with the limitations set forth in paragraphs 2.21 and 2.22. Settlement Agreement, § 2.22. Subject to the Court's approval, within 20 business days after the Final Approval Date, CHL shall pay, on its behalf and on behalf of MIG, the Class Representative Award ordered by the Court from the Settlement Amount. Settlement Agreement, §§ 1.34, 3.09.

### 5. Release By Class Members

Upon Final Approval, as defined in the Settlement Agreement, the Class will have released the "Released Persons" from the "Released Rights," all as defined in the Settlement Agreement, including a waiver of Civil Code § 1542. Settlement Agreement, § IV.

### 6. Notice

Class Members will be notified of the proposed Settlement terms as follows: (a) by having the Settlement Administrator mail, within 10 days after the Preliminary Approval Date, the Class Notice to each member of the Class; and (b) by publishing a Publication Notice in the main news section of *USA Today* for two consecutive days. Additionally, a dedicated web site (www.OptionARMsettlement.com) will be established that will provide links to the Class Notice and the Settlement Agreement. Settlement Agreement, §§ 2.04, 2.05. All of the costs associated with the notice program will be paid from, and not in addition to, the Settlement Amount. Class Counsel also reserves the right to repost information

available on, and provide links to, the Settlement Administrator's website on their respective law firm websites.

Additionally, the Settlement Agreement provides for significant efforts to locate Class Members who no longer have their Loans, and for whom CHL may not possess a current address. Prior to sending out the Class Notice, the Settlement Administrator will obtain updated addresses for Class Members by using (a) information reasonably available from a Lexis-Nexis persons search performed as to each Class Members, (b) information reasonably available from the National Change of Address ("NCOA") database maintained by the United States Postal Service ("Postal Service"), and (c) such additional efforts as the Settlement Administrator reasonably believes are appropriate to identify updated addresses, if any, for each Class Member. Settlement Agreement, § 2.03. If a Class Notice is returned by the Postal Service as undeliverable but with a forwarding address, the Settlement Administrator will immediately re-mail the Class Notice to the forwarding address. Settlement Agreement, § 2.06. If a Class Notice is returned without a forwarding address, Class Counsel may, in their discretion and at their own expense, attempt to obtain additional address information for such Class Member, and if Class Counsel does so, the Settlement Administrator will re-mail the Class Notice to the Class Member at the address provided by Class Counsel. Settlement Agreement, § 2.06.

### 7. Court Approval Hearing

At a date set by the Court, the Settlement contemplates that the Court will hold a hearing and, if the Settlement is approved, enter a Final Approval Order (in the form attached to the Settlement Agreement as Exhibit F) approving the Settlement in a manner substantially consistent with the terms and intent of the Settlement Agreement, and dismissing all claims in the Action with prejudice. Settlement Agreement, §§ 1.18, 2.27. In connection with their motion seeking final approval of the Settlement, the Parties will request that no final approval order be issued until at least 90 days after the date all notices required under § 2.16 of the Settlement Agreement have been served upon the appropriate state and/or federal officials under 28 U.S.C. § 1715.

//

//

### C.     The Proposed Implementation Schedule

The schedule below, taken from the Settlement Agreement, sets forth a proposed sequence for the relevant dates and deadlines, assuming this Court grants preliminary approval of the proposed Settlement Agreement.  The proposed Preliminary Approval Order submitted herewith contains suggested dates based upon this schedule.

| | |
|---|---|
| Defendants to notify appropriate federal and state officials of the Settlement (28 U.S.C. § 1715) | in accordance with the Class Action Fairness Act of 2005 |
| Representative  Plaintiff and Class Counsel to provide the Class Member List to the Settlement Administrator<br><br>Settlement Agreement, § 2.03. | within 2 days of Preliminary Approval Date |
| CHL to disburse $225,000 to be used by Settlement Administrator for Settlement Administration Costs<br><br>Settlement Agreement, § 2.02. | within 7 days of Preliminary Approval Date |
| Settlement Administrator to cause a copy of the Class Notice and Settlement Agreement to be made available on the website (www.OptionARMsettlement.com)<br><br>Settlement Agreement, § 2.05. | Before the mailing of the Class Notice |
| Settlement Administrator to mail Class Notice to each Class Member<br><br>Settlement Agreement, § 2.04. | within 10 days after Preliminary Approval Date |
| Settlement Administrator to publish the Publication Notice in *USA Today* for 2 consecutive days<br><br>Settlement Agreement, § 2.05. | within 10 days after Preliminary Approval Date |
| Deadline for Class Members to submit exclusion requests<br><br>Settlement Agreement, § 2.07. | To be set by the Court |
| CHL and MIG to send written notice to challenge any request for exclusion as not meeting the definition of Successful Opt-Out<br><br>Settlement Agreement, § 2.08. | within 10 days of Opt-Out deadline |
| Class Counsel to send written notice disputing Defendants' challenge of Disputed Opt-Outs | within 5 days of receipt of Notice from Defendants challenging an exclusion request |

| | |
|---|---|
| Settlement Agreement, § 2.08. | |
| Representative Plaintiff and Class Counsel to make Motion for Attorney Fees and Motion for Class Representative Awards<br><br>Settlement Agreement, §§ 2.19, 2.21. | No later than 14 days before Opt-Out and Objections deadline |
| Class Members to submit a written objection to the Settlement<br><br>Settlement Agreement, § 2.10. | To be set by the Court |
| Representative Plaintiff and Class Counsel to move for entry of a Final Approval Order<br><br>Settlement Agreement, § 2.17. | To be set by the Court |
| MIG to pay $500,000 to CHL<br><br>Settlement Agreement, § 2.25. | No later than 7 business days after Final Approval Date |
| Court Approval Hearing | To be set by the Court |
| CHL to establish an account for the payment of the Consideration to Class Members and fund such account with amounts sufficient to enable the Benefit Checks to be cashed<br><br>Settlement Agreement, § 3.04. | within 10 business days after Final Approval Date or the Court's resolution of any objections to the final Settlement Administration Cost calculation and/or updated Payment Schedule made pursuant to paragraph 3.01, whichever is later |
| CHL to pay any Attorney Fee/Litigation Cost Award ordered by the Court<br><br>Settlement Agreement, § 3.08. | within 20 business days after Final Approval Date |
| CHL to pay any Class Representative Award ordered by the Court<br><br>Settlement Agreement, § 3.09. | within 20 business days after Final Approval Date |
| Settlement Administrator to mail Benefit Checks, which will become void in 180 days<br><br>Settlement Agreement, § 3.05. | within 30 business days after Final Approval Date or the Court's resolution of any objections to the final Settlement Administration Cost calculation and/or updated Payment Schedule made pursuant to paragraph 3.01, whichever is later |

Unopposed Motion for Preliminary Approval of Class Action Settlement
CV-08-00536-JF (PSG)

1    **IV.     PRELIMINARY APPROVAL OF THE TERMS OF THE PROPOSED SETTLEMENT IS**

2            **WARRANTED**

3            Settlements of complex class actions prior to trial are strongly favored. *See*, *e.g.*, *Churchill*

4    *Village, LLC v. General Electric Co.*, 361 F.3d 566, 576 (9th Cir. 2004); *In re Pacific Enterprises*

5    *Securities Litig.*, 47 F.3d 373, 378 (9th Cir. 1995); and *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268,

6    1276 (9th Cir. 1992). "[I]f the proposed settlement appears to be the product of serious, informed,

7    noncollusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment

8    to class representatives or segments of the class, and falls within the range of possible approval, then the

9    court should direct that notice be given to the class members of a formal fairness hearing." *Chun-Hoon*

10   *v. McKee Foods Corp.*, 2009 WL 3349549, at *2 (N.D. Cal. Oct. 15, 2009). The Ninth Circuit has

11   repeatedly ruled that the courts "put a good deal of stock in [class settlements that are] the product of

12   arms-length, non-collusive, negotiated resolution." *Rodriguez v. West Publishing Corp.*, 563 F.3d 948,

13   965 (9th Cir. 2009); *Hanlon,* 150 F.3d at 1027.

14          Federal Rule of Civil Procedure 23(e) "requires the district court to determine whether a

15   proposed settlement is fundamentally fair, adequate, and reasonable." *Hanlon*, 150 F.3d at 1026. This

16   "involves a two-step process in which the Court first determines whether a proposed class action

17   settlement deserves preliminary approval and then, after notice is given to class members, whether final

18   approval is warranted." *Nat'l Rural Telecomms. Coop. v. DirecTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal.

19   2004).

20          At the preliminary approval stage, a court must determine whether a proposed settlement is

21   "within the range of possible approval" and whether notice should be sent to class members. *See Staton*

22   *v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003); *In re Corrugated Container Antitrust Litig.*, 643 F.2d

23   195, 205 (5th Cir. 1981); *Acosta v. Trans Union*, *LLC*, 243 F.R.D. 377, 386 (C.D. Cal. 2007) ("To

24   determine whether preliminary approval is appropriate, the settlement need only be potentially fair, as

25   the Court will make a final determination of its adequacy at the hearing on Final Approval, after such

26   time as any party has had a chance to object and/or opt out.").

27

28

Assessing a settlement proposal requires the district court to balance a number of factors, including but not limited to: ". . . the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Hanlon*, 150 F.3d at 1026 (citation omitted). Other factors may include, *inter alia*: "the advantages of the proposed settlement versus the probable outcome," "the comparison of the results achieved for individual class or subclass members by the settlement or compromise and the results achieved or likely to be achieved for other claimants pressing similar claims," "the reasonableness of any provisions for attorney fees," "the fairness and reasonableness of the procedure for processing individual claims under the settlement," and "the apparent intrinsic fairness of the settlement terms." Manual for Complex Litigation (fourth) ("MCL 4th") § 21.62 (2004).

The fact that "the settlement could have been better . . . does not mean the settlement presented was not fair, reasonable or adequate." *Hanlon*, 150 F.3d. at 1027. The district courts have "wide discretion in assessing the weight and applicability of each factor." *Nat'l Rural Telecomms. Coop.,* 221 F.R.D. at 526. The factors are non-exclusive and not all need be shown. *Churchill Village*, 361 F.3d at 576 n. 7. Indeed, "one factor alone may prove determinative in finding sufficient grounds for court approval." *Nat'l Rural Telecomms. Coop.,* 221 F.R.D. at 525; *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993) (upholding settlement where one factor (defendant's financial condition) predominated]). "Ultimately, the district court's determination is nothing more than an 'amalgam of delicate balancing, gross approximations, and rough justice.'" *Nat'l Rural Telecomm. Coop.,* 221 F.R.D. at 526 (citations omitted).

The proposed Settlement of the Action easily satisfies the standards for preliminary approval.

### A.   The Settlement Terms are Fair, Reasonable, and Adequate, Within the Range of Reasonableness

The proposed Settlement "taken as a whole," is fundamentally fair, adequate, and reasonable. *Hanlon*, 150 F.3d at 1026. The Settlement is "fair" and "reasonable" because each payment to a Class

Member who is not a Successful Opt-Out will be made in accordance with the Payment Schedule that will depend upon the original principal balance of the Class Member's Loan and the length of time during with the Class Member made payments on that Loan.  The cash payment under the Settlement directly and proportionately addresses the alleged injury from Defendants' alleged failure to disclose critical loan terms to borrowers in loan documents, including that the subject PayOption ARM Loans were guaranteed to cause negative amortization even if borrowers made the required payments.  *See, e.g.,* TAC, ¶¶ 28, 29, 71, 72, 88, and 96.  Thus, Class Members will receive a refund of a portion of the negative amortization that they have paid or incurred.  The Settlement is "adequate" because this relief is not any less valuable than the economic relief Class Members might have obtained without using the class action process, while avoiding the delay, risk and expense of litigation.  There is thus little risk that the Settlement will create real prejudice to any individual Class Member's rights.  Further, several of the balancing factors discussed above weigh in favor of approval of the proposed Settlement Agreement:

**1. Strength of Plaintiff's case**: If this case continued to be litigated, the contested factual and legal issues of liability under the UCL stemming from the alleged nondisclosures would be extensive.  Further, although the Court has granted Plaintiff's Class Certification Motion, Defendants continue to dispute that result and insist that they would have sought to decertification in the future.  Approval of a settlement is proper where "the settlement terms compare favorably to the uncertainties associated with continued litigation regarding the contested issues in this case [including where] . . . the Settlement provides Class Members with a meaningful business resolution regarding contested issues." *Nat'l Rural Telecomms. Coop.,* 221 F.R.D. at 526.

**2. Risk, expense, complexity, and likely duration of further litigation**: "In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." *Id.* (citations omitted).  The proposed Settlement Agreement is not "clearly inadequate," given that it provides for a Settlement Amount of $100,150,000.  Further, Class Counsel believes that Representative Plaintiff has a meritorious case.  Class Counsel, however, is also aware that there are several heavily disputed legal and factual issues on which

Representative Plaintiff would have to prevail in order to win if there were a trial.  Berns Decl. ¶¶ 2-10, 21.

**3. The amount offered in settlement**: "In assessing the consideration obtained by the class members in a class action settlement, '[i]t is the complete package taken as a whole, rather than the individual component parts, that must be examined for overall fairness.'  In this regard, it is well-settled law that a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery that might be available to the class members at trial."  *Nat'l Rural Telecomms. Coop.*, 221 F.R.D. at 527. (citations omitted).  The proposed Settlement Agreement, taken as a whole, is fair, as discussed above.

**4. The experience and views of counsel**: "'Great weight' is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation.  This is because '[p]arties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in the litigation.'  Thus, 'the trial judge, absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel.'" *Id*. (citations omitted).  Here, in pursuing this action aggressively for over five years, and many other similar actions against other defendants, Class Counsel have demonstrated a high degree of competence in the litigation of this case, and strongly believe that the Settlement is a fair, adequate, and reasonable resolution of the Class's disputes with Defendants and is preferable to continued litigation.  Berns Decl., ¶¶ 2-10, 24.  *See also In re Wachovia Corp. "Pick-A-Payment" Mortgage Mktg. & Sales Practices Litig.*, 5:09-MD-02015-JF, 2011 WL 1877630 at *3 (N.D. Cal. May 17, 2011) (Fogel, J.) (approving settlement based upon, among other factors, "Plaintiffs' counsel, who are experienced attorneys, [belief] that the settlement is extremely favorable to the class.").  There is no evidence of fraud or collusion in the settlement negotiations, which were conducted at arm's-length, before Professor Eric Green of Resolutions, LLC. Berns Decl., ¶¶ 12, 20.

Accordingly, Plaintiff respectfully requests that the proposed Settlement Agreement be preliminarily approved.

//

17

**B.      The Court Should Order Dissemination Of The Proposed Class Notice**

Rule 23(e)(1)(B) states that, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise."  Rule 23(e) requires that notice of a proposed settlement inform class members of the following: (1) the nature of the pending litigation; (2) the general terms of the proposed settlement; (3) that complete information is available from the court files; and (4) that any class member may appear and he heard at the fairness hearing.  3 *Newberg on Class Actions* § 8:32 (4th ed.).  The notice must also indicate an opportunity to opt out, that the judgment will bind all class members who do not opt out, and that any member who does not opt out may appear through counsel. Fed. R. Civ. P. 23(c)(2) and (e)(4).

Here, Representative Plaintiff requests approval of the proposed direct Class Notice by U.S. Mail and Publication Notice.  The Class Notice and Publication Notice meet all of the requirements of Rule 23(e): they identify the Representative Plaintiff and the Defendants and describe the lawsuit and the Class in a straightforward manner; succinctly describe the essential terms of the proposed Settlement, and identify all parties against whom claims are being released; provide Class Members with information on how to opt-out of the Class, make a motion, or object to the Settlement and provide all applicable deadlines for such action; and inform Class Members that if they do not exclude themselves from the Class, and the Settlement is approved, they will be bound by the resulting judgment. Settlement Agreement, Exs. D, E.  In addition, the Notices instruct Class Members to contact Class Counsel to obtain more detailed information and provide information regarding counsel's fee and expense application.  *Id.*  In short, the Class Notice and Publication Notice will provide the necessary information for Class Members to make an informed decision regarding the proposed Settlement.

As a general rule, due process requires individualized notice where the names and addresses of class members "may be ascertained through reasonable effort," *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173, 177 (1974), and "is appropriate, for example, if class members are required to take action— such as filing claims—to participate in the judgment, or if the court orders a settlement opt-out opportunity under Rule 23(e)(3)."  *See* Fed. R. Civ. P. 23 advisory committee's note (2003 Amendments, Subdivision (e)).  As courts have repeatedly held, notice by direct mail or e-mail and

publication are often the "best practicable" notice under the circumstances.  *Silber v. Mabon*, 18 F.3d 1449, 1453-54 (9th Cir. 1994); *Browning v. Yahoo! Inc.,* No. C04-01463 HRL, 2007 WL 4105971, at *4 (N.D. Cal. Nov. 16, 2007); *In re TD Ameritrade Account Holder Litig.*, Nos. C 07-2852 SBA, C 07-4903 SBA, 2011 WL 4079226, at *10 (N.D. Cal. Sept. 13, 2011).

Here, the proposed Settlement provides for direct mail notice to each borrower, bolstered by publication of a notice in *USA Today* for two consecutive days announcing the Settlement, and a dedicated internet site with expansive information.  Settlement Agreement, §§ 2.03-2.07.  As discussed above, prior to sending out the Class Notice, the Settlement Administrator will obtain updated addresses by using information from Lexis-Nexis persons searches and from the NCOA database.  Settlement Agreement, § 2.03.  The comprehensive notice program here more than sufficiently satisfies all due process requirements.  *See, e.g., Perry v. FleetBoston Financial Corp.*, 229 F.R.D. 105, 113 (E.D. Pa. 2003) (direct mail notice to credit card holders with one day advertisement in *USA Today* is best practicable notice)*; In re Compact Disc Minimum Advertised Price Antitrust Litig.*, 216 F.R.D. 197, 218 (D. Me. 2003) (individual mailed notice normally constitutes best practicable notice).  *See also In re Wachovia Corp.*, 2011 WL 1877630 at *3 (concluding that a similar plan of notice "was adequate and satisfied all requirements of Federal Rule of Civil Procedure 23(e) and due process.").

**C.    The $12,500 Service Payment to Representative Plaintiff is Reasonable**

Class representatives "are eligible for reasonable incentive payments," after consideration of relevant factors, including the actions the representative has taken to protect the interests of the class and the degree to which the class has benefited from those actions.  *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003).  Representative Plaintiff, who has worked with his counsel for over 5 years, provided document discovery and been deposed twice in this action, should be rewarded for taking the initiative to file the action, and for his role in reaching a substantial Settlement providing for valuable relief to the Class.  Indeed, the Ninth Circuit has approved service payments to class representatives that far exceed the modest award proposed to be distributed Representative Plaintiff.  *Id.* at 976-77.  *See also In re Wachovia Corp.*, 2011 WL 1877630 at *7 (approving service payments ranging between $2,500 and $14,250 per named plaintiff "in compensation for shouldering significant burdens during the litigation:

1    retaining counsel, producing documents, responding to written discovery, and conferring with

2    counsel").[3]

3    **V.    A HEARING FOR FINAL APPROVAL OF THE PROPOSED SETTLEMENT AND FOR**

4    **PAYMENT OF ATTORNEYS' FEES AND COSTS AND CLASS REPRESENTATIVE**

5    **AWARD SHOULD BE SET, ALONG WITH PRE-HEARING EXCLUSION,**

6    **OBJECTION, AND MOTION DEADLINES**

7        "Once the judge is satisfied as to the certifiability of the class and the results of the initial inquiry

8    into the fairness, reasonableness, and adequacy of the settlement, notice of a formal Rule 23(e) fairness

9    hearing is given to the class members." MCL 4th § 21.633, at 321.  Pursuant to the Settlement

10   Agreement, the Parties request that the Court set a date for the Court Approval Hearing, deadlines for

11   any motions to be submitted to the Court, including a Motion for Final Approval of the Settlement and a

12   Motion for Attorneys' Fees and Costs and Class Representative Award, and deadlines for Class

13   Members to submit their exclusion requests, objections, and motions.

14       In order to enable sufficient time for the Parties and the Settlement Administrator to mail the

15   Class Notice, to publish the Publication Notice in *USA Today*, and to place the Class Notice and

16   Settlement Agreement on the dedicated settlement website, for Class Members to mail their requests for

17   exclusion or objections or file their motion, and for the Parties to respond to any objections; Plaintiff

18   requests that the date for the Court Approval Hearing, to consider final approval of the Settlement, the

19   Attorney Fee/Litigation cost Award, and Class Representative Award, be set for August 26, 2013.

20   **VI.   THE COURT SHOULD APPOINT JAY J. RALSTON AS CLASS REPRESENTATIVE,**

21   **AND JEFFREY K. BERNS AND LEE A. WEISS OF BERNS WEISS LLP, AND JENNIE**

22   **LEE ANDERSON OF ANDRUS ANDERSON LLP, AS CLASS COUNSEL**

23       As this Court has already concluded by certifying the Class, Plaintiff's claims are predicated on

24   alleged facts identical to those alleged on behalf of the Class, and his interests in seeking relief through

25   settlement is aligned with those of the Class.  Order dated February 27, 2012, Doc. 356, at 9:9-10

26   _____

27   [3] Representative Plaintiff and Class Counsel will file a written application for an Attorney Fee/Litigation
     Cost Award pursuant to the terms of the Settlement Agreement by July 17, 2013.

28

1  ("These claims raise questions of law and fact that will be common to all class members . . ."), at 10:12

2  (". . . Ralston's claims are reasonably co-extensive with those of absent class members."), at 11:15 (". . .

3  Ralston has been zealous in prosecuting the action").  Plaintiff should thus be appointed as

4  representative of the Class. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 113 (2d Cir. 2005).

5       Proposed Class Counsel (Jeffrey K. Berns and Lee A. Weiss of Berns Weiss LLP, and Jennie

6  Lee Anderson of Andrus Anderson LLP) should be appointed as lead Class Counsel for purposes of the

7  Settlement, as required by Rule 23(g).  "An attorney appointed to serve as class counsel must fairly and

8  adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).  The appointment is to be

9  based on the court's consideration of "the work counsel has done in identifying or investigating potential

10  claims in the action," "counsel's experience in handling class actions, other complex litigation, and

11  claims of the type asserted in the action," "counsel's knowledge of the applicable law," "the resources

12  counsel will commit to representing the class," and "any other matter pertinent to counsel's ability to

13  fairly and adequately represent the interests of the class." Class Counsel, who have been vigorously

14  litigating this Action for over 5 years amply meets these standards, and thus should be appointed Class

15  Counsel in connection with the Settlement. *See* Class Certification Motion, at 19; Berns Decl., ¶18, and

16  Exhs. B and C.  *See also In re Wachovia Corp.*, 2011 WL 1877630 at *3 ("conclude[ing] that Plaintiffs'

17  attorneys [some of whom are the proposed Class Counsel in the instant action] are experienced and able,

18  and fairly and adequately have represented and will continue to represent the interests of the class.").

19  **VII.  THE COURT SHOULD APPOINT EPIQ SYSTEMS, INC. AS SETTLEMENT**

20  **ADMINISTRATOR**

21       Plaintiff and Class Counsel have retained Epiq Systems, Inc. ("Epiq") to act as Settlement

22  Administrator.  As is set forth in materials provided by Epiq (Berns Decl., Ex. D), Epiq has over 40

23  years of experience, including coordination of all notice requirements, design of direct mail notice,

24  establishment of toll free phone line and fulfillment services, coordination with the U.S. Postal Service,

25  database management, website hosting and management, exclusion processing, and preparation of

26  reports to courts describing Epiq's notice and claims administration activities.  As such, Epiq has the

27  requisite experience to act as Settlement Administrator in this case.

28

1  **VIII.   CONCLUSION**

2  For all the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order in the

3  form lodged herewith: (1) preliminarily approving the Settlement memorialized in the Settlement

4  Agreement as fair, reasonable, and adequate, including the material terms of the Settlement; (2) setting a

5  date for the Court Approval Hearing; (3) approving the proposed Class Notice in the form attached as

6  Exhibit D to the Settlement Agreement and authorize its dissemination to the Class; (4) approving the

7  Publication Notice in the form attached as Exhibit E and authorize its publication pursuant to the terms

8  of the Settlement Agreement; (5) setting deadlines consistent with the Settlement Agreement for mailing

9  of the Class Notice, publication of the Publication Notice, the filing of objections, the filing of motions,

10  the submission of requests for exclusion from the class, and the filing of papers in connection with the

11  Court Approval Hearing; (6) appointing Plaintiff Jay J. Ralston as the representative of the Class and

12  Jeffrey K. Berns and Lee A. Weiss of Berns Weiss LLP, and Jennie Lee Anderson of Andrus Anderson

13  LLP, as Class Counsel; (7) appointing and approving Epiq Systems, Inc. as Settlement Administrator;

14  and (8) prohibiting and preliminarily enjoining the Representative Plaintiff, all Class Members

15  (excepting those who are Successful Opt-Outs), Class Counsel, and Plaintiffs' Counsel from

16  commencing, prosecuting, or assisting in any lawsuit against the Released Persons that asserts or

17  purports to assert matters within the scope of the Release during the time between entry of the

18  Preliminary Approval Order and final determination by the Court regarding whether to finally approve

19  the Settlement in this Action.

20  Respectfully submitted,

21  **BERNS WEISS LLP**

22  Dated: June 13, 2013  /s/ Jeffrey K. Berns

23  Jeffrey K. Berns
jberns@law111.com

24  20700 Ventura Boulevard, Suite 140
Woodland Hills, CA 91364

25  Tel.: (818) 961-2000
Fax: (818) 936-0232

26

27  – and –

28

Lee A. Weiss (Admitted *pro hac vice*)
lweiss@law111.com
585 Stewart Avenue, Suite L-20
Garden City, NY 11530
Tel.: (516) 222-2900
Fax: (818) 999-1500

**ANDRUS ANDERSON LLP**
Jennie Lee Anderson (SBN 203586)
Lori E. Andrus (SBN 205816)
Jessica Moy (SBN 272941)
155 Montgomery Street, Suite 900
San Francisco, CA 94104
Tel: (415) 986-1400
Fax: (415) 986-1474
jennie@andrusanderson.com
lori@andrusanderson.com
jessica@andrusanderson.com


*Attorneys for Plaintiff and the Certified Class*

Unopposed Motion for Preliminary Approval of Class Action Settlement
CV-08-00536-JF (PSG)