# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| JAY RALSTON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MORTGAGE INVESTORS GROUP, INC.; MORTGAGE INVESTORS GROUP, a general partnership; COUNTRYWIDE HOME LOANS, INC.; and DOES 3-10,<br><br>Defendants. | Case No. 5:08-CV-00536-JF (PSGx)<br><br>**ORDER PRELIMINARILY APPROVING SETTLEMENT, AND WITH RESPECT TO CLASS NOTICE, COURT APPROVAL HEARING AND ADMINISTRATION** |

Upon consideration of the Parties' Settlement Agreement dated June 13, 2013 (the "Settlement Agreement" or "Agreement"), Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement Agreement, and the pleadings and other materials on file in this Action, IT IS HEREBY ORDERED AS FOLLOWS:

1. The Settlement Agreement and the exhibits thereto are hereby incorporated by reference in this Order as if fully set forth herein. Capitalized terms in this Order shall, unless otherwise defined herein, have the same meaning as in the Agreement.

2. For purposes of the Settlement, the Class shall be defined as all persons who, from January 24, 2004 to June 13, 2013 obtained a Loan from Mortgage Investors Group, a general partnership, and/or Mortgage Investors Group, Inc. (collectively, "MIG") or any other Countrywide Correspondent Lender that was subsequently sold to Countrywide Home Loans, Inc. ("CHL"). This Class contains the same persons, and no others, as those persons contained within the scope of the Class certified by this Court by order dated March 30, 2012 ("Certification Order"). For the reasons set forth in the Certification Order, and subject to further consideration at the Court Approval

Hearing described in paragraph 13 below, this Class meets the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3) for purposes of the Settlement.

3. For purposes of the Settlement, and after considering the relevant factors in Fed. R. Civ. P. 23 and for the reasons set forth in the Certification Order, Representative Plaintiff, Jay J. Ralston, continues to be designated as the representative of the Class.

4. For purposes of the Settlement, and after considering the relevant factors in Fed. R. Civ. P. 23 and for the reasons set forth in the Certification Order, the following attorneys are appointed as lead Class Counsel:

| | |
|---|---|
| Jeffrey K. Berns | Jennie Lee Anderson |
| Lee A. Weiss | Andrus Anderson LLP |
| Berns Weiss LLP | 155 Montgomery Street, Suite 900 |
| 20700 Ventura Boulevard, Suite 140 | San Francisco, CA 94104 |
| Los Angeles, CA 91364 | (415) 986-1400 |
| (818) 961-2000 | |

5. For purposes of the Settlement, Epiq Systems, Inc. is approved and designated as the Settlement Administrator for the Settlement.

6. Pursuant to Fed. R. Civ. P. 23, the terms of the Settlement Agreement, and the Settlement provided for therein, are preliminarily approved as (a) fair, reasonable, and adequate in light of the relevant factual, legal, practical and procedural considerations of the Action, (b) free of collusion to the detriment of Class Members, and (c) within the range of possible final judicial approval, subject to further consideration thereof at the Court Approval Hearing described at paragraph 13 of this Order. Accordingly, the Settlement Agreement and the Settlement are sufficient to warrant notice thereof, as set forth below, and a full hearing on the Settlement.

7. Pursuant to the terms of the Settlement Agreement, Representative Plaintiff and Class Counsel are hereby directed to provide the Class Member List to the Settlement Administrator within two (2) days of the Preliminary Approval Date. Within ten (10) days of the Preliminary Approval Date, Class Counsel and Representative Plaintiff shall cause the Settlement Administrator (a) to obtain updates, if any, to the addresses for each Class Member identified in the Class Member

List as provided for in the Settlement Agreement; (b) to provide notice of the Settlement and the Court Approval Hearing to each Class Member by mailing a copy of the Class Notice, substantially in the form of the document attached to the Agreement as Exhibit D, to each Class Member at the address on the Class Member List as updated by the Settlement Administrator; (c) to publish the Publication Notice, substantially in the form of the document attached to the Agreement as Exhibit E, in accordance with the terms of the Agreement; and (d) to make copies of the Class Notice and the Settlement Agreement available on a dedicated settlement website at www.OptionARMsettlement.com.  Before mailing and publication, the Settlement Administrator shall fill in all applicable dates and deadlines in the Class Notice and Publication Notice to conform to the dates and deadlines specified for such events in this Order.  The Settlement Administrator shall also have discretion to format the Class Notice and/or Publication Notice in a reasonable manner before mailing or publishing, as applicable, to minimize mailing, publication, and/or administration costs.

8. If any Class Notice mailed pursuant to the Settlement Agreement and this Order is returned by the United States Postal Service ("Postal Service") as undeliverable, then the Settlement Administrator shall re-mail the Class Notice immediately to the forwarding address, if any, provided by the Postal Service on the face of the returned mail.  If the returned mail does not reflect a forwarding address, then the Settlement Administrator shall provide Class Counsel with the names and addresses of the affected Class Members.  For such Class Members, Class Counsel may, at their own cost and expense apart from the Settlement Amount, attempt to obtain additional address information for such Class Members and provide it to the Settlement Administrator, as provided for in paragraph 2.06 of the Settlement Agreement.  The Settlement Administrator shall re-mail the Class Notice to Class Members at any updated address provided by Class Counsel prior to the Court Approval Hearing.  Other than as set forth above, Representative Plaintiff, Class Counsel, Defendants and the Settlement Administrator shall have no other obligation to re-mail Class Notices

3

ORDER PRELIMINARILY APPROVING SETTLEMENT                                            5:08-CV-00536-JF

returned by the Postal Service as undeliverable.

9. The Court finds that the Settlement Agreement's plan for direct mail and publication notice to Class Members is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23. That plan is approved and accepted. This Court further finds that the Class Notice and Publication Notice comply with Fed. R. Civ. P. 23 and are appropriate as part of the notice plan and the Settlement, and thus they are hereby approved, adopted and authorized for dissemination. This Court further finds that no other notice to Class Members other than that identified in the Agreement is reasonably necessary in the Action.

10. Any Class Member who wishes to be excluded from the Settlement Class and not be bound by the Settlement Agreement must complete and mail a request for exclusion ("Opt-Out") to the Settlement Administrator at the address set forth in the Class Notice and Publication Notice, postmarked no later than **July 31, 2013**. For a Class Member's Opt-Out to be valid, it must be timely (as judged by the postmark deadline set forth above) and (a) set forth the Class Member's full name, address and telephone number; (b) contain the property address which secures or secured the Loan as to which the Class Member seeks exclusion; (c) contain the Class Member's personal and original signature or the original signature of a person previously authorized by law, such as a trustee, guardian or person acting under a power of attorney, to act on behalf of the Class Member with respect to a claim or right such as those in the Action (*i.e.*, conformed, reproduced, facsimile, or other non-original signatures are not valid); and (d) unequivocally state the Class Member's intent to be excluded from the Class, to be excluded from the Settlement, not to participate in the Settlement, and/or to waive all right to the benefits of the Settlement. In those cases where a Class Member includes persons who were co-obligors on the same Loan, the Class Member shall be deemed a Successful Opt-Out as to that Loan only if all obligors as to that Loan elect to opt-out in accordance with this Order and the terms of the Agreement. In the event a Class Member is a Class Member as to more than one Loan, the Opt-Out must specify that the Class Member is opting out as to fewer

4

ORDER PRELIMINARILY APPROVING SETTLEMENT                                5:08-CV-00536-JF

than all Loans made to that Class Member by expressly stating so in the Opt-Out and specifically identifying the Loans as to which the Class Member is opting out.  And, in the absence of such specification, the Opt-Out shall be construed as a request to opt-out all Loans as to which the Class Member is a Class Member.  Any Class Member who does not submit a Successful Opt-Out, or otherwise comply with all requirements for opting out as are contained in this Order, the Agreement, and the Class Notice, shall be bound by the Agreement, including the Release, as embodied in paragraphs 4.01 to 4.03 of the Agreement, and any Final Order and Judgment entered in the Action.  Further, any Class Member who is a Successful Opt-Out will be deemed to have waived any rights or benefits under the Settlement, and will not have standing to object to the Settlement or intervene in the Action.

11. On or before the date of the Court Approval Hearing, Class Counsel, Counsel for the Defendants and/or the Settlement Administrator shall create a comprehensive list of Successful Opt-Outs and file the list with the Court under seal to protect the privacy interests of the Successful Opt-Outs.

12. Any Class Member who is not a Successful Opt-Out and who wishes to object to the proposed Settlement must mail and postmark, or hand-deliver, a written objection to the Settlement ("Objection") to Class Counsel and Counsel for the Defendants, at the addresses set forth in the Class Notice, and file the Objection with the Court, on or before **July 31, 2013**.  Each Objection must: (a) set forth the Class Member's full name, current address, and telephone number; (b) contain the address of the property that secured the Loan; (c) state that the Class Member objects to the Settlement, in whole or in part; (d) set forth a statement of the legal and /or factual basis for the Objection; and (e) provide copies of any documents that the Class Member wishes to submit in support of his or her position.  Any Class Member who does not submit a timely Objection in complete accordance with this Order, the Class Notice, and the Settlement Agreement shall not be treated as having submitted a valid Objection to the Settlement.

13.     A hearing (the "Court Approval Hearing") shall be held before the undersigned at 10:00 a.m. on August 26, 2013 in the United States District Court for the Northern District of California, Robert F. Peckham Federal Building, 280 South 1st Street, San Jose, California 95113, to determine, among other things, (a) whether the proposed Settlement should be approved as fair, reasonable and adequate, (b) whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement, (c) whether Class Members should be bound by the Release set forth in the Settlement Agreement, (d) whether Class Members should be subject to a permanent injunction that, among other things, bars Class Members from commencing, prosecuting, or assisting in any lawsuit against the Released Persons that asserts or purports to assert matters within the scope of the Release, (e) the amount of any Attorney Fee/Litigation Cost Award to be made to Plaintiffs' Counsel, if any, upon application pursuant to paragraph 2.19 of the Settlement Agreement, and (f) the amount of any Class Representative Award to be made to Representative Plaintiff, if any, upon application pursuant to paragraphs 2.21 and 2.22 of the Settlement Agreement.  This hearing may be postponed, adjourned, or continued by order of the Court without further written notice to the Settlement Class.

14.     Any application for an Attorney Fee/Litigation Cost Award by Plaintiffs' Counsel, as well as any application for a Class Representative Award shall be filed with the Court no later than July 17, 2013.  Representative Plaintiff's motion for final approval of the Settlement, as well as any other submissions by Representative Plaintiff or Defendants concerning the Settlement, shall be filed no later than seven (7) days before the Court Approval Hearing.

15.     It is not necessary for a Class Member to appear at the Court Approval Hearing. However, any Class Member who wishes to appear at the Court Approval Hearing, whether *pro se* or through counsel, must file a Notice of Appearance in the Action, and mail and postmark, or hand-deliver, the notice to Class Counsel and Counsel for the Defendants on or before **July 31, 2013**.

16.     No Class Member shall be permitted to raise matters at the Court Approval Hearing

6

that the Class Member could have raised in an Objection, but failed to raise.

17. Any Class Member who wishes to file a motion in the Action must file the motion with the Court, and contemporaneously mail and postmark, or hand-deliver, the motion, together with all supporting documents, to Class Counsel and Counsel for the Defendants on or before **July 31, 2013**.

18. Any Class Member who fails to comply with this Order, the Class Notice, and/or the Agreement shall be barred from appearing at the Court Approval Hearing.

19. All other events contemplated by the Settlement Agreement to occur after this Order and before the Court Approval Hearing, including CHL's disbursement of the Settlement Administration Costs to the Settlement Administrator and Defendants' provision of notice of the Settlement pursuant to 28 U.S.C. § 1715 ("Section 1715"), shall be governed by the Agreement and Section 1715, respectively, to the extent not inconsistent herewith.

20. The Parties are hereby authorized to retain the Settlement Administrator to assist in effectuating the terms of, and administering, the Settlement.

21. All proceedings in the Action, other than such as may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto, are stayed and suspended until further order of this Court.

22. If Final Approval of the Settlement is not achieved, or if the Settlement is terminated for any reason, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the parties to the Action, and all orders issued pursuant to the Settlement may be vacated upon a motion or stipulation from the Parties. In such an event, the Settlement and all negotiations concerning it shall not be used or referred to in this Action for any purpose whatsoever. This Order shall be of no force or effect if Final Approval does not occur for any reason, and nothing in this Order shall be construed or used as an admission, concession, or declaration by or against CHL and/or MIG, of any fault, wrongdoing, breach, or liability. Nor shall

this Order be construed by or against Representative Plaintiff or the Class Members that their claims lack merit or that the relief requested in this Action is inappropriate, improper, or unavailable, or as a waiver by any Party of any claims or defenses it may have.  Nor shall this Order be construed or used to show that certification of one or more classes is required or appropriate if the Action were to be litigated rather than settled.

23.     Neither the Settlement nor the Settlement Agreement constitutes an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Action or of any wrongdoing, liability, or violation of law by CHL and/or MIG, both of which deny all of the claims and allegations raised in the Action.

24.     The Court reserves the right to approve the Settlement with such modifications, if any, as may be agreed to by Representative Plaintiff and Defendants and without further notice to the Class Members.

25.     Pending this Court's decision on whether to finally approve the Settlement in this Action, Representative Plaintiff, all Class Members (excepting those who are Successful Opt-Outs), Class Counsel, and Plaintiffs' Counsel are preliminary enjoined from commencing, prosecuting, or assisting in any lawsuit against the Released Persons that asserts or purports to assert matters within the scope of the Release.

26.     Representative Plaintiff, Class Counsel, Plaintiffs' Counsel and each of the Releasing Persons shall not (a) issue, or otherwise cause to be issued, any press release, advertisement, Internet posting or similar document concerning the Action and/or the facts and circumstances that were the subject of, or disclosed in discovery in, the Action, excepting only such documents created and disbursed as part of the Class Notice and/or Publication Notice; or (b) make any extrajudicial statements concerning the Action; the facts and circumstances that were the subject of, or disclosed in discovery in the Action; or the Settlement of the Action, excepting only that (i) such statements may be made to individual Class Members or the individual Class Member's counsel in one-on-one

communications or as part of the Class Notice and/or Publication Notice, (ii) statements concerning the fact of the Settlement and its terms and otherwise public information about the Action may be disclosed by Representative Plaintiff and Plaintiffs' Counsel in response to inquiries directed to them by a member of the media, provided that Representative Plaintiff and Plaintiffs' Counsel refrain from making any disparaging statements about Countrywide and/or MIG of any kind whatsoever in the course of responding to such inquiries, and (iii) general statements concerning the fact of the Settlement and its terms and otherwise public information about the Action may be made on the firm websites of Class Counsel, provided that such content contains no disparaging statements about Countrywide and/or MIG of any kind whatsoever. Any term in this paragraph prohibited by any applicable rule of professional conduct shall be deemed not to apply to Plaintiffs' Counsel.

27. The Parties shall meet and confer in good faith to resolve any dispute concerning the Settlement Agreement and/or this Order and, to the extent any such dispute cannot be resolved between them, present the matter to this Court for resolution.

Dated: _____, 2013    _____
HON. JEREMY FOGEL
UNITED STATES DISTRICT JUDGE

9
ORDER PRELIMINARILY APPROVING SETTLEMENT                5:08-CV-00536-JF