1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Goodwin Procter LLP**
601 S Figueroa St., 41st Floor
Los Angeles, California 90017

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

JAY RALSTON, On Behalf Of Himself And
All Others Similarly Situated,

        Plaintiff,

    v.

MORTGAGE INVESTORS GROUP, INC.;
MORTGAGE INVESTORS GROUP, a
general partnership; COUNTRYWIDE HOME
LOANS, INC. AND DOES 3-10,

        Defendants.

Case No. 5:08-cv-00536-JF
**AMENDED JUDGMENT**

       Pursuant to Fed. R. Civ. P. 60(a), this Court, on its own motion and having granted final

approval of the class action settlement in this action by order dated September 19, 2013 ("Final

Approval Order") (Dkt. No. 426), hereby amends the judgment previously entered on September

19, 2013 (Dkt. No. 428). This amendment (1) conforms the judgment to the original intention of

the Court, as reflected in the Final Approval Order, (2) conforms the judgment to reflect the

necessary implications of the Final Approval Order, and (3) corrects the clerical mistake of not

incorporating the requisite information under Fed. R. Civ. P. 23(c)(3)(B) from the Final Approval

Order into the original judgment. Accordingly, the Court orders and enters this Amended

Judgment as follows:

1.      The final settlement class includes all persons (excepting only those persons who are Successful Opt-Outs and appear on a list that is on file with the Court and incorporated herein by reference) who, from January 24, 2004 to June 13, 2013, obtained a Loan from MIG or any other Countrywide Correspondent Lender that was subsequently sold to CHL.[1]  Each of these persons shall be forever bound by this Judgment and the Settlement Agreement, including the Release and covenants not to sue set forth in paragraphs 4.01 to 4.03 of the Agreement providing:

4.01      Upon Final Approval, and in consideration of the promises and covenants set forth in this Agreement, the Representative Plaintiff and each Class Member who is not a Successful Opt-Out, and each of their respective spouses, children, executors, representatives, guardians, wards, heirs, estates, successors, predecessors, next friends, joint tenants, tenants in common, tenants by the entirety, co-borrowers, co-obligors, co-debtors, legal representatives, attorneys, agents and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf (including the government, including but not limited to in its capacity as *parens patriae* or on behalf of creditors or estates of the releasees), and each of them (collectively and individually, the "Releasing Persons"), will be deemed to have completely released and forever discharged Countrywide, MIG, each of the Countrywide Correspondent Lenders, and each of MIG's, Countrywide's and the Countrywide Correspondent Lenders' past, present, and future parents, predecessors, successors, partners, assigns, subsidiaries, affiliates, divisions, owners, shareholders, officers, directors, vendors, employees, attorneys, insurers, and agents (alleged or actual) (collectively and individually, the "Released Persons"), from any claim, right, demand, charge, complaint, action, cause of action, obligation, or liability of any and every kind, including without limitation (i) those known or unknown or capable of being known, (ii) those which are unknown but might be discovered or discoverable based upon facts other than or different from those facts known or believed at this time, including facts in the possession of and concealed by any Released Person, and (iii) those accrued, unaccrued, matured or not matured, all from the beginning of the world until today (collectively, the "Released Rights"), that arise out of and/or concern (a) Released Rights that were asserted, or attempted to be asserted, in the Action; (b) conduct, acts and/or omissions by any of the Released Parties in the origination, making and/or sale of any of the Loans; (c) conduct, acts and/or omissions by any of the Released Parties in the servicing of any of the Loans relating specifically or impliedly to any or all of the loan features and terms at issue in the Action (*e.g.*, the negative amortization, minimum monthly payment option, discounted initial interest rate, adjustable interest rate, deferred interest, interest on deferred interest, and prepayment penalty terms and features of the Loans); (d) written and oral disclosures, representations, omissions, acts, conduct or statements by any of the Released

---

[1]  Capitalized terms in this Judgment shall, unless otherwise defined herein, have the same meaning as in the class action settlement agreement on file with the Court (Dkt. No. 386-2).

Goodwin Procter LLP
601 S Figueroa St., 41st Floor
Los Angeles, California 90017

Parties concerning any or all of the loan features and terms at issue in the Action; (e) any practice, policy, and/or procedure of any of the Released Parties concerning the disclosure of and any or all of the loan features and terms at issue in the Action; (f) written and oral disclosures, representations, omissions, acts, conduct or statements made by Countrywide, MIG and/or any of Countrywide Correspondent Lenders concerning the terms, features, costs, payments and estimated payments associated with any of the Loans; (g) conduct, acts and/or omissions by any of the Released Parties relating to the charging, collection or allocation of any fees, charges, credits, or payments on any of the Loans in any way arising out of the loan features and terms at issue in the Action; (h) all claims asserted or that could have been asserted in the Action; (i) any claim or theory that any act or omission by MIG, Countrywide and/or a Countrywide Correspondent Lender in connection with the origination, making, marketing, sale and/or servicing of the Loan with respect to the loan terms and features at issue in the Action violates any statute, regulation, law and/or contract; (j) any claim or theory that Countrywide is liable, whether directly or indirectly, for the conduct, acts and/or omissions of MIG and/or any other Countrywide Correspondent Lender in the origination, making, marketing, sale, and/or servicing of any Loans; and (k) any violation and/or alleged violation of state and/or federal law, whether common law or statutory, arising from or relating to the conduct, acts and/or omissions described in this paragraph 4.01 (a)-(j) above. This Release shall be included as part of any judgment, so that all released claims and rights shall be barred by principles of *res judicata*, collateral estoppel, and claim and issue preclusion.

4.02   In addition to the provisions of paragraph 4.01 above, the Releasing Persons hereby expressly agree that, upon Final Approval, each will waive and release any and all provisions, rights, and benefits conferred either (a) by Section 1542 of the California Civil Code, or (b) by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to section 1542 of the California Civil Code, with respect to the claims released pursuant to paragraph 4.01 above. Section 1542 of the California Civil Code reads:

> Section 1542.   <u>General Release; extent</u>.   A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Whether a beneficiary of California law or otherwise, Representative Plaintiff and each of the Releasing Persons acknowledges that he or she may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the claims released pursuant to the terms of paragraph 4.01 above, but each of those individuals expressly agree that, upon entry of the final judgment contemplated by this Settlement Agreement, he and she shall have waived and fully, finally, and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim with respect to the claims released pursuant to paragraph 4.01 above, whether or not concealed or hidden, without regard to subsequent discovery or existence of such different or additional facts.

4.03   Upon Final Approval, and in consideration of the promises and covenants set forth in this Agreement, the undersigned Class Counsel, for

themselves, Plaintiffs' Counsel, and each of his, her or their present and former owners, predecessors, successors, partners, shareholders, agents (alleged or actual), experts, representatives, employees and affiliates ("Attorney Releasors"), unconditionally and irrevocably remise, waive, satisfy, release, acquit, and forever discharge each of the Defendants and Defendant Released Parties from any and all right, lien, title or interest in any attorneys' fee or award or any claim for reimbursement of costs in connection with the Action or the Released Rights, except as provided herein.

2.      Proper and timely notice of the Settlement was directed to all members of the Class by direct mail and publication in accordance with the Agreement.

3.      No members of the Class requested exclusion other than those persons who are Successful Opt-Outs and appear on a list that is on file with the Court.

4.      The Action is hereby DISMISSED WITH PREJUDICE, with each party to bear his or its own costs.

Dated:  October  7, 2013

_____
JEREMY FOGEL
United States District Judge

Goodwin Procter LLP
601 S Figueroa St., 41st Floor
Los Angeles, California  90017