UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAY J. RALSTON,<br><br>          Plaintiff,<br><br>     v.<br><br>MORTGAGE INVESTORS GROUP, INC., et al.,<br><br>          Defendants. | Case No. 08-CV-00536-JF   (LHK)<br><br>**ORDER DENYING MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 441, 451 |

Before the Court are two administrative motions to seal, one filed by Browne George Ross LLP, ECF No. 441, and one filed by Berns Weiss LLP and Andrus Anderson LLP, ECF No. 451.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings" that

outweigh the general history of access and the public policies favoring disclosure. *Kamakana*, 447 F.3d at 1178-79. Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598).

In contrast, records attached to nondispositive motions are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179-80 (internal quotation marks omitted). The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Where, as here, a party seeks to seal documents relating to a motion for attorneys' fees, courts treat such motions as non-dispositive. *See Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, No. C 12-1971 CW, 2015 WL 604055, at *1 (N.D. Cal. Feb. 11, 2015).

Furthermore, pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the production of goods. . . . It may, however, relate to the sale of goods or to other operations in the

2

1 business. . . ." *Id.* (ellipses in original). In addition, the U.S. Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *Id.*

With these standards in mind, the Court rules on the instant motions to seal as follows:

| **Motion to Seal** | **ECF No.** | **Document to be Sealed** | **Ruling** |
|---|---|---|---|
| 441 | 441-4 | Opposition of Browne George Ross LLP to Motion to Finalize Attorneys' Fees and Costs ("Opposition") | DENIED WITH PREJUDICE because the material sought to be sealed is not sealable. |
| 441 | 442-2 | Declaration of Michael A. Bowse in Support of Opposition ("Bowse Decl.") | DENIED WITH PREJUDICE because the material sought to be sealed is not sealable. |
| 441 | 442-3 | Exhibits 1-16 to Bowse Decl. | DENIED WITH PREJUDICE because the material sought to be sealed is not sealable. |
| 441 | 442-4 | Exhibits 17-30 to Bowse Decl. | DENIED WITH PREJUDICE because the material sought to be sealed is not sealable. |
| 441 | 443-2 | Declaration of Eric M. George in Support of Opposition ("George Decl.") | DENIED WITH PREJUDICE because the material sought to be sealed is not sealable. |
| 441 | 443-3 | Exhibits 1-6 to George Decl. | DENIED WITH PREJUDICE because the material sought to be sealed is not sealable. |
| 441 | 444-1 | Exhibit 7 to George Decl. (Part 1) | DENIED WITH PREJUDICE because the material sought to be sealed is not sealable. |

3

Case No.08-CV-00536-JF   (LHK)
ORDER DENYING MOTIONS TO SEAL

| Motion to Seal | ECF No. | Document to be Sealed | Ruling |
|---|---|---|---|
| 441 | 444-2 | Exhibit 7 to George Decl. (Part 2) | DENIED WITH PREJUDICE because the material sought to be sealed is not sealable. |
| 441 | 444-3 | Exhibit 7 to George Decl. (Part 3) | DENIED WITH PREJUDICE because the material sought to be sealed is not sealable. |
| 441 | 444-4 | Exhibit 7 to George Decl. (Part 4) | DENIED WITH PREJUDICE because the material sought to be sealed is not sealable. |
| 441 | 444-5 | Exhibit 7 to George Decl. (Part 5) | DENIED WITH PREJUDICE because the material sought to be sealed is not sealable. |
| 451 | 451-5 | Exhibit F to Reply Declaration of Jeffrey K. Berns in Support of Lead Class Counsel's Reply to Opposition | DENIED WITH PREJUDICE because the material sought to be sealed is not sealable. |

**IT IS SO ORDERED.**

Dated: August 25, 2015

_____
LUCY H. KOH
United States District Judge

Case No.08-CV-00536-JF   (LHK)
ORDER DENYING MOTIONS TO SEAL

4